# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ARAB AMERICAN CIVIL RIGHTS
LEAGUE ("ACRL"),
SAMIR ALMASMARI,
SABAH ALMASMARY,
HANA ALMASMARI,
MOUNIRA ATIK,
WALID JAMMOUL,
ABUBAKER ABBASS,**

on behalf of themselves and others
similarly situated,

      Plaintiffs,

v.

                                  Case No.:
                                  Hon.:

**DONALD TRUMP**, President of
the United States, **U.S.
DEPARTMENT OF
HOMELAND SECURITY
("DHS"), U.S. CUSTOMS AND
BORDER PROTECTION
("CBP"), JOHN KELLY**,
Secretary of DHS, **KEVIN K.
MCALEENAN**, Acting
Commissioner of CBP,

      Defendants.

A Y A D   L A W ,   P . L . L . C .
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

NABIH H. AYAD (P59518)
AYAD LAW, PLLC
Attorney for Plaintiffs
645 Griswold St., Ste. 2202
Detroit, MI 48226
Phone: (313) 983-4600
Fax:   (313) 983-4665
Email: nayad@ayadlaw.com


Helal Farhat (P64872)
Farhat & Associates, PLLC
Counsel for the Arab American Chamber of Commerce
6053 Chase Rd.
Dearborn, MI 48126


Nida Samona (P45356)
Counsel for the Arab Chaldean Council ("ACC")
363 W. Big Beaver Rd., Suite 300
Troy, MI 48084


Ali Hammoud (P73076)
Hammoud, Dakhlallah & Associates PLLC
Counsel for Yemini American Benevolent Association ("YABA")
6050 Greenfield Rd., Suite 201
Dearborn, MI 48126


Rula Aoun (P79119)
Co-Counsel for ACRL
4917 Schaefer Rd.
Dearborn, MI 48126


Kassem Dakhlallah (P70842)
Hammoud, Dakhlallah & Associates PLLC
Co-Counsel for ACRL
6050 Greenfield Rd., Suite 201
Dearborn, MI 4812

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

Mona Fadlallah (P64197)
Natalie Qandah (P58434)
Vida Law Group, PLLC
Co-Counsel for ACRL
43050 Ford Rd., #160
Canton, MI 48187

---

There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this Complaint.

---

A Y A D  L A W,  P . L . L . C .
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**NOW COMES** Plaintiffs, Arab American Civil Rights League ("ACRL"), Samir Almasmari, Sabah Almasmary, Hana Almasmari, Mounira Atik, Walid Jammoul, Abubaker Abbass (collectively "Plaintiffs") by and through their attorneys and state the following in support of their complaint:

## **INTRODUCTION**

1. On January 27, 2017 Defendant President Donald Trump signed an Executive Order stating that the "entry into the United States" of non-citizens from Iraq, Iran, Libya, Somalia, Sudan, Syria, and Yemen is "suspended" for 90 days from the date of the Executive Order.

2. All Plaintiffs have either been denied ability to return to the United States or face a real and immediate threat of not being permitted to travel to Detroit, their place of residence, in violation of U.S. law.

3. Although temporary injunctions were entered in various district courts around the United States, Plaintiffs file this present suit due to fact that the existing

orders do not encompass green card holders that were not in route or detained by the United States. This Complaint addresses green card holders that are attempting to fly back to the United States, or are attempting to fly to the United States, that have either been denied flight or a threat of being denied flight due to the Executive Order. Additionally, even though the administration has now backed off of denying legal permanent residents, Plaintiffs still face the immediate threat of being denied entry due to the way the executive order is written.

## **PARTIES**

4. Plaintiff ACRL is a non-profit organization and has its principal place of business at 4917 Schaefer Rd., Dearborn, Michigan 48126.

5. The ACRL is committed to protecting the civil rights of Arab Americans through education and advocacy. The organization, which is based out of Dearborn, Michigan, works to build coalitions, promote understanding and cooperation and combat negative stereotypes. Led by prominent civil rights attorneys and advocates, the ACRL offers the community it serves a solid commitment to ensuring that their rights are protected and preserved.

6. At least seven (7) of the ACRL's members that are effected by the Executive Order are prepared to be standing witnesses. These members have either already experienced concrete harms by being denied ability to return to the

United States or face a real and immediate threat of not being permitted to travel to Detroit, their place of residence, in violation of U.S. law.

7. Plaintiff Samir Almasmari has been a lawful permanent resident of the United States since March 2015. He resides in Wayne County, Michigan. Plaintiff Almasmari is a citizen of Yemen. As he attempted to return to the United States from Yemen, he was denied boarding in Egypt to return to the United States. He is Muslim.

8. Plaintiff Sabah Almasmary has been a lawful permanent resident of the United States since 2004. Plaintiff Almasmary resides in Wayne County, Michigan. Her spouse is a United States citizen and she has seven United States citizen children. Plaintiff Almasmary is a citizen of Yemen and travelled to Yemen to visit her family. She has a real and immediate threat of not being permitted to travel to Detroit, in violation of U.S. law since the Executive Order was signed. She is Muslim.

9. Plaintiff Hana Almasmari is a lawful permanent resident of the United States and resides in Wayne County, Michigan. She is the spouse of a United States citizen. Plaintiff Almasmari is a citizen of Yemen and has a real and immediate threat of not being permitted to travel to Detroit, in violation of U.S. law since the Executive Order was signed. She is Muslim.

10. Plaintiff Mounira Atik is a lawful permanent resident of the United States and is a resident of Wayne County, Michigan. Plaintiff Atik is a citizen of Yemen

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

and has a real and immediate threat of not being permitted to travel to Detroit, in violation of U.S. law since the Executive Order was signed. She is Muslim.

11. Plaintiff Walid Jammoul was issued a visa on January 22, 2017 to enter the United States as a lawful permanent resident of the United States. Plaintiff Jammoul is the spouse of a US citizen that resides in Wayne County, Michigan. Plaintiff Jammoul is a citizen of Syria and has a real and immediate threat of not being permitted to travel to Detroit, in violation of U.S. law since the Executive Order was signed. He is Muslim.

12. Plaintiff Abubaker Abbass is a United States Citizen. Plaintiff resides in Wayne County, Michigan. His nine-year-old son is a citizen of Yemen and was denied a visa to join his family in the United States. Plaintiff is the child of a United States citizen, he is eligible for automatic Unites States citizenship and is immediately eligible to travel to the United States. Plaintiff Abbass is therefore being denied the ability to return to the United States with his son.

13. The U.S. Department of Homeland Security ("DHS") is a cabinet department of the United States federal government with the primary mission of securing the United States.

14. U.S. Customs and Border Protection ("CBP") is an agency within DHS with the primary mission of detecting and preventing the unlawful entry of persons and goods into the United States.

15. Defendant John Kelly is the Secretary of DHS. He is sued in his official capacity.

16. Defendant Kevin K. McAleenan is the Acting Commissioner of CBP. He is sued in his official capacity.

17. Defendant Donald Trump is the President of the United States. Trump authored the executive action giving rise to this Complaint. He is sued in his official capacity.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1361. This court has further remedial authority pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

19. Venue properly lies within the Eastern District of Michigan because all Plaintiffs are residents of this district and Defendants are employees of the United States Government. 28 U.S.C. § 1391(e).

## FACTUAL ALLEGATIONS

20. Plaintiffs adopt and incorporate by reference all prior paragraphs as though fully set forth herein.

21. On January 20, 2017, Donald Trump was inaugurated as the forty-fifth President of the United States. During his campaign, he stated that he would ban Muslims from entering the United States.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

22. On January 27, one week after his inauguration, President Trump signed an executive order entitled, "Protecting the Nation from Foreign Terrorist Entry into the United States," which is attached hereto as Exhibit A and is hereinafter referred to as the "EO."

23. In statements to the press in connection with his issuance of the EO, President Trump stated that his order would help Christian refugees to enter the United States.

24. Citing the threat of terrorism committed by foreign nationals, the EO directs a variety of changes to the manner and extent to which non-citizens may seek and obtain entry to the United States. Among other things, the EO imposes a 120-day moratorium on the refugee resettlement program as a whole; proclaims that "the entry of nationals of Syria as refugees is detrimental to the interests of the United States"; and therefore singles out Syrian refugees for an indefinite "suspension" on their admission to the country.

25. Most relevant to the instant action is Section 3(c) of the EO, in which President Trump proclaims "that the immigrant and nonimmigrant entry into the United States of aliens from countries referred to in section 217(a)(12) of the INA, 8 U.S.C. 1187(a)(12), would be detrimental to the interests of the United States," and that he is therefore "suspend[ing] entry into the United States, as immigrants and nonimmigrants, of such persons for 90 days from the date of this order," with narrow exceptions not relevant here.

26. There are seven countries that fit the criteria in 8 U.S.C. § 1187(a)(12): Iraq, Iran, Libya, Somalia, Sudan, Syria, and Yemen. According to the terms of the EO, therefore, the "entry into the United States" of non-citizens from those countries is "suspended" from 90 days from the date of the EO.

27. Congress has provided that lawful permanent residents in Plaintiffs' situation are entitled to enter the United States. Under 8 U.S.C. § 1101(a)(13)(C), a lawful permanent resident is regarded as seeking an admission into the United States for purposes of the immigration laws" only if he or she "has abandoned or relinquished that status," *id*. § 1101(a)(13)(C)(i), has been absent from the United States for more than 180 days continuously, is in removal proceedings, has committed one of a class of enumerated offenses, or has attempted to enter without inspection.

28. None of the foregoing circumstances apply to Plaintiffs and therefore they are not deemed to be seeking admission and have a right to enter. In *In re Collado-Munoz*, 21 I. & N. Dec. 1061, 1065-1066 (1998) (en banc) (requiring immigration judge to look at 8 U.S.C. § 1101(a)(13)(C) in determining whether lawful permanent resident was applicant for admission); *Vartelas v. Holder*, 566 U.S. 257 (2012) (citing *In re Collado-Munoz* and recognizing that the definition supersedes previous statute's definition of entry).

29. Defendants are also preventing Plaintiffs' travel in violation of the Due Process Clause. In *Rosenberg v. Fleuti*, 372 U.S. 449, 462 (1963), the

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

Supreme Court held that "an innocent, casual, and brief excursion by a resident alien outside this country's borders may not have been intended as a departure disruptive of his resident alien status and therefore may not subject him to the consequences of an entry into the country on his return." (internal quotation marks and citations omitted); *see also Kwong Hai Chew v. Colding*, 344 U.S. 590, 601-02 (1953) (assimilating status, for constitutional purposes, of lawful permanent resident who had been abroad for five months to that of one continually present). The Supreme Court reaffirmed this constitutional principle in *Landon v. Plasencia*, 459 U.S. 21, 31(1982) (describing *Chew* as standing for the proposition that "a resident alien returning from a brief trip has a right to due process just as would a continuously present resident alien").

30. As lawful permanent residents of the United States, Plaintiffs are attempting to come to the United States to be with their family. They have been left in limbo while being denied the ability to travel to the United States for no reason other than the discriminatory and unconstitutional EO.

## I.   FIFTH AMENDMENT – PROCEDURAL DUE PROCESS

31. Plaintiffs adopt and incorporate by reference all prior paragraphs as though fully set forth herein.

32. Procedural due process requires that the government be constrained before it acts in a way that deprives individuals of liberty interests protected under the Due Process Clause of the Fifth Amendment. Additionally, due process

requires that arriving immigrants be afforded those statutory rights granted by Congress and the principle that "[m]inimum due process rights attach to statutory rights." *Dia v. Ashcrof*, 353 F.3d 228, 239 (3d Cir. 2003) (alterations in original) (quoting *Marincas v. Lewis*, 92 F.3d 195, 203 (3d Cir. 1996)).

33. In particular, lawful permanent residents entering the United States have constitutional due process rights with respect to their entry to the United States. In evaluating the due process right available to a lawful permanent resident, "courts must consider the interest at stake for the individual, the risk of an erroneous deprivation of the interest through the procedures used as well as the probable value of additional or different procedural safeguards, and the interest of the government in using the current procedures rather than additional or different procedures. " *Landon v. Plasencia*, 459 U.S. 21, 34 (1982).

34. Defendants' actions, taken pursuant to the EO, violate the procedural due process rights guaranteed by the Fifth Amendment.

## II.   <u>FIRST AMENDMENT – ESTABLISHMENT CLAUSE</u>

35. Plaintiffs adopt and incorporate by reference all prior paragraphs as though fully set forth herein.

36. The EO exhibits hostility to a specific religious faith, Islam, and gives preference to other religious faiths, principally Christianity. The EO therefore

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

violates the Establishment Clause of the First Amendment by not pursuing a course of neutrality with regard to different religious faiths.

### III.   **FIFTH AMENDMENT – EQUAL PROTECTION**

37. Plaintiffs adopt and incorporate by reference all prior paragraphs as though fully set forth herein.

38. The EO discriminates against Plaintiffs on the basis of their country of origin and religion, without sufficient justification, and therefore violates the equal protection component of the Due Process Clause of the Fifth Amendment.

39. Additionally, the EO was substantially motivated by animus toward—and has a disparate effect on—Muslims, which also violates the equal protection component of the Due Process Clause of the Fifth Amendment. *Jana-Rock Const., Inc. v. N.Y. State Dep't of Econ. Dev.*, 438 F.3d 195, 204 (2d Cir. 2006); *Hunter v. Underwood*, 471 U.S. 222 (1985).

40. Defendants have demonstrated an intent to discriminate against Plaintiffs on the basis of religion through repeated public statements that make clear that the EO was designed to prohibit the entry of Muslims to the United States. *See* Michael D. Shear & Helene Cooper, *Trump Bars Refugees and Citizens of 7 Muslim Countries*, N.Y. Times (Jan. 27, 2017), ("[President Trump] ordered that Christians and others from minority religions be granted priority over Muslims."); Carol Morello, *Trump Signs Order Temporarily Halting*

A Y A D   L A W ,   P . L . L . C .
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

*Admission of Refugees, Promises Priority for Christians*, Wash. Post (Jan. 27, 2017).

41. Applying a general law in a fashion that discriminates on the basis of religion in this way violates Plaintiffs' rights to equal protection under the Fifth Amendment Due Process Clause. *Hayden v. Country of Nassau*, 180 F.3d 42, 48 (2d Cir. 1999); *Yick Wo v. Hopkins*, 118 U.S. 356, 373-74 (1886). Plaintiffs satisfy the Supreme Court's test to determine whether a facially neutral law – in this case, the EO and federal immigration law – has been applied in a discriminatory fashion. The Supreme Court requires an individual bringing suit to challenge the application of a law bear the burden of demonstrating a "prima facie case if discriminatory purposes." *Vill. Of Arlington Heights v. Metro Hous. Dev. Corp.*, 429 U.S. 252, 266-67 (1997). This test examines the impact of the official action, whether there has been a clear pattern unexplainable on other grounds besides discrimination, the historical background of the decision, the specific sequence of events leading up to the challenged decision, and departures from the normal procedural sequence. *Id.*

42. Here, President Trump and senior staff have made clear that the EO will be applied to primarily exclude individuals on the basis of their national origin and being Muslim. *See, e.g.*, Donald J. Trump, *Donald J. Trump Statement On Preventing Muslim Immigration*, (Dec. 7, 2015), https://www.donaldjtrump.com/press-releases/donald-j.-trump-statement-on-

preventing-muslim-immigration ("Donald J. Trump is calling for a total and complete shutdown of Muslims entering the United States until our country's representatives can figure out what is going on."); Abby Phillip and Abigail Hauslohner, *Trump on the Future of Proposed Muslim Ban, Registry: 'You know my plans'*, Wash. Post (Dec. 22, 2016). Further, the President has promised that preferential treatment will be given to Christians, unequivocally demonstrating the special preferences and discriminatory impact that the EO has upon Plaintiffs. *See supra.*

43. Thus, Defendants have applied the EO with forbidden animus and discriminatory intent in violation of the equal protection of the Fifth Amendment and violated Plaintiffs' equal protection rights.

## IV.    FIFTH AMENDMENT – SUBSTANTIVE DUE PROCESS VIOLATION OF RIGHT TO FAMILIAL ASSOCIATION

44. Plaintiffs adopt and incorporate by reference all prior paragraphs as though fully set forth herein.

45. Plaintiffs face the real and immediate threat of being denied entry into the United States solely pursuant to an executive order issued on January 27, 2017, which expressly discriminates against Plaintiffs on the basis of their country of origin and was substantially motivated by animus towards Muslims. *See supra* Count Six.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

46. Plaintiffs planned to travel to the United States, pursuant to valid immigrant visas, to be with family.

47. The denial of Plaintiffs' ability to travel to the United States to be with family constitutes an unconstitutional denial of the fundamental right to familial association. *See Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 640 F.3d 716, 727 (6th Cir. 2011); *See Lehr v. Robertson*, 463 U.S. 248, 261, 103 S. Ct. 2985, 77 L. Ed. 2d 614 (1983).

## V. ADMINSTRATIVE PROCEDURE ACT

48. Plaintiffs adopt and incorporate by reference all prior paragraphs as though fully set forth herein.

49. Plaintiffs face the real and immediate threat of being denied entry into the United States solely pursuant to an executive order issued on January 27, 2017, which expressly discriminates against Plaintiffs on the basis of their country of origin and was substantially motivated by animus towards Muslims. *See supra* Count Six.

50. The EO exhibits hostility to a specific religious faith, Islam, and gives preference to other religious faiths, principally Christianity.

51. The INA forbids discrimination in issuance of visas based on a person's race, nationality, place of birth, or place of residence. 8 U.S.C. § 1152(a)(1)(A).

52. The INA and implementing regulations, including 8 U.S.C. § 1225(b)(1) (expedited removal), 8 C.F.R. §§ 235.3(b)(4), 208.30 and 1003.42; 8 U.S.C.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

§ 1158 (asylum), and 8 U.S.C. § 1231(b)(3) (withholding of removal), and the United Nations Convention Against Torture ("CAT"), implemented in the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), Pub.L. No. 105-277, div. G, Title XXII, § 2242, 112 Stat. 2681, 2681-822 (1998) (codified at 8 U.S.C. § 1231 note), entitle Plaintiffs to an opportunity to apply for asylum, withholding of removal, and CAT relief.

53. Defendants actions in preventing Plaintiffs' travel into the United States were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in violation of APA § 706(2)(A); contrary to constitutional right, power, privilege, or immunity, in violation of APA § 706(2)(B); in excess of statutory jurisdiction, authority or limitations, or short of statutory right, in violation of APA § 706(2)(C); and without observance of procedure required by law, in violation of §706(2)(D).

## VI. RELIGIOUS FREEDOM RESTORATION ACT

54. Plaintiffs adopt and incorporate by reference all prior paragraphs as though fully set forth herein.

55. The EO will have the effect of imposing a special disability on the basis of religious views or religious status, by withdrawing an important immigration benefit principally form Muslims on account of their religion. In doing so, the EO places a substantial burden on Plaintiffs' exercise of religion in a way that

is not the least restrictive means of furthering a compelling government interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, request that this Honorable Court grant the following relief:

A. Issue an immediate stay of the Executive Order denying Plaintiffs ability to enter the United States;

B. Issue an injunction ordering Defendants not to detain or stop any individual solely on the basis of the EO;

C. Enter a judgment declaring that Defendants' actions in preventing Plaintiffs from traveling to the United States is and will be unauthorized by statute and contrary to law;

D. Enter an order striking the EO and give an order stating it is unconstitutional;

E. Award Plaintiffs reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act; and

F. Grant such other relief as the Court deems appropriate.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

Respectfully submitted,

AYAD LAW, P.L.L.C.

/s/ Nabih H. Ayad_____
Nabih H. Ayad (P59518)
Counsel for all Plaintiffs
645 Griswold St., Ste. 2202
Detroit, MI 48226
(313) 983-4600
nayad@ayadlaw.com

Dated: January 31, 2017

Helal Farhat (P64872)
Farhat & Associates, PLLC
Counsel for the Arab American
Chamber of Commerce
6053 Chase Rd.
Dearborn, MI 48126

Nida Samona (P45356)
Counsel for the Arab Chaldean
Council ("ACC")
363 W. Big Beaver Rd., Suite 300
Troy, MI 48084

Ali Hammoud (P73076)
Hammoud, Dakhlallah & Associates
Counsel for Yemini American
Benevolent Association ("YABA")
6050 Greenfield Rd., Suite 201
Dearborn, MI 48126

Rula Aoun (P79119)
Co-Counsel for ACRL
4917 Schaefer Rd.
Dearborn, MI 48126

Kassem Dakhlallah (P70842)
Hammoud, Dakhlallah & Associates
Co-Counsel for ACRL
6050 Greenfield Rd., Suite 201
Dearborn, MI 48126

Mona Fadlallah (P64197)
Natalie Qandah (P58434)
Vida Law Group, PLLC
Co-Counsel for ACRL
43050 Ford Rd., #160
Canton, MI 48187

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665