UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARAB AMERICAN CIVIL
RIGHTS LEAGUE, et al.,

    Plaintiffs,

v.

DONALD TRUMP, et al.,

    Defendants.
_____/

Civil No. 17-10310
Hon. VICTORIA A. ROBERTS
Mag. Judge Stephanie Dawkins Davis

## MOTION TO DISSOVE INJUNCTION AND AMEND ORDER REGARDING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER [Doc. 8]

### INTRODUCTION

Defendants ("the Government") hereby respectfully request that this Court amend its prior order permanently enjoining the Government from applying the executive order of January 27, 2017, titled "Protecting the Nation from Foreign Terrorist Entry into the United States" (hereinafter, "the Executive Order"), to Lawful Permanent Residents ("LPRs"). The injunction should be dissolved and the order amended for two reasons. First, because both parties agreed on the record that the Executive Order does not apply to LPRs, including LPR plaintiffs, there is no actual dispute between the parties, and thus no basis for invoking the

Court's jurisdiction. Second, a court cannot issue a permanent injunction unless the moving party makes an affirmative showing – and the court makes affirmative findings – that it carries its burden of proof on each of four factors: (1) success on the merits, (2) the potential for irreparable harm, (3) the balance of hardships, and (4) whether an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *O'Toole v. O'Connor*, 802 F3d 783, 788 (6th Cir. 2015); *Federal Deposit Ins. Corp. v.* Jones, 846 F.2d 221, 240 (4th Cir. 1988) ("The district court's failure to set forth reasons for its decisions is reversible error, for the requirements of Rules 52(a) and 65(d) are mandatory.")

A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits. *See* Fed. R. Civ. P. 41(b); *see also, e.g., S. Walk at Broadlands Homeowner's Ass'n v. Openband at Broadlands*, LLC, 713 F.3d 175, 185 (4th Cir. 2013) (*citing Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001); *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 93-94 (1998)). Here, Plaintiffs did not and could not show success on the merits because Article III proscribes a decision on the merits that would be advisory in nature; Plaintiffs did not and cannot show irreparable harm where the Executive Order does not apply to LPRs or the LPR plaintiffs; Plaintiffs did not and could not show hardship because – even in the absence of the

injunction – the LPRs plaintiffs are able to travel into the United States without being subject to the Executive Order; and Plaintiffs did not and cannot establish that the public would benefit from an injunction because, quite to the contrary, the public interest is harmed when orders are issued against the Government in violation of law, particularly when those laws are immigration laws. The Supreme Court in *Nken* suggests that improperly staying Government action in immigration does harm the public interest. *See Nken v. Holder*, 556 U.S. 418, 436 (2009).

For these reasons, the Government respectfully asks this Court to vacate its earlier order and instead issue the proposed amended order submitted herewith, which would provide LPR plaintiffs with confirmation of their exclusion from the Executive Order while respecting the jurisdictional and relief standards in Article III and Federal Rule of Civil Procedure 65, respectively.

## SUMMARY OF THE FACTS

On January 27, 2017, the President of the United States Donald J. Trump, issued Executive Order No. 13769 entitled "Protecting the Nation from Foreign Terrorist Entry into the United States." On January 31, 2017, Plaintiffs filed a "Complaint for Declaratory and Injunctive Relief" challenging enforcement of the Executive Order and its application to Plaintiffs. (ECF No. 1). The Complaint named four Plaintiffs who are LPRs, Samir Almasmari, Sabah Almasmary, Hana Almasmari, and Mounira Atik. (ECF No. 1 at 5-6). The remaining two named

Plaintiffs, Walid Jammoul and Abubaker Abbass, are not LPRs. (ECF No. 1 at 6). On February 1, 2017, White House counsel issued a clarification to the Acting Secretary of State, the Attorney General, and the Secretary of Homeland Security that Sections 3(c) and 3(e) do not apply to lawful permanent residents. (ECF No. 7-1).

On February 2, 2017, Plaintiffs filed an *ex parte* motion for temporary restraining order. (ECF No. 5). On that same day, the Court held a telephone conference with all parties' counsel. During the telephone conference, counsel for Defendants informed the Court of the White House memorandum. Counsel for Defendants explained that since Sections 3(c) and 3(e) of the Executive Order do not apply to LPRs, the claims for injunctive relief by named lawful permanent resident Plaintiffs Samir Almasmari, Sabah Almasmary, Hana Almasmari, and Mounira Atik are moot. Opposing counsel did not contradict counsel for Defendants' representations and did not argue that any LPR plaintiff had been denied entry since release of the White House memorandum. Nonetheless, the Judge stated that she would enter "an Order that covers lawful permanent residents." (Transcript at 13 ¶ 12-13.) After the hearing, Defendants filed the memorandum setting forth the White House memo clarification. (ECF No. 7, 7-1).

Following the telephone conference, the Court issued an "Order Regarding Plaintiffs' Motion for Temporary Restraining Order." (ECF No. 8). On page 2 of this Order, the Court referred to the White House memorandum [*see* ECF No. 7, 7-1] and stated:

> Based on this clarification, the Court orders that the United States is PERMANENTLY ENJOINED from applying Sections 3(c) and 3(e) of the January 27, 2017 Executive Order against lawful permanent residents of the United States. This injunction applies to Plaintiffs Samir Almasmari, Sabah Almasmary, Hana Almasmari, and Mounira Atik, as well as all other lawful permanent residents of the United States who are similarly situated.

(ECF No. 8). As a result of this Order, the Court issued a nationwide injunction that applies not only to the four named LPR plaintiffs in the lawsuit, but "all other lawful permanent residents of the United States who are similarly situated." *Id.* at 2.

## ARGUMENT

**I. This Court lacked jurisdiction to issue an injunction because there was no case or controversy.**

As the Sixth Circuit has directed, "'[u]nder Article III of the Constitution, [a court's] jurisdiction extends only to actual cases and controversies. [Courts] have no power to adjudicate disputes which are moot.'" *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc) (quoting *Crane v. Indiana High Sch. Athletic Ass'n*, 975 F.2d 1315, 1318 (7th Cir. 1992)). Thus, where "the issues presented are no longer 'live'," *Gottfried v. Med. Planning*

5

*Servs., Inc.*, 280 F.3d 684, 691 (6th Cir. 2002) (emphasis omitted), "federal courts are without power to decide questions," *N. Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam), that may have been justiciable at an earlier stage in the lawsuit. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 72 (1997).

The Executive Order does not apply to LPRs. *See Louhghalam v. Trump*, Mem. & Order at 6-7, Civ. No. 17-10154-NMG (D. Mass. Feb. 3, 2017) (finding that there is no conduct to enjoin regarding LPRs because the Executive Order does not apply to LPRs). Moreover, if there was confusion as to that point on January 27, 2017, it was speedily resolved when the White House issued its clarification on February 1, 2017. Therefore, at the time this Court issued its injunction on February 2, 2017, there was no longer a live case or controversy between the parties as to the applicability of the Executive Order to the LPR plaintiffs. Thus, the court lacked jurisdiction to issue the injunction. *Louhghalam*, Order at 7, No. 17-10154-NMG, ("With respect to those individuals, there is 'no ongoing conduct to enjoin'")(citing *Town of Portsmouth v. Lewis*, 813 F.3d 54, 58 (1st Cir. 2016)); *New Eng. Reg'l Council of Carpenters v. Kinton*, 284 F.3d 9, 18 (1st Cir. 2002) (remarking that it would be "pointless" to declare the constitutionality of a policy that had been revised during litigation); *Libertarian Party of Ohio v. Husted*, 497 F. App'x 581, 583 (6th Cir. 2012) (holding that

because the challenged house bill was repealed, "there was nothing to enjoin or declare unconstitutional."). The injunction should be vacated.

## II.  The injunction issued did not comport with Rule 65's requirements.

Second, the injunction must be vacated because Plaintiffs failed to establish – and this Court made none of the findings regarding – the four injunction factors. The four factors adopted by the Sixth Circuit when considering whether to issue a preliminary injunction are:

> "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

*O'Toole v. O'Connor*, 802 F3d 783, 788 (6th Cir. 2015) (quoting *Winter*, 55 U.S. at 7). "The standard for a permanent injunction is essentially the same as for a preliminary injunction with the exception that the plaintiff must show actual success on the merits rather than likelihood of success." *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

Regarding the first factor, it is undisputed that Plaintiffs cannot succeed on the merits because there is no jurisdiction for this Court to reach the merits where there is no live dispute between the parties. Similarly, Plaintiffs cannot show

irreparable harm because the Government, like Plaintiffs, interpret the Executive Order as not applying to the LPR plaintiffs.  The balance of equities tip in favor of the Government; the LPR plaintiffs suffer no harm regardless of the existence of the injunction because the Executive Order already does not apply to them; Defendants, on the other hand, are harmed by an Order limiting the Executive's lawful authority in matters of immigration and national security.  For the same reasons, an injunction is not in the public's interest.  The public suffers when the Government is subject to injunctions that resolve no dispute and confer no rights but may still be invoked against the Government.  *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 433 (1941) (noting that an "obey the law" injunction can open a party to contempt proceedings for the indefinite future" and that such an encumbrance should not be imposed lightly).

In addition to the four factor analyses required by the Sixth Circuit, Rule 65(d)(1)(A) requires a court to "state the reasons why [the injunction] issued."  That requirement was also not complied with here.  Although the Court was clear on the record that is does not want Plaintiffs to encounter difficulties when returning to the United States, the Court fails to explain why an injunction is the correct remedy, especially in light of the Government's explanation that LPRs were returning to the country at that time unaffected by the Executive Order.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court amend the Order by dissolving the permanent injunction.

Dated:  February 6, 2017                    Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

GISELA A. WESTWATER
Assistant Director

EREZ REUVENI
Senior Litigation Counsel

s/ Briana Yuh
BRIANA YUH
Trial Attorney
District Court Section
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, DC 200044
Telephone: (202) 532-4165
Facsimile: (202) 305-7000
Briana.Yuh@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATION OF SERVICE**

I hereby certify that on February 6, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Michigan by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. Notification of such filing will send to the following:

Helal A. Farhat
Hfarhat@saflegal.com

Kassem M. Dakhlallah
Kassemdakhlallah@aol.com

Natalie C. Qandah
Natalie@vidalawpllc.com

Nabih H. Ayad
Ayadlaw@hotmail.com

Michael J. Steinberg
Msteinberg@aclumich.org

                                              s/ Briana Yuh
                                              BRIANA YUH
                                              Trial Attorney
                                              District Court Section
                                              Office of Immigration Litigation
                                              P.O. Box 868 Ben Franklin Station
                                              Washington, DC 200044
                                              Telephone: (202) 532-4165
                                              Facsimile: (202) 305-7000
                                              Briana.Yuh@usdoj.gov

                                              *Counsel for Defendants*