# EXHIBIT 1

Susan Reed Declaration

DECLARATION OF SUSAN E. REED

I, Susan E. Reed, declare as follows:

1. I am an attorney licensed in the State of Michigan with Attorney Number P66950. I am a citizen of the United States.

2. I am the Managing Attorney at the Michigan Immigrant Rights Center (MIRC), a division of the Michigan Advocacy Program (MAP), a nonprofit civil legal services group established more than 50 years ago. MIRC was founded as a project of MAP in early 2009 to serve as a resource center for nonprofit immigration legal services programs and other advocates providing support and technical assistance throughout the state.

3. I have practiced immigration and nationality law on a full time basis as a licensed attorney since 2004, exclusively in nonprofit civil legal services settings. I have attached my resume to this declaration.

4. I currently serve as the Steering Committee Secretary of the Michigan Coalition for Immigrant and Refugee Rights, a nonprofit membership organization of more than 40 nonprofit, faith, and educational groups founded in 1989 with many members focused on nonprofit immigration legal services. In that role and as part of our general work at MIRC, I disseminate community legal education materials to an email list of 4,763 active contacts.

5. On January 27, 2017, the day that the Executive Order entitled, "Protecting the Nation from Foreign Terrorist Entry Into the United States," was signed, I began communicating via email and social media (Facebook and Twitter) with our advocacy community and the public. There was significant delay between the signing of the Executive Order and the posting of the final text of what was signed to any government website. So, I was initially forced to rely, until I received a copy via email mid-day on January 28 from a

refugee services agency, on quotes from the Department of Homeland Security given to reporters.

6. On Saturday, January 28, 2017, numerous media sources quoted the Department of Homeland Security as stating that the seven country ban would apply to Lawful Permanent Residents (LPRs) or "green card" holders. This development was extremely surprising to me initially.

7. MIRC's initial Facebook post about this development, which we did not pay to promote, was shared 177 times and viewed by 28,051 people within a short period of time. I worked all day on January 28, 2017 to develop, translate, and disseminate community legal education information warning Lawful Permanent Residents not to travel outside of the United States. I received several panicked phone calls from community leaders seeking clarification.

8. Later in the afternoon on Saturday, January 28, 2017, I was able to review an actual copy of the Executive Order. The language of the Order raised and continues to raise great concern for me with respect to all visa holders from affected countries, but particularly Lawful Permanent Residents because of Section 3(c)'s repeated reference to "immigrant and nonimmigrant visas." That language is ambiguous, and could be read in multiple ways. However, it is the case that Lawful Permanent Residents must be issued immigrant visas or must obtain an immigrant visa number in order to be granted Lawful Permanent Resident status. Indeed, the Department of Homeland Security was indicating that Lawful Permanent Residents too were subject to the ban.

9. Late in the evening on Saturday, January 28, 2017, I learned of a Michigan doctor who was an LPR from a country affected by the ban who had traveled to Toronto, Ontario, Canada for the weekend to visit with friends and was fearful of not being readmitted based on the application of the ban to Lawful Permanent Residents. I traveled to meet him on Sunday morning, January 29, 2017, in Windsor, Ontario, Canada to prepare to enter the United States with him and advocate for his readmission to the United States. By that time, media reports were indicating that LPRs might be allowed to return home on a "case by case" basis, so we gathered materials to show that my client was a surgeon who had lived in the U.S. for 20 years, was the son of a U.S. citizen mother, and worked in a medically underserved area, among other positive attributes. Because it was unclear whether my client would be allowed to enter the U.S., he had put his practice on notice that he might be unavailable for several surgeries he had scheduled for Monday, January 30, 2017.

10. My above-referenced client was sent to secondary inspection by Customs and Border Protection at the Detroit Tunnel and I was not permitted to represent him in his interview. He was admitted to the United States after secondary inspection which took approximately 90 minutes.

11. Since the Executive Order, our office has been forwarded dozens of inquiries from individuals from affected countries with connections to Michigan including Lawful Permanent Residents, immigrant visa holders and nonimmigrant visa holders.

12. On January 29, 2017, I reviewed the Secretary of Homeland Security John Kelly's formal statement that, "In applying the provisions of the president's executive order, I hereby deem the entry of lawful permanent residents to be in the national interest. Accordingly, absent the receipt of significant derogatory information indicating a serious threat to public safety and welfare, lawful permanent resident status will be a dispositive factor in our case-by-case determinations." Available at: https://www.dhs.gov/news/2017/01/29/statement-secretary-john-kelly-entry-lawful-permanent-residents-united-states, visited February 7, 2017.

13. Secretary Kelly's statement did not explain what "significant derogatory information" means, nor is that term defined anywhere in the immigration laws.

14. A "fact sheet" published January 29, 2017, by the Department of Homeland Homeland Security reiterated that, "The Congress provided the President of the United States, in section 212(f) of the Immigration and Nationality Act (INA), with the authority to suspend the entry of any class of aliens the president deems detrimental to the national interest." LPRs are aliens. The fact sheet also stated that, "Lawful Permanent Residents of the United States traveling on a valid I-551 will be allowed to board U.S. bound aircraft and will be assessed for exceptions at arrival ports of entry, as appropriate. The entry of these individuals, subject to national security checks, is in the national interest. Therefore, we expect swift entry for these individuals." Available at: https://www.dhs.gov/news/2017/01/29/protecting-nation-foreign-terrorist-entry-united-states, visited February 7, 2017.

15. The Department of Homeland Security "fact sheet" did not explain what standards will be used to assess Lawful Permanent Residents for "exceptions" from the bar on entry to nationals from the seven countries.

16. On February 1, 2017, the White House Counsel issued a Memorandum to the Acting Secretary of State, the Acting Attorney General, and the Secretary Of Homeland Security from Donald F. McGahn II, Counsel to the President (Feb. 1, 2017). The Memorandum

does not contain any legal analysis but states that Section 3(c) and 3(e) to not apply to Lawful Permanent Residents. The Memorandum does not discuss the test of the Executive Order, nor does it clarify how this latest statement intersects with the earlier statement by Secretary Kelly regarding barring entry for Lawful Permanent Resident with "significant derogatory information" of the Department of Homeland Security fact sheet statement that Lawful Permanent Residents will be eligible for "exceptions" from the ban.

17. Based on the unprecedented nature of and lack of clarity in the Executive Order, the continually evolving nature of the subsequent executive agency actions, the unresolved litigation, and the many qualifications in Department of Homeland Security statements, it is my opinion as an immigration practitioner that I cannot issue a general statement that any Lawful Permanent Residents, but particularly not those from the seven affected countries, may safely travel and expect to be readmitted to the United States. I cannot encourage anyone to expect to enter the U.S. on the same basis that they did before the issuance of the January 27, 2017 executive order and I cannot clearly communicate in practical terms what the new standards for entry are based on the information I have.

18. Like the client I assisted with entry on Sunday, January 29, 2017, Lawful Permanent Residents in my experience tend to have overwhelming equities in the U.S. and generally have extremely low tolerance of risk with regard to being excluded or removed from the U.S.. Given the consequences that Lawful Permanent Residents face if they are excluded or removed from the U.S., I have had to carefully consider our organization's public information and ensure that our organization does not suggest courses of action that could result in exclusion or removal.

19. After reviewing the DHS statements, I revised the initial community legal education materials I had developed, retranslated them and posted them to our website, michiganimmigrant.org. I have attached a current "screenshot" of the current home page.

20. Because of the extreme brevity of the government's statements on Lawful Permanent Residents, the initial confusion about the meaning of "immigrant visa" in the implementation of the Executive Order, the ongoing developments in litigation nationwide as the Department of Justice seeks to defend the Executive Order, and the uncertainty about the meaning of "significant derogatory information" or the standards for determining whether Lawful Permanent Residents are eligible for "exceptions" to the ban, I have continued to advise Lawful Permanent Residents from countries affected by the ban against travel.

21. As a practitioner, I am awaiting additional legal developments that will allow me to provide clearer communication to affected immigrant community members and organizations.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and was executed on February 7, 2017, in Kalamazoo, Michigan.

Signed:

*[signature]*
Susan E. Reed

# Susan E. Reed

3030 S. 9th St. Ste 1B, Kalamazoo, MI 49009; email: susanree@michiganimmigrant.org

## EXPERIENCE

**Michigan Immigrant Rights Center,** Ann Arbor and Kalamazoo, Michigan
Managing Attorney, January 2009-present
- Providing technical and co-counsel assistance and training to Michigan legal aid and pro bono attorneys handling immigration and immigrant rights matters.
- Engaging in systemic advocacy on behalf of Michigan's low-income immigrants and their families.
- Tracking legislative and legal developments.
- Building coalitions among immigration assistance providers and immigrant advocacy organizations statewide.
- Providing support and training for domestic violence survivor attorneys and advocates regarding the rights of battered immigrants.
- Representing individual clients in immigration and immigrant rights matters.

**United Methodist Committee on Relief/**
**Justice for Our Neighbors West Michigan,** Grand Rapids, Michigan
Regional Attorney, October 2006 – January 2009
- Represented a high volume of low-income immigrants in immigration matters including administrative applications and appeals, removal proceedings, and appeals to the Board of Immigration Appeals and federal courts.
- Specializing in representing the most vulnerable immigrants in pursuing humanitarian immigration relief including asylum seekers, immigrant survivors of domestic violence, and unaccompanied minors in federal custody.
- Participating in the leadership of various local immigrant advocacy and public education efforts as the only non-profit immigration attorney in the metro Grand Rapids area.
- Serving as a United Methodist Church and Community Worker responsible for interpreting the work of UMCOR/JFON and the need for immigration reform to United Methodist congregations and other faith groups in West Michigan.

**Farmworker Legal Services of Michigan,** Kalamazoo, Michigan
Staff Attorney, June 2003 – October 2006
- Represented migrant and seasonal farmworkers in employment, immigration, housing, public benefits, and civil rights matters before administrative agencies and state and federal courts.
- Advocated for farmworker rights through outreach to migrant labor camps, community education, administrative advocacy, and participation in state and local task forces.

**United States Department of Justice**
**Executive Office for Immigration Review,** Bloomington, Minnesota
Student Intern (through course credit externship program), Spring 2003
- Researched and wrote legal memoranda, orders, and decisions to support Immigration Judges.

**Migrant Legal Services,** St. Paul and Greater Minnesota
Summer Season Outreach Paralegal, 2001 and 2002

## EDUCATION

**University of Minnesota Law School**, Minneapolis, MN
*Juris Doctor, Cum Laude,* May 2003
- *Minnesota Law Review,* Staff Member 2001-2002, Article Submission Editor 2002-2003
- Study abroad: *Universidad Ramon Llull/ESADE,* Barcelona, Spain, Fall 2003

**Marquette University**, Milwaukee, WI
Bachelor of Arts, *Magna Cum Laude,* May 2000
Majors: English Literature, Spanish Language and Literature, Minor: History
- Burke Scholar
- College of Arts and Sciences Outstanding Senior, Class of 2000
- Study abroad: *Universidad Complutense,* Madrid, Spain, Spring 1999

## PROFESSIONAL ACTIVITIES

**W.K. Kellogg Foundation Community Leadership Network Fellow,** 2014-present
**American Immigration Lawyers Association,**
   Michigan Chapter Member, 2004 – present; past co-chair of Advocacy Committee
**Michigan Coalition for Immigrant and Refugee Rights,**
   Member, 2003-present, Past Chair, Current Secretary of Steering Committee
**State Planning Body for Legal Services,** Member, 2007-present
**Pro Bono Assessment,** State Bar of Michigan and Michigan State Bar Foundation
**State Bar of Michigan Justice Initiatives Summit Cabinet 2014**
**Michigan Supreme Court Foreign Language Board of Review,**
   Advocate for Populations with Limited English Proficiency, 2013-present

## BAR ADMISSIONS

**State Bar of Michigan,** admitted May 21, 2004
**United States Court of Appeals for the Sixth Circuit**
**U.S. District Court, Western District of Michigan,** completed Hillman Advocacy Program
**U.S. District Court, Eastern District of Michigan**
**U.S. Tax Court**

## PUBLICATIONS

*Emerging Problems with Immigrants' Access to Food from Private Charities,* 46 CLEARINGHOUSE REVIEW 259 (2012).

*Serving Farmworkers* 38 CLEARINGHOUSE REVIEW 367 (2004) (with Ilene J. Jacobs).

*Labor Laws and Michigan Agriculture* Michigan State University Extension Bulletin
   E-1597 (2006) (with Dr. Vera Bitsch).

## LANGUAGE SKILLS

Fluent written and oral Spanish, beginning German.

image.png

# Michigan Immigrant Rights Center







Home | About Us | Resources | MIBlog | Legislative Updates | News | Events | Find Services

## Latest Updates/Últimas Novedades

### WARNING: DO NOT TRAVEL OUTSIDE THE UNITED STATES IF YOU ARE FROM AN AFFECTED COUNTRY

President Trump issued an Executive Order on Friday, January 27, 2017, that says that people who are citizens of Iran, Iraq, Libya, Somalia, Sudan, Syria and Yemen may not enter the U.S. for at least 90 days. At first, the government said that the ban fully included people with Lawful Permanent Resident or "Green Card" status as well as any other visas. On Sunday, January 29, 2017, the government said that Lawful Permanent Residents would be allowed to return to the United States unless there is "significant derogatory information" about them. Immigration lawyers do not know what will be considered "significant derogatory information." So, we are discouraging all citizens of those countries from traveling outside of the United States for any reason. This includes travel to Canada.

### Contact Us

Email: mirc@michiganimmigrant.org

If you are looking for legal assistance with an immigration matter, please call our Ann Arbor office.

**Ann Arbor Office:**
Michigan Immigrant Rights Center
220 E. Huron Street, Suite 600A
Ann Arbor, MI 48104
Phone: 734-239-6863
Fax: 734-998-9125

**Kalamazoo Office:**
Michigan Immigrant Rights Center
3030 S. 9th Street, Suite 1B
Kalamazoo, MI 49009
Phone: 269-492-7196
Fax: 269-492-7198

### Site Search

صدر الرئيس ترامب أمراً تنفيذياً يوم الجمعة 27 كانون الثاني/يناير 2017، يقول بأن الأشخاص الذين هم مواطنون من إيران والعراق وليبيا والصومال والسودان وسوريا واليمن لا يجوز لهم دخول الولايات المتحدة الأمريكية لمدة 90 يوماً على الأقل. وبادئ الأمر، قالت الحكومة بأن الحظر يشمل كلياً الأشخاص الحاملين لوضع الإقامة الدائمة القانونية أو "البطاقة الخضراء" إضافة إلى أي تأشيرات أخرى. في يوم الأحد 29 كانون الثاني/يناير 2017، قالت الحكومة بأنه سيُسمح للمقيمين الدائمين القانونيين بالعودة إلى الولايات المتحدة ما لم تكن هناك "معلومات تحقيرية هامة" بشأنهم. لا يعرف محامو الهجرة ما الذي سيُعتبر "معلومات تحقيرية هامة". لذا، فإننا نُثبط عزيمة جميع مواطني تلك الدول من السفر إلى خارج الولايات المتحدة لأي سبب. وهذا يشمل السفر إلى كندا.

تحذير: يُرجى عدم السفر خارج الولايات المتحدة الأمريكية إن كنت من بلد مشمول بالحظر