UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARAB AMERICAN CIVIL
RIGHTS LEAGUE, et al.,

    Plaintiffs,                    Civil No. 17-10310
                                      Hon. VICTORIA A. ROBERTS
                                      Mag. Judge Stephanie D. Davis

v.

DONALD TRUMP, et al.,

    Defendants.
_____/

**DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION TO DISSOVE INJUNCTION
AND AMEND ORDER REGARDING PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER [Doc. 8]**

Defendants ("the Government") hereby respectfully request that this Court vacate its earlier order (ECF No. 8) permanently enjoining the Government from applying the Executive Order, titled "Protecting the Nation from Foreign Terrorist Entry into the United States" (hereinafter, "the Executive Order"), to Lawful Permanent Residents ("LPRs"). The Government's proposed order would provide LPR plaintiffs with confirmation of their exclusion from the Executive Order while respecting the jurisdictional and relief standards in Article III and Federal Rule of

Civil Procedure 65, respectively.[1] The injunction should be dissolved because there was no case or controversy, the injunction was overbroad, and did not comport with the standards for granting a permanent injunction. This Court should therefore grant Defendants' motion.

## ARGUMENT

### I. Plaintiffs fail to prove that there is a case or controversy.

First, contrary to Plaintiffs' claims that there is a live controversy in this case, (ECF No. 20 at 11-18, 12), there is no actual dispute where Plaintiffs have failed to provide evidence that LPRs have been denied entry since release of the White House's clarification memorandum on February 1, 2017. Moreover, contrary to Plaintiffs' claims that LPRs are deterred from traveling outside of the United States because the Government may change its position, the White House memorandum is guidance as to the meaning of the Executive Order. At the time of this filing, seven days have passed since the White House memorandum was issued clarifying the application of the Executive Order, and

---

[1] In "Plaintiffs' Opposition to Motion to Dissolve Injunction," Plaintiffs contend that Defendants' motion is "not properly before the Court because Defendants failed to comply with E.D. Mich. L.R. 7.1(a)." (ECF No. 20 at 2). Defendants apologize to the Court for failing to confer prior to filing its motion. Nonetheless, the "Practice Guidelines for Judge Victoria A. Roberts," make clear that the purpose of the rule is to "strongly discourage[] motions unless the curable defect has been brought to opposing counsel's attention." Where Plaintiffs have opposed Defendants' motion. (ECF No. 20), it is clear that conferral would not have resolved this issue.

Plaintiffs have failed to raise any credible evidence that the Government has failed to follow the memorandum's guidance. This is nothing more than conjecture that the Government's position may change in the future; the standards for issuance of a permanent injunction have not been met. At the time this Court issued its injunction, there was no longer a live case or controversy between the parties. Therefore, this Court lacked jurisdiction to issue the injunction.

Plaintiffs' labeling of this case as an example of "voluntary cessation" is a mischaracterization. (ECF No. 20 at 2). Any lingering doubts were rectified by White House counsel, who issued definitive guidance on February 1, 2017, clarifying that Section 3(c) and 3(e) of the Executive Order, which temporarily suspended the entry of immigrants and non-immigrants from the countries of particular concern, does not apply to LPRs. Simply put, Plaintiffs' claims regarding LPRs do not render an actual dispute. The Executive Order simply does not affect LPRs. Under Article III of the Constitution, if there is no actual dispute between the parties, Courts have no power to adjudicate disputes that are admittedly moot. *See McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc) (quoting *Crane v. Indiana High Sch. Athletic Ass'n*, 975 F.2d 1315, 1318 (7th Cir. 1992)).

Moreover, the canon of constitutional avoidance may be employed when a court may fairly construe a statute's legal text to avoid constitutional questions. *Gomez v. United States*, 490 U.S. 858, 864 (1989) ("It is our settled policy to avoid … interpretation[s] … that engender[] constitutional issues if … reasonable alternative interpretation[s] pose[] no constitutional question."). Here, a decision that would have constitutional implications can be entirely avoided: the Executive Order does not apply to LPRs. Plaintiffs claim that there is a live controversy because "LPR plaintiffs are deterred from traveling outside of the United States for business or family visits." (ECF No. 20 at 9), but this interpretation of the Executive Order ignores established law holding that LPRs are entitled to travel abroad for periods of time without jeopardizing their lawful status. *See* 8 U.S.C. § 1101(a)(13)(C) (finding an "alien lawfully admitted for permanent residence in the United States shall not be regarded as seeking an admission" unless the alien falls within six specific categories); *Rosenberg v. Fleuti*, 374 U.S. 449, 462 (1963) ("[A]n innocent, casual, and brief excursion by a resident alien outside this country's borders may not have been 'intended' as departure disruptive of his resident alien status and therefore may not subject him to the consequences of an 'entry' into the country on his return."); *I.N.S. v. Phinpathya*, 464 U.S. 183 (1984) (citing *Fleuti* at 460) (holding a lawful resident alien may not "be excluded 'for a condition for which he could not have been deported had he remained in the

country …' because it would subject the alien to 'unsuspected risks and unintended consequences of … wholly innocent action.'").

Plaintiffs additionally try to buttress their claims with news reports (ECF No. 20 at 4-5, 7, 12), the opinion of an immigration attorney (ECF No. 20-1 "Susan Reed Declaration"), and Facebooks posts (ECF No. 20-1 at 3 ¶ 7), but these reflect only the confusion during the rollout of the Executive Order and do not establish that government officials have applied the Executive Order to LPRs since February 1st, at the latest. Simply put, Plaintiffs cite no relevant authority supporting their speculation that the Government will change its position regarding LPRs. This is fatal to any claims that all LPRs will be irreparably harmed without a permanent injunction.

Here, rather than providing a relevant sworn affidavit proving that LPRs have been denied entry since February 1, 2017, Plaintiffs support their live controversy claim with a declaration from Susan Reed, who makes generalized complaints about her confidence in the Government's execution of the Executive Order, but notably, Ms. Reed fails to give a single example of the Government applying the Executive Order to an LPR since February 1, 2017. ECF No. 20-1 at 5 ¶ 17. Plaintiffs rely on this statement to establish standing, but none of Susan Reed's recounted experiences took place on or after February 1, 2017. In fact, the one situation she describes, of her experience assisting an LPR client who

"was admitted to the United States after secondary inspection which took approximately 90 minutes," took place on January 29, 2017 – three days before the White House memorandum was released and four days before this Court's order. ECF No. 20-1 at 4 ¶ 10.  Plaintiffs rely heavily on Ms. Reed's opinions, conclusory allegations, and personal assessment of the Executive Order, but these are not enough to prove that there is or was a live controversy—over all LPRs—in this case.

## II.     The injunction issued did not comport with Rule 65's requirements.

The injunction must be vacated because Plaintiffs have failed to establish that this Court's Order permanently enjoining the Government met the strict requirements of Federal Rule of Civil Procedure 65.  Rule 65(d)(1)(A) requires a court to "state the reasons why [the injunction] issued."  Plaintiffs claim that this Court issued its injunction "at a truly emergent moment, the written order was necessarily more summary than one that might have been issued at a calmer time."  (ECF No. 20 at 18-19).  Yet, the Order at issue is a permanent injunction —not a temporary restraining order or even a preliminary injunction—over all LPRs (without any class having been certified by the Court) such that Plaintiffs' attempted excusal of the "summary" form of the order is completely misplaced. *Dep't of Def. v. Meinhold*, 510 U.S. 939, 939 (1993) (staying nationwide injunction insofar as it "grants relief to persons other than" named plaintiffs).

6

Plaintiffs have not shown or even alleged how the order complied with the exacting standards for issuance of a permanent injunction or class-wide relief under Civil Rule 23. Thus, the Court's Order for a permanent injunction is overbroad and facially invalid.

## CONCLUSION

For these reasons, the Government respectfully asks this Court to vacate its earlier order and instead issue the proposed amended order submitted herewith.

Dated: February 8, 2017 	Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General Civil Division

WILLIAM C. PEACHEY
Director

GISELA A. WESTWATER
Assistant Director

EREZ REUVENI
Senior Litigation Counsel

s/ Briana Yuh
BRIANA YUH
Trial Attorney
District Court Section
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, DC 200044
Telephone: (202) 532-4165
Facsimile: (202) 305-7000
Briana.Yuh@usdoj.gov

*Counsel for Defendants*

7

## **CERTIFICATION OF SERVICE**

I hereby certify that on February 8, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Michigan by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. Notification of such filing will send to the following:

Helal A. Farhat
Hfarhat@saflegal.com

Kassem M. Dakhlallah
Kassemdakhlallah@aol.com

Natalie C. Qandah
Natalie@vidalawpllc.com

Nabih H. Ayad
Ayadlaw@hotmail.com

Michael J. Steinberg
Msteinberg@aclumich.org

Miriam J. Aukerman
maukerman@aclumich.org

Mona Fadlallah
MONA@VIDALAWPLLC.COM

                                      s/ Briana Yuh
                                      BRIANA YUH
                                      Trial Attorney
                                      District Court Section
                                      Office of Immigration Litigation
                                      P.O. Box 868 Ben Franklin Station
                                      Washington, DC 200044

        Telephone: (202) 532-4165
        Facsimile: (202) 305-7000
        Briana.Yuh@usdoj.gov

        *Counsel for Defendants*