UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARAB AMERICAN CIVIL
RIGHTS LEAGUE, et al.,

      Plaintiffs,               Civil No. 17-10310
                                     Hon. VICTORIA A. ROBERTS
                                     Mag. Judge Stephanie Dawkins Davis

v.

DONALD TRUMP, et al.,

      Defendants.
_____/

**STATUS UPDATE RELATING TO
DEFENDANTS' POSITION ON ITS PENDING MOTION
TO DISSOLVE INJUNCTION AND AMEND ORDER [Doc. 15]**

In response to the Court's recent communications, Defendants ("the Government") hereby submit this Status Update to inform the Court of the Government's litigation position on the pending Motion to Dissolve Injunction and Amend Order in light of recent developments in litigation nationwide.

**I.    NO LIVE CASE OR CONTROVERSY**

The Government asserts that this Court is without jurisdiction under Article III to issue a ruling in this matter, let alone a permanent injunction, because there is no live case or controversy.[1] Any dispute that might have existed due to "reasonable

---

[1] Although the Ninth Circuit in *Washington v. Trump*, No. 17-35105, 2017 WL 526497 (9th Cir. Feb. 9, 2017) denied the Government's emergency motion for a

uncertainty" surrounding lawful permanent residents ("LPRs") directly following the signing of the Executive Order, is now moot. White House Memorandum, ECF No. 7-1. Both parties have agreed, on the record, that the Executive Order does not apply to LPRs, including LPR Plaintiffs, and Plaintiffs have provided no proof that the Government is currently applying the Executive Order to LPRs. Therefore, no dispute remains on this issue. *See Louhghalam v. Trump*, No. 17–10154–NMG, 2017 WL 479779, at *3 (D. Mass. Feb. 3, 2017) ("In light of the government's clarification that the E[xecutive ]O[rder] will not be applied to lawful permanent residents, the claims for injunctive relief by plaintiffs … are moot. With respect to those individuals, there is no ongoing conduct to enjoin. Thus, any declaration with respect to the lawfulness of the EO would be strictly advisory." (internal citation omitted)).

In an attempt to overcome this problem, Plaintiffs argue that, "[t]he legal permanent resident plaintiffs continue to plan and desire to travel outside the country for personal and/or business reasons—and absent the LPR Order cannot undertake such travel with assurance that they will be able to return to the United States." ECF No. 28 at 3. Where the Government has agreed, however, that the Executive Order does not affect LPR's rights to travel, Plaintiffs may not manufacture jurisdiction

---

stay pending appeal, that decision was a preliminary decision on a temporary restraining order and in any event, as explained herein, incorrect as to the matters before this Court.

where there is no live case or controversy. *U.S. v. Juvenile Male*, 131 S. Ct. 2890, 2011 WL 2518925, at *3 (2011) (*quoted in Jordan v. Sosa*, 654 F.3d at 1026) (finding an "indirect benefit in a future lawsuit[,]" "cannot save [a] case from mootness"); Note, Cases Moot on Appeal: A Limit on the Judicial Power, 103 U. Pa. L. Rev. 772, 75 (1955) ("For obvious reasons, courts prefer not to enter decrees which will have no effect on the present status of the parties, and will dismiss such cases in order to devote their time to the decision of live controversies, . . . ") (*quoted in Jordan*, 654 F.3d at 1026). An exception to mootness – which is what Plaintiffs must establish – can be invoked only when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Plaintiffs have failed to meet this burden with respect to at least the second factor. Plaintiffs have failed to offer *any* proof that the Government is applying the Executive Order to LPRs in general – or to the LPR Plaintiffs specifically. In fact, when asked by this Court to submit sworn affidavits to prove that LPRs have been denied entry since February 1, 2017, Plaintiffs failed to do so. *See* Pls.' Resp., ECF Nos. 20 & 20-1. Significantly, Plaintiffs have failed to provide evidence showing a

"reasonable expectation" that the Government will change its position in the future.[2] *Brunner v. Liautaud*, No. 14-c-5509, 2015 U.S. 1598106, at *10. (N.D. Ill. Apr. 8, 2015) ("The lack of any prior enforcement diminishes the Plaintiffs' argument that the wrongful conduct will occur again because no injury occurred to begin with."). For these reasons, there was no jurisdiction for this Court to enter a preliminary injunction against the Government.

## II.   PROHIBITION ON ADVISORY OPINIONS

If Article III's requirement of a live case or controversy is not determinative of Defendants' motion to vacate the permanent injunction, the Supreme Court's admonition against issuing advisory opinions should be. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937) (prohibiting "an opinion advising what the law would be upon a hypothetical state of facts"). Plaintiffs assert as a general matter that an injunction is needed to protect them in the future, just in case the Government changes its position. ECF No. 28 at 3. This Court obliged by entering a permanent

---

[2] Similarly, the "voluntary cessation" exception to the mootness doctrine also is inapplicable in this case. *See Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 174 (2000) ("A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case."). Indeed, as the Sixth Circuit has explained, where, as here, Plaintiffs proffer no evidence of a reasonable expectation that the alleged wrong – application of this Executive Order to LPRs in this case – will be repeated sufficient to counter the Defendants' position, dismissal for mootness is the only appropriate course. *See, e.g.*, *Mosley v. Hairston*, 920 F.2d 409, 415 (6th Cir. 1990); *accord Atkins v. Christiansen*, No. 1:08-CV-972, 2011 WL 4527357, at *2 (W.D. Mich. Sept. 28, 2011).

4

injunction – but did so without any briefing on the merits and without entering any specific findings as to the alleged likelihood of harm, the "reasonableness" of Plaintiffs' assertion that the Government will change its position before the Executive Order expires, or the lawfulness of any restrictions on the travel of any category of LPR. Significantly, even Plaintiffs admit in their Complaint that travel restrictions on some categories of LPRs may indeed be lawful. *See* Compl., ECF No. 1 at 9-10 (recognizing that LPRs who have only traveled briefly outside the United States may be treated differently than LPRs who have been absent for more than 180 days). Thus, the Court's order – devoid of fact or law supporting the imposition of an overly-broad permanent injunction – must be vacated. *Aetna Life Ins. Co.*, 300 U.S. at 239 (permitting an order "[w]here there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged").

### III. THE PERMANENT INJUNCTION IS INVALID

As Defendants have previously asserted in their Reply in support of their Motion to Dissolve Injunction and Amend Order (ECF No. 22) and Motion to Dissolve Injunction and Amend Order (ECF No. 15), the injunction must be vacated because Plaintiffs failed to establish – and this Court made none of the findings regarding – the four injunction factors. The Court's Order for a permanent injunction is overbroad and facially invalid because a court cannot issue a permanent

injunction unless the moving party makes an affirmative showing – and the court makes affirmative findings – that it carries its burden of proof on each of four factors: (1) success on the merits, (2) the potential for irreparable harm, (3) the balance of hardships, and (4) whether an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *O'Toole v. O'Connor*, 802 F3d 783, 788 (6th Cir. 2015).

These requirements were not complied with here. Moreover, although there might be overlap between some of the issues enjoined by the Western District of Washington in *Washington v. Trump*, No. 2:17-cv-00141 (W.D. Wash. 2017), that does not mitigate the Court's failure to explain why an injunction is the correct remedy here. Plaintiffs concede that irreparable harm no longer exists:

> Due to changed circumstances since Plaintiffs originally filed the TRO motion, Plaintiffs hereby withdraw the motion. Because of the entry of a broad, nationwide Temporary Restraining Order in *State of Washington v. Trump*, No. 2:17-cv-00141 (W.D. Wash. Feb. 3, 2017), several of the immigrant visa holder plaintiffs have already entered the United States and the rest plan to arrive either today or in the next several days. Accordingly, there is no need for further emergency relief. Once the immigrant visa holders are admitted to the United States, they do not currently anticipate needing additional immediate relief . . . But no current pressing need or plan to travel justifies emergency relief for the other plaintiffs.

(ECF No. 28 at 2-3). Nevertheless, Plaintiffs have never made an affirmative showing on the record that *they* (rather than someone else, somewhere in time) have met the standards for a valid permanent injunction to be issued. Until that takes

place, the issuance of a permanent injunction (ECF No. 8) by this Court is unwarranted and facially invalid.

## CONCLUSION

Defendants provide this status update and respectfully request that this Court consider the pleadings before it, issue a finding based on the record, dissolve the permanent injunction, and amend its prior permanent injunction (ECF No. 8).

Dated: February 13, 2017                    Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

GISELA A. WESTWATER
Assistant Director

EREZ REUVENI
Senior Litigation Counsel

s/ Briana Yuh
BRIANA YUH
Trial Attorney
District Court Section
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, DC 200044
Telephone: (202) 532-4165
Facsimile: (202) 305-7000
Briana.Yuh@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATION OF SERVICE**

I hereby certify that on February 13, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Helal A. Farhat
Hfarhat@saflegal.com

Kassem M. Dakhlallah
Kassemdakhlallah@aol.com

Natalie C. Qandah
Natalie@vidalawpllc.com

Nabih H. Ayad
Ayadlaw@hotmail.com

Michael J. Steinberg
Msteinberg@aclumich.org

Miriam J. Aukerman
maukerman@aclumich.org

Mona Fadlallah
MONA@VIDALAWPLLC.COM

*Counsel for Plaintiffs*

                                            s/ Briana Yuh
                                            BRIANA YUH
                                            Trial Attorney
                                            District Court Section
                                            Office of Immigration Litigation
                                            P.O. Box 868 Ben Franklin Station
                                            Washington, DC 200044
                                            Telephone: (202) 532-4165
                                            Facsimile: (202) 305-7000
                                            Briana.Yuh@usdoj.gov

                                            *Counsel for Defendants*