UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARAB AMERICAN CIVIL
RIGHTS LEAGUE, et al.,

      Plaintiffs,                            Civil No. 17-10310
                                                      Hon. VICTORIA A. ROBERTS
v.                                         Mag. Judge Stephanie D. Davis

DONALD TRUMP, et al.,

      Defendants.
_____/

**DEFENDANTS' RENEWED
MOTION TO VACATE PERMANENT INJUNCTION**

Defendants hereby respectfully move this Court under Federal Rule of Civil Procedure 60(b) to dissolve its prior order permanently enjoining the Government from applying Executive Order 13,769, signed on January 27, 2017, and titled "Protecting the Nation from Foreign Terrorist Entry into the United States,"82 Fed. Reg. 8977 (Feb. 1, 2017) (hereinafter, "Old EO"), to Lawful Permanent Residents ("LPRs").[1]  The injunction should be vacated because of defects in its issuance and because it has been rendered moot by the Executive Order 13,780, signed on March 6, 2017, and titled "Protection the Nation from Foreign Terrorist Entry into

---

[1] Pursuant to E.D. Mich. L.R. 7.1(a), on March 15, 2017, Defendants' counsel e-mailed Plaintiffs' counsel seeking concurrence in this motion.  Plaintiffs do not concur.

the United States," 82 Fed. Reg. 13209 (Mar. 9, 2017) (hereinafter, "the New EO"). In light of the New EO, which took effect on March 16, 2017, rescinding the Old EO and explicitly exempting LPRs from its scope, this Court's February 2, 2017 Permanent Injunction Order serves no purpose. *See* Defs.' Notice of Filing of Executive Order, ECF No. 39. This Court's grant of injunctive relief was premised on the existence of the Old EO and on alleged confusion regarding its application to LPRs returning to the United States after travel abroad. Because that premise was and is incorrect, the Old EO is no longer in effect, and the New EO explicitly excludes LPRs from its scope, "[t]he foundation upon which the claim for injunctive relief was built has crumbled," and there is "[n]o basis in federal law . . . for the injunctive relief imposed." *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994) (en banc). Accordingly, relief is appropriate under Rule 60(b)(5) & (6).[2]

## ARGUMENT

First, as discussed in Defendants' Motion to Dissolve Injunction and Amend Order, along with its associated filings, (ECF Nos. 15, 22, 33, and 39), this Court's

---

[2] On March 16, 2017, Plaintiffs filed a Notice Regarding Defendants' Motion to Dissolve Injunction (ECF No. 45). Plaintiffs' "Notice" appears to be a Motion styled as a Notice, which was preemptively filed after Defendants sought concurrence from Plaintiffs for the filing of this motion on March 15, 2017. Plaintiffs' Notice Regarding Defendants' Motion to Dissolve Injunction (ECF No. 45) should accordingly be treated as a preemptive Sur-reply to Defendants' Motion to Dissolve Injunction and Amend Order (ECF No. 15).

permanent injunction should be vacated because subsequent events have confirmed that its premise was incorrect and it was therefore unnecessary. During our telephonic conference and prior to the Court's issuance of the injunction, Defendants offered uncontroverted evidence that the Old EO was not applicable to (and was not being applied to) LPRs. In the month since the issuance of this Court's injunction, that evidence remains uncontroverted and, indeed, has been confirmed. There simply was and is no controversy between the parties as to the application of the Old EO to LPRs. Because this Court did not "set forth [any] reasons for its decision" that could justify the injunction absent the need for relief to LPRs, Fed. R. Civ. P. 65(d), vacating the permanent injunction is appropriate.

Second, the Court's order for a permanent injunction should be dissolved under Rule 60(b)(5) because it was based on the Court's interpretation of the Old EO, which is no longer in effect and has already been revoked. *See* ECF No. 39-1 at 19 (New Executive Order §§ 13, 14). The Sixth Circuit has recognized:

> Injunctions are one of the law's most powerful weapons. Ongoing injunctions should be dissolved when they no longer meet the requirements of equity. The law changes and clarifies itself over time. Neither the doctrines of *res judicata* or waiver nor a proper respect for previously entered judgments requires that old injunctions remain in effect when the old law on which they were based has changed.

*Sweeton*, 27 F.3d at 1166-67 (6th Cir. 1994); *see also Doe v. Briley*, 562 F.3d 777, 784 (6th Cir. 2009). Under such circumstances, Defendants should "be relieved from a final judgment or decree [because] it is no longer equitable that the

judgment have prospective application." *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 380 (1992); *see also* Fed. R. Civ. P. 60(b)(5) (relief from a judgment is appropriate where "it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"). Because the Court's permanent injunction enjoins the enforcement of a proclamation that is no longer in effect, it is inequitable for the permanent injunction to remain prospectively.

In essence, this Court's injunction no longer has any meaningful, practical, or relevant purpose. "An injunction is a drastic and extraordinary remedy," and should not be granted lightly, nor should an injunction remain in place when the circumstances under which it was ordered have dissipated. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010), *Sweeton v. Brown*, 27 F.3d 1162, 1166-67 (6th Cir. 1994). Because the Old EO has been rescinded, the permanent injunction ordered by this Court should likewise be rescinded. The Sixth Circuit has recognized that dissolution of injunctions should take place when "[t]he foundation upon which the claim for injunctive relief was built has crumbled," and as a result, "[n]o basis in federal law exists for the injunctive relief imposed[.]" *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty.*, 466 F.3d 391, 395 (6th Cir. 2006) (citing *Sweeton*, 27 F.3d at 1164). When "many of the alleged justifications for issuance of the injunction are no longer relevant," it is equitable for the injunction to be dissolved. *Washington v. Reno*, 35 F.3d 1093,

4

1095 (6th Cir. 1994).  Dissolution of the permanent injunction is therefore appropriate.

## CONCLUSION

Defendants respectfully request that this Court grant Defendants' Renewed Motion to Vacate the Permanent Injunction and dissolve its February 2, 2017 Permanent Injunction Order.

Dated:  March 20, 2017                      Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

GISELA A. WESTWATER
Assistant Director

EREZ REUVENI
Senior Litigation Counsel

JOSHUA S. PRESS
Trial Attorney

By: */s/ Briana Yuh*
BRIANA YUH
Trial Attorney
District Court Section
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4165

Facsimile: (202) 305-7000
Briana.Yuh@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATION OF SERVICE**

I hereby certify that on March 20, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to the attorneys of record.

>By: */s/ Briana Yuh*
>BRIANA YUH
>Trial Attorney
>United States Department of Justice
>Civil Division