## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ARAB AMERICAN CIVIL RIGHTS
LEAGUE, *et al.*,

      Plaintiffs,                            Case No. 17-10310

        v.                               Hon. Victoria A. Roberts

DONALD TRUMP, President of the United
States, *et al.*,

      Defendants.

_____/

## DEFENDANTS' MOTION TO EXTEND TIME FOR ISSUANCE OF A SCHEDULING ORDER UNDER RULE 16(b)

In its Order of March 3, 2017, this Court noted how, "[d]ue to the nature of this case, good cause may exist to delay entry of a scheduling order."  ECF No. 69 at 7. With a thoroughly dispositive Motion to Dismiss pending before the Court and complex—and potentially avoidable—discovery issues looming in the background, Defendants submit that good cause does in fact exist to extend the time for entry of a scheduling order until after resolution of Defendants' pending Motion to Dismiss.

1

This case presents special circumstances that counsel against entering into discovery at this juncture:  on the one hand, discovery would likely implicate the separation of powers and executive privileges, and impose substantial burdens on the parties and the Court in litigating those issues; on the other hand, extending the time for entering a scheduling order may (1) allow the Court to conserve judicial resources in the event the Motion to Dismiss is granted, or at the least (2) allow this Court to engage in more focused discovery after distilling the disputed issues through resolution of the Motion to Dismiss and possibly benefitting from circuit court decisions involving the same challenged Executive Order. Moreover, because two nationwide preliminary injunctions enjoin implementation of the challenged Executive Order, Plaintiffs would not be prejudiced by such an extension.

In the accompanying brief, Defendants expand upon the special circumstances involved in this case and respectfully request that the Court defer from entering a scheduling order no earlier than 21 days after this Court rules upon Defendants' currently pending Motion to Dismiss.[1]

---

[1]  *Cf.* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]"); Fed. R. Civ. P. 26(f)(1) (Rule 26(f) conference is not required until "at least 21 days before a scheduling conference is to be held").

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director

GISELA A. WESTWATER
Assistant Director

EREZ REUVENI
Senior Litigation Counsel

By: */s/ Joshua S. Press*
JOSHUA S. PRESS
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-0106
joshua.press@usdoj.gov

BRIANA YUH
Trial Attorney

*Attorneys for Defendants*

Dated: April 17, 2017

3

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ARAB AMERICAN CIVIL RIGHTS
LEAGUE, *et al.*,

       Plaintiffs,

          v.

DONALD TRUMP, President of the United
States, *et al.*,

       Defendants.

Case No. 17-10310

Hon. Victoria A. Roberts

_____/

**BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO EXTEND TIME FOR ISSUANCE
OF SCHEDULING ORDER UNDER RULE 16(b)**

## <u>TABLE OF CONTENTS</u>

**INTRODUCTION** ...................................................................................................1

**PROCEDURAL BACKGROUND AND CURRENT POSTURE OF THE
LITIGATION** ........................................................................................................2

**ARGUMENT** ........................................................................................................3

    I.     The Court Should Extend the Time for Entry of a Scheduling Order
           When A Motion To Dismiss Presenting Threshold Issues Of Law
           Remains Pending .................................................................................6

    II.    An Extension of Time for Entry of a Scheduling Order May
           Obviate or Reduce The Costs To The Court And Defendants............10

**CONCLUSION** ...................................................................................................14

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................ 14

*Bangas v. Potter*,
  145 F. App'x 139 (6th Cir. 2005) ..................................................... 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................ 13

*Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*,
  201 F.R.D. 1 (D.D.C. 2001) ............................................................ 7

*Cheney v. U.S. Dist. Court for D.C.*,
  542 U.S. 367 (2004) ........................................................................ 13

*Clinton v. Jones*,
  520 U.S. 681 (1997) ......................................................................... 4

*Crawford-El v. Britton*,
  523 U.S. 574 (1998) ......................................................................... 11

*Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*,
  349 F.3d 300 (6th Cir. 2003) ............................................................ 6

*Gilbert v. Ferry*,
  401 F.3d 411 (6th Cir. 2005) ............................................................ 4

*Hahn v. Star Bank*,
  190 F.3d 708 (6th Cir. 1999) ............................................................ 7

*Hawai'i v. Trump*,
  No. 17-cv-50, 2017 WL 1011673 (D. Haw. Mar. 15, 2017) ......................... 6, 7

*Int'l Refugee Assistance Project v. Trump*,
  No. 17-cv-361, 2017 WL 1018235 (D. Md. Mar. 16, 2017) ...................... 6

*Jiron v. City of Lakewood*,
   392 F.3d 410 (10th Cir. 2004) ........................................................... 11

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ............................................................. 4

*Nankivil v. Lockheed Martin Corp.*,
   216 F.R.D. 689 (M.D. Fla. 2003) ........................................ 8

*Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*,
   139 F.R.D. 609 (E.D. Pa. 1991) ......................................... 9

*Romar Sales Corp. v. Seddon*,
   No. 12-cv-838, 2013 WL 141133 (W.D. Mich. Jan. 11, 2013) .......................... 5

*Sarsour v. Trump*,
   No. 17-cv-120, 2017 WL 1113305 (E.D. Va. Mar. 24, 2017) ............................ 9

*Sigers v. Bailey*,
   No. 08-cv-13298, 2009 WL 2872814 (E.D. Mich. Sept. 1, 2009) ...................... 4

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) ............................................................ 8

*String Cheese Incident, L.L.C. v. Stylus Shows, Inc.*,
   No. 05-cv-01934, 2006 WL 894955 (D. Colo. Mar. 30, 2006) ........................ 8

*Toledo-Lucas Cnty. Port Auth. v. Axa Marine & Aviation Ltd.*,
   No. 99-cv-7320, 2004 WL 2203750 (N.D. Ohio, Sept. 28, 2004) ......... 9, 10, 11

*Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*,
   200 F.3d 795 (Fed. Cir. 1999) ......................................... 8

*Whitmore v. Arkansas*,
   495 U.S. 149 (1990) ........................................................ 8

*Williamson v. Recovery L.P.*,
   No. 06-cv-0292, 2010 WL 546349 (S.D. Ohio Feb. 10, 2010) ........................ 7

iii

# Other

8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040
    (2d ed. 1994) ............................................................................ 6

Fed. R. Civ. P. 1 ........................................................................... 11

Fed. R. Civ. P. 16(b) ............................................................. *passim*

Fed. R. Civ. P. 26(b)(1) .............................................................. 13

Fed. R. Civ. P. 26(c)(1) ........................................................... 5, 11

Fed. R. Civ. P. 26(d)(1) ................................................................ 2

Pursuant to Rules 7(b), 16(b), and 26(c) of the Federal Rules of Civil Procedure, Defendants respectfully move for entry of an order extending the time for issuance of a scheduling order pending a ruling on Defendants' Motion to Dismiss (ECF No. 76).[1]

An extension of the time for this Court to issue a scheduling order in this case—and a concomitant extension in the commencement of discovery—are warranted in this case for several reasons. As expressed in Defendants' Motion to Dismiss and the Memorandum attached thereto (collectively, "Defendants' Motion to Dismiss"), there are threshold legal issues (including Article III standing, ripeness, and prudential standing) that may entirely resolve this case, thereby obviating the need for any discovery. Additionally, the Court may determine that Plaintiffs have not stated any claims as a matter of law. In either case, dismissal would be appropriate, and discovery would be an unnecessary expenditure of both the Court's and the parties' time. Even if the Court ultimately does not grant Defendants' Motion to Dismiss in its entirety, resolution of the motion may dispose of or limit some claims, which might alter the scope of any discovery. Finally, given the approaching arguments in the Fourth and Ninth Circuits, even if

---

[1]   In accordance with LR 7.1, undersigned counsel for Defendants represents that he conferred with Plaintiffs' counsel on the relief sought by this motion and

1

this case is not dismissed in its entirety based on Defendants' motion, the Court would still benefit from an extension since rulings from those courts would likely provide this Court with guidance as to how to proceed. Accordingly, for the reasons expressed in Defendants' Motion to Dismiss and the argument presented below, the Court should delay entry of a scheduling order at least 21 days after the Court's disposition of Defendants' Motion to Dismiss.

## PROCEDURAL BACKGROUND
## AND CURRENT POSTURE OF THE LITIGATION

On March 6, 2017, the President signed an Executive Order titled "Protecting the Nation from Foreign Terrorist Entry into the United States" ("Order"). The Order had an effective date as of 12:01 a.m. (EDT) March 16, 2017. On March 16, 2017, Plaintiffs filed their Second Amended Complaint (ECF No. 41), which is the operative complaint in this matter. That same day, Plaintiffs also filed a Motion for Expedited Discovery (ECF No. 43). Plaintiffs claimed therein that the requested discovery would be directly relevant to their ability to demonstrate likelihood of success on the merits of a motion for preliminary injunction; however, no motion for a preliminary injunction was or is currently pending. On March 24, 2017, Defendants filed an Opposition to Plaintiffs' Motion

---

learned as a result that Plaintiffs intend to oppose it.

for Expedited Discovery (ECF No. 60). On March 31, 2017, this Court issued a decision denying without prejudice Plaintiffs' Motion for Expedited Discovery (ECF No. 69). On April 13, 2017, the Court held a telephonic status conference. After the Court granted Defendants' unopposed extension request (ECF No. 68), Defendants moved to dismiss Plaintiffs' Second Amended Complaint pursuant to Rules 12(b)(1), (6), and (c) of the Federal Rules of Civil Procedure on April 17, 2017 (ECF No. 76).

## ARGUMENT

Federal Rule of Civil Procedure 16(b) contemplates that a Court may delay issuance of its scheduling order for "good cause." Fed. R. Civ. P. 16(b)(2). Further, the Court's authority "to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This power encompasses holding in abeyance or staying the merits phase of a case. *Id.* at 253–54. Under this authority, the Sixth Circuit has often recognized how "[d]istrict courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 Fed. App'x 139, 141 (6th Cir. 2005); *Gilbert v. Ferry*, 401 F.3d 411,

415–16 (6th Cir. 2005) (ruling that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's jurisdiction); *Sigers v. Bailey*, No. 08-13298, 2009 WL 2872814, at *2 (E.D. Mich. Sept. 1, 2009) ("It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion." (internal quotations and citations omitted)). Under this backdrop, movants "are not required to show a substantial likelihood of success on their dispositive motion, nor are they required to show irreparable harm .... The appropriate standard is 'good cause'—no more and no less." *Romar Sales Corp. v. Seddon*, No. 1:12-CV-838, 2013 WL 141133, at *2 (W.D. Mich. Jan. 11, 2013) (citing Fed. R. Civ. Proc. 26(c)(1)).

Pursuant to Federal Rule of Civil Procedure 16(b), the 2015 Amendment from the Advisory Committee states that "[a]t the same time, a new provision recognizes that the court may find good cause to extend the time to issue the scheduling order." The Committee therefore suggested that delayed entry of a scheduling order would be warranted for "[l]itigation involving complex issues, multiple parties, and large organizations, public or private" because such cases "may be more likely to need extra time to establish meaningful collaboration

4

between counsel and the people who can supply the information needed to participate in a useful way."

Good cause to delay the commencement of discovery exists in this case. Fundamental questions of standing and jurisdiction have not yet been decided. It is critical that the Court has the opportunity to resolve these questions, and then determine whether the Complaint states any plausible claim for relief, before the issuance of a scheduling order and discovery commences. As explained in more detail by Defendants' Motion to Dismiss, this is a case that may be resolved by the Court's legal interpretation of the text of the President's Executive Order. When a fully dispositive motion is pending, "[l]imitations on pretrial discovery are appropriate [because the] claims may be dismissed 'based on legal determinations that could not [be] altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). Ever since the days when courts entertained equity bills for discovery, courts have applied "the principle of judicial parsimony" to extend the commencement of discovery until threshold issues are resolved. *See* 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521–22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on

5

other issues until the critical issue has been decided."). Moreover, because two nationwide preliminary injunctions enjoin implementation of the challenged Executive Order,[2] Plaintiffs would not be prejudiced here.

## I.   The Court Should Extend the Time for Entry of a Scheduling Order When A Motion To Dismiss Presenting Threshold Issues Of Law Remains Pending.

As the Sixth Circuit has recognized, "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). It is similarly understood that "the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing *Marrese v. Am. Acad. of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)). Courts applying these principles have stated how "discovery is

---

[2]   On March 15, 2017, the District Court for the District of Hawaii enjoined enforcement of Sections 2 and 6 of the Order nationwide. *See Hawai'i v. Trump*, No. 17-cv-50, 2017 WL 1011673, at *1 (D. Haw. Mar. 15, 2017). The following day, the District Court for the District of Maryland entered a nationwide preliminary injunction against enforcement of Section 2(c) of the Order. *See Int'l Refugee Assistance Project v. Trump*, No. 17-cv-361, 2017 WL 1018235, at *18 (D. Md. Mar. 16, 2017). Defendants appealed both decisions; *Int'l Refugee Assistance Project* will be argued before the en banc Fourth Circuit on May 8 and *Hawai'i* is scheduled to be argued in the Ninth Circuit on May 15 (in which Plaintiffs' motion for argument en banc is currently pending).

generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005). The posture of this case easily fits this profile because Defendants' Motion to Dismiss presents both threshold jurisdictional issues and purely legal questions that could dispose of the entire case as a matter of law. Thus, although the filing of a motion to dismiss does not always result in an extension of time before commencing with discovery, the nature of this case counsels strongly for the Court to exercise its discretion to do so. *See, e.g.*, *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (thirty-day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action").

First, the pending motion to dismiss would resolve the entire case if the Court agrees that Plaintiffs lack Article III or prudential standing, or their claims are unripe. Proceeding to the merits while Plaintiffs' standing (and thus, the

7

Court's jurisdiction) is in doubt "carries the courts beyond the bounds of authorized judicial action," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998), because "the first and fundamental question is that of jurisdiction." *Id.* (internal quotation marks and citation omitted); *see also Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990) ("It is well established … that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue.").

Second, Plaintiffs' challenges to the Executive Order present issues that are pure matters of law that can be decided by this Court on Defendants' Motion to Dismiss. To the extent Plaintiffs seek discovery to develop or corroborate their claim that the Order was based on animus, they are putting the cart before the horse. As a purely legal threshold question, this Court must first determine whether it can look beyond the Order's facially neutral content and bona fide official purpose. *See Sarsour v. Trump*, No. 17-cv-120, 2017 WL 1113305, at *11 (E.D. Va. Mar. 24, 2017) (as a matter of law, limiting review of facially-neutral Order's "official objective" to public statements by "the President and his closest advisors"). Numerous courts facing such straightforward matters of interpretation have likewise denied or postponed discovery. *See, e.g., Toledo-Lucas Cnty. Port Auth. v. Axa Marine & Aviation Ltd.*, No. 99-cv-7320, 2004 WL 2203750, at *2–3

8

(N.D. Ohio, Sept. 28, 2004) (denying motion to compel discovery of extrinsic evidence unless and until court determined there was any ambiguity); *Rhone-Poulenc Rorer Inc. v. The Home Indem. Co.*, 139 F.R.D. 609, 612 (E.D. Pa. 1991) (same).

Even if the Court's ruling on Defendants' Motion to Dismiss does not resolve the case entirely, it will likely at least limit Plaintiffs' claims and provide legal guidance as to whether and what areas of discovery would be permissible or necessary. Although Plaintiffs have argued that they need discovery for an impending motion for a preliminary injunction, discovery is unnecessary considering that multiple courts across the country have been able to rule on such motions without having to delve into any burdensome discovery. *See* Order Denying Without Prejudice Plaintiffs' Motion for Expedited Discovery, at 5 (ECF No. 69) (noting how "[t]his is a unique case where relevant information in the public domain is extensive" and how "similarly situated plaintiffs in other jurisdictions have successfully moved for preliminary injunctive relief based on publically available information alone").

## II.   An Extension of Time for Entry of a Scheduling Order May Obviate or Reduce The Costs To The Court And Defendants.

9

Extending the time for entry of a scheduling order pending resolution of Defendants' Motion to Dismiss makes good sense from a case-management perspective. As explained by the court in *Toledo-Lucas:* "If the [issues] can be resolved by examining the policies, and … can be understood without uncertainty as to their meaning, the need for discovery will have been reduced substantially, if not eliminated entirely." *Toledo-Lucas*, 2004 WL 2203750 at *8–9. *See also* Fed. R. Civ. P. 1 (stating that all rules "should be construed, administered, and employed … to secure the just, speedy and inexpensive determination of every action and proceeding").

District courts enjoy extremely broad discretion in controlling discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1), including an order that delays the commencement of discovery while the Court decides a potentially dispositive motion. Extending the commencement of discovery may be particularly appropriate where discovery can be disruptive to a government entity. *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004).

Plaintiffs contemplate a wide-ranging inquiry that would extend far beyond the text of the Order and impose significant operational challenges for the

10

Defendants. Extending the time for entry of a scheduling order is appropriate here because discovery in this case would involve deposing several individual and organizational plaintiffs, as well as requests and interrogatories of numerous governmental agencies implicating separation-of-powers issues, executive communications, deliberative process, and investigative privileges. *See* 2015 Amendment to Advisory Committee Notes ("Litigation involving complex issues, multiple parties, and large organizations, public or private, may be more likely to need extra time[.]"). Discovery would also involve third party information in government possession that may be privileged under the First Amendment and requests for deliberative material relating to the President-Elect's activities, a constitutional issue of first impression. As all of these requests would require high levels of coordination between large agencies and hundreds if not thousands of attorney hours reviewing any responsive documents for privilege, this case will likely involve substantial and expensive discovery, which dismissal would render moot. The cost associated with the collection, review and production of documents, and data within the scope of the present Second Amended Complaint, creates an enormous burden for the Government. Should the Court dismiss Plaintiffs' Complaint, or reduce the scope of the lawsuit by dismissing some or all of the claims, much or all of this cost could be avoided.

11

In this case, the sheer volume of discovery that Plaintiffs anticipate is extraordinary given the nature of this case—a challenge to the President's authority to exclude aliens. Extending the time for entry of a scheduling order and thereby delaying the commencement of discovery pending a ruling on Defendants' Motion to Dismiss might eliminate the need to come before this Court to ask the Court to establish the scope of discovery. If the Court were instead to order discovery now, the parties and the Court would certainly spend substantial time litigating the appropriate contours of discovery—litigation that may be entirely unnecessary by the Court's resolution of the pending Motion to Dismiss. This concern with cost and efficiency is amplified in light of Plaintiffs' allegations against the President and the substantial separation-of-powers concerns implicated by their discovery requests. In the past, the Supreme Court has instructed that "the Executive's constitutional responsibilities and status are factors counseling judicial deference and restraint in the conduct of litigation against it." *See, e.g.*, *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 389 (2004). Defendants (including the Chief Executive) should therefore be protected from the burden of resource-intensive discovery while this Court rules upon the Motion to Dismiss. *Id.*

"The high respect that is owed to the office of the Chief Executive is a matter that should inform the conduct of the entire proceeding, including the

12

timing and scope of discovery." *Id.* at 385. The amendments to the federal discovery rules caution that discovery must be "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1). The Supreme Court, in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), noted the "extensive scope" and "potentially enormous expense" of discovery in that antitrust case. *See id.* at 558–59. As the Supreme Court observed: "The costs of modern federal…litigation and the increasing caseload of federal courts counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiff[] can construct a claim from the events related in the complaint[.]" *Id.* at 558; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (ruling that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). By extending the time for entry of a scheduling order, this Court would prevent Plaintiffs from draining public funding while Defendants await the Court's ruling on the Motion to Dismiss. Plaintiffs' desire for discovery for a motion for preliminary injunction (which they have not yet filed) cannot justify allowing the case to proceed prior to this Court having an opportunity to rule on Defendants' Motion to Dismiss.

Until the Court makes its determination as to Plaintiffs' Complaint and what claims may proceed in what form, the parties should not be required to incur the

13

extraordinary burdens related to discovery and other pre-trial proceedings associated with such claims.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that good cause exists to postpone the commencement of discovery, and request that the Court delay entering a scheduling order until at least 21 days after this Court rules upon Defendants' currently pending Motion to Dismiss.

Respectfully submitted this 17th day of April 2017.

> CHAD A. READLER
> Acting Assistant Attorney General
>
> WILLIAM C. PEACHEY
> Director
>
> GISELA A. WESTWATER
> Assistant Director
>
> EREZ REUVENI
> Senior Litigation Counsel
>
> By: */s/ Joshua S. Press*
> JOSHUA S. PRESS
> Trial Attorney
> United States Department of Justice
> Civil Division
> Office of Immigration Litigation
> District Court Section
> P.O. Box 868, Ben Franklin Station

14

Washington, DC 20044
Phone: (202) 305-0106
joshua.press@usdoj.gov

BRIANA YUH
Trial Attorney

*Attorneys for Defendants*

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 17, 2017, I electronically filed the foregoing DEFENDANTS' MOTION TO EXTEND TIME FOR ISSUANCE OF A SCHEDULING ORDER UNDER RULE 16(b) with the Clerk of the Court for the Eastern District of Michigan by using the CM/ECF system. Notice of this filing will be sent out to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

By:  */s/ Joshua S. Press*
      JOSHUA S. PRESS
      Trial Attorney
      United States Department of Justice
      Civil Division

16