# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **ARAB AMERICAN CIVIL RIGHTS LEAGUE**, et al., | |
| *Plaintiffs*, | Case No. 2:17-cv-10310-VAR-SDD |
| *v.* | Hon. Victoria A. Roberts |
| **DONALD TRUMP**, et al., | Mag. J. Stephanie D. Davis |
| *Defendants*. | |

## PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS TO DEFENDANTS

Plaintiffs hereby propound the following First Set of Document Requests to Defendants under Rule 34 of the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

A.  Definitions

As used herein, the identified terms or abbreviations have the following meanings:

1. **"DOCUMENT REQUEST"** refers to Plaintiffs' First Set of Document Requests to Defendants in this action.

2. **"TRUMP CAMPAIGN"** means Donald J. Trump for President, Inc., Trump Make America Great Again Committee, and all of their affiliates,

parents, subsidiaries, predecessors, successors, partnerships, partners, and all related entities, as well as their officers, directors, employees, internal and outside counsel, agents, representatives, consultants, spokespeople, advisers, and any other person(s) acting under their control or on their behalf.

3. **"PROPOSED MUSLIM BAN / EXTREME VETTING / TRAVEL BAN"** means any and all proposals by or on behalf of Donald J. Trump involving any of the following: prohibitions or restrictions on entry into the United States by Muslims, enhanced vetting procedures for Muslims seeking to enter the United States, prohibitions or restrictions on entry into the United States by individuals from a list of countries to be identified, enhanced vetting procedures for individuals seeking to enter the United States from a list of countries to be identified, or the policy or policies reflected in Executive Order 13769 or Executive Order 13780.

4. **"EXECUTIVE ORDER 13769"** refers to Executive Order No. 13769, entitled "Protecting the Nation From Foreign Terrorist Entry Into the United States," which was issued on January 27, 2017, and published at 82 Fed. Reg. 8977-82.

5. **"EXECUTIVE ORDER 13780"** refers to Executive Order No. 13780, entitled "Protecting the Nation From Foreign Terrorist Entry Into the

United States," which was issued on March 6, 2017, and published at 82 Fed. Reg. 13209-19.

      6.   **"IDENTIFY"** means:

      a.   when used with respect to a natural person, provide his or her full name, last known business address and telephone number, and last known business position or title and affiliation;

      b.   when used with respect to a document or written communication, provide its date; the name and job title of the preparer(s), sender(s), and recipient(s) of the document or written communication; the name and job title of all persons to whom copies of the document or written communication were furnished; the subject matter of the document or written communication; and the present or last known location and custodian or custodians of the document or written communication; except that with respect to any document produced in response to Plaintiffs' Document Requests, you need only identify such document by listing its date, the name of the sender and recipient of the document, or the stamped production number if any;

      c.   when used with respect to oral communications, provide the nature and substance of the communication, the date when and place where such oral communication occurred, each person who participated in the communication, and each person present when the communication occurred.

7. "**COMMUNICATION**" means any meeting, telephone conversation, facsimile, incoming or outgoing e-mail message, text message, face-to-face conversation, letter, or other written, oral, or electronic transmittal or exchange of information.

8. "**MEETING**" means any discussion or conversation involving two or more people, whether conducted in person, by telephone, or electronically, and whether held formally or informally, and whether or not scheduled in advance, including conferences, conference calls, online meetings, and videoconferences.

9. "**DOCUMENT**" means, without limitation, and whether or not they are publicly available, the originals, marked copies, drafts, regardless of origin, whether sent or received, whether made or used internally, and both sides thereof, of the following items, whether printed, recorded, taped, written by hand, or produced, reproduced, or stored by any mechanical or electronic process: agreements, brochures, communications, contracts, correspondence, diaries, electronic mail ("e-mail") messages, letters, memoranda, manuals, handbooks, circulars, policy statements, minutes of meetings or conferences, notes, reports, summaries or records of personal conversations or interviews, summaries or records of telephone conversations, summaries or records of negotiations or investigations, computer printouts, computer tapes, computer programs, and any and all other electronically stored information (including available meta data),

tangible things, writings, drawings, graphs, charts, photographs, sound recordings, images, spreadsheets, or other data or data compilations in whatever form they exist. The term "DOCUMENT" also means every copy of a document where such copy is not an identical duplicate of the original. Any copy of a document bearing any comment or notation that is not a part of the original text is to be considered a separate "DOCUMENT." Any draft or other preliminary form of any document is also to be considered a separate "DOCUMENT."

10. **"PERSON"** means any natural person, firm, corporation, partnership, proprietorship, cooperative, association, joint venture, organization, governmental body, committee, commission, group, or other entity, and any agent or employee of any of those individual entities.

11. **"RELATE OR REFER"** or **"RELATING OR REFERRING"** shall be construed broadly and shall mean, for example, pertaining to, containing, describing, reflecting, regarding, illustrating, mentioning, evidencing, embodying, constituting, supporting, discussing, or having any logical or factual connection whatsoever with the subject matter in question.

12. **"YOU"** and **"YOUR"** refer to the Defendants in this action, including all of their departments, agencies, employees and agents, and any other person or entity acting or purporting to act on their behalf, at their direction, or under their supervision.

13. All uses of the conjunctive herein include the disjunctive and vice versa. Words in the singular form include the plural form and vice versa.

B.  Instructions

1. Produce all documents in your possession, custody, or control, or otherwise available to your employees, agents, consultants, attorneys, and accountants, whether past or present.

2. Produce in their entirety all documents that respond, in whole or in part, to any portion of the production requests, including any and all attachments and enclosures. Produce all electronically stored information in native form, with all meta data intact.

3. Produce all drafts, marked-up versions, preliminary versions, or other non-identical copies of documents requested, and produce all documents with all hand-written notations, marginalia, and interlineations intact.

4. If any information is withheld by you under a claim of privilege, please set forth in your written response for each document or information for which a claim of privilege is made:

    (a)   <u>Principals</u>. The name and title of the author(s), sender(s), addressee(s), and recipient(s) of the document.

    (b)   <u>Date</u>. The date of the document.

(c) <u>Publications</u>. The date and title of each person to whom the contents of the document has been disclosed by copy, exhibition, reading, summarization, or otherwise.

(d) <u>Descriptions</u>. A description of the nature and subject matter of the document.

(e) <u>Privilege</u>. A statement of the privilege(s) and the basis or bases upon which the privilege(s) is or are asserted.

5. If any document is withheld under a claim that only part of a document is exempt from production by reason of a privilege or privileges, produce the part(s) of the document that are not claimed to be exempt from production by reason of a privilege or privileges.

6. If you cannot produce a requested document for any reason, identify the document as fully and accurately as possible and state the reason(s) that the document cannot be produced.

7. Affix Bates numbers to all documents produced.

8. These Requests are continuing in nature. Therefore, you are obligated to provide, by way of supplemental responses and documents, whatever information may hereafter be obtained by you, or by anyone on your behalf, that will supplement this request.

## DOCUMENT REQUESTS

1. A copy of the "memorandum" (or "white paper") that Rudolph Giuliani and others provided to Donald J. Trump or others working for or on behalf of the Trump Campaign in approximately May to July 2016, which was discussed extensively by Mr. Giuliani during public appearances on or about July 8, 2016, November 13, 2016 and January 28, 2017, by Rep. Michael McCaul in public appearances in late January and early February 2017, and by Susan Phelan, Spokeswoman for the House Committee on Homeland Security, on or about January 30, 2017.[1]

**RESPONSE:**

---

[1] http://www.nj.com/politics/index.ssf/2016/07/exclusive_giuliani_source_of_trump_shift_on_muslim.html; www.cnn.com/TRANSCRIPTS/1611/13/sotu.01.html); https://www.washingtonpost.com/news/the-fix/wp/2017/01/29/trump-asked-for-a-muslim-ban-giuliani-says-and-ordered-a-commission-to-do-it-legally/?utm_term=.75466c390ef0; http://www.mcclatchydc.com/news/politics-government/white-house/article129703344.html; https://www.texastribune.org/2017/02/07/michael-mccaul-calls-trumps-travel-ban-rollout-problematic/.

2. All documents or communications created <u>after May 10, 2016 and prior to July 10, 2016</u> referring or relating to the Proposed Muslim Ban / Extreme Vetting / Travel Ban, and which involve the "commission" or "group" discussed extensively by Rudolph Giuliani, Rep. Michael McCaul and Susan Phelan in the public appearances referenced in Document Request No. 1. This request includes but is not limited to drafts of the document requested in Document Request No. 1, and any responses to that document (or drafts of that document) by Donald J. Trump or others working for or on behalf of the Trump Campaign.

**RESPONSE:**

3. All documents or communications created <u>after July 8, 2016 and prior to November 8, 2016</u> which refer or relate to the Proposed Muslim Ban / Extreme Vetting / Travel Ban, and which were created by, sent by, or received by any of the following individuals: (i) Donald J. Trump, (ii) Rudolph Giuliani, (iii) Senator Jeff Sessions, (iv) Kansas Secretary of State Kris Kobach, (v) Stephen Bannon, or (vi) Stephen Miller.

**RESPONSE:**

4. All documents, communications, or analyses created <u>after November 8, 2016 and prior to January 20, 2017</u> which refer or relate to the Proposed Muslim Ban / Extreme Vetting / Travel Ban, and which were created or transmitted by any of the "several" Congressional employees or staff members referenced in news articles published in late January or early February 2017.[2] This request includes but is not limited to the nondisclosure agreements reportedly signed by the Congressional employees or staff members at issue in this request.

**RESPONSE:**

---

[2] http://www.politico.com/story/2017/01/trump-immigration-congress-order-234392; http://www.cnn.com/2017/01/31/politics/house-staff-worked-on-trump-executive-orders/; https://www.msn.com/en-us/lifestyle/family-relationships/capitol-hill-staff-secretly-wrote-trump%E2%80%99s-travel-ban-order/vp-AAmrcKo.

Dated: April 6, 2017

Respectfully submitted,

/s/ Jason C. Raofield
Jason C. Raofield (D.C. Bar #463877)
Covington & Burling LLP
One CityCenter
850 10th Street, NW
Washington, D.C. 20001
(202) 662-5072
Email: jraofield@cov.com

*Counsel for Plaintiffs American Civil Liberties Union of Michigan, Arab American and Chaldean Council, Arab American Studies Association, Adeeb Saleh, Sofana Bella, Hilal Alkateeb and S.A., a minor through her Parent and Next Friend, Hilal Alkatteeb*

11

# CERTIFICATE OF SERVICE

On April 6, 2017, I caused to be served PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS TO DEFENDANTS on all Parties to this action in the following manner:

(1) On counsel for Plaintiffs by electronic mail

(2) On counsel for Defendants by hand delivery and electronic mail to the following:

Joshua S. Press (Joshua.Press@usdoj.gov)
Briana Yuh (Briana.Yuh@usdoj.gov)
Gisela Westwater (Gisela.Westwater@usdoj.gov)
U.S. Department of Justice
Civil Division, Office of Immigration Litigation
450 5th Street, NW
Washington, DC  20530

/s/ Jason C. Raofield
Jason C. Raofield (D.C. Bar #463877)