# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ARAB AMERICAN CIVIL RIGHTS
LEAGUE, *et al.*,

    Plaintiffs,                              Case No. 17-10310

      v.                                          Hon. Victoria A. Roberts

DONALD TRUMP, President of the United
States, *et al.*,

    Defendants.
_____/

### DEFENDANTS' REPLY TO PLAINTIFFS' BRIEF IN PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME FOR ISSUANCE OF A SCHEDULING ORDER UNDER RULE 16(b)

Defendants hereby reply to Plaintiffs' Brief in Partial Opposition to Defendants' Motion to Extend Time For Issuance of a Scheduling Order Under Rule 16(b) (ECF No. 78) ("Plaintiffs' Opposition" or "Pls.' Opp."). Defendants' Motion to Extend Time For Issuance of a Scheduling Order Under Rule 16(b) (ECF No. 77) ("Defendants' Motion" or "Defs.' Mot.") presented good cause for this Court to grant Defendants' Motion, *see* Fed. R. Civ. P. 16(b)(2), 26(c); *see also* Order (ECF No. 69), at 7 (noting how "[d]ue to the nature of this case, good cause may exist to delay entry of a scheduling order") and nothing presented in

1

Plaintiffs' Opposition detracts from that showing. Notably, Plaintiffs do not oppose deferral of a full pretrial scheduling order, but seek to proceed immediately with "limited discovery" to support a forthcoming motion for a preliminary injunction. Pls.' Opp. at 1. The Court should deny that request for several reasons. First, like several courts that have addressed the Executive Order, this Court need not authorize early discovery in advance of preliminary injunction proceedings. Second, Plaintiffs' assumption that the Court will deny Defendants' motion to dismiss does not undermine the good cause shown for delaying discovery until this Court has an opportunity to make its own determination on that motion. Third, Plaintiffs' requested discovery is, in fact, exceptionally broad and likely implicates sensitive privilege issues and potential separation-of-powers concerns. Finally, entering a scheduling order before resolution of significant threshold challenges would be imprudent under Civil Rules 16(b) and 26.

## ARGUMENT

**I.  Delaying Issuance of the Scheduling Order Remains Appropriate Until After This Court Rules On Defendants' Motion to Dismiss.**

Plaintiffs contend that they be permitted to proceed immediately with "limited discovery" because "it is highly unlikely" that this Court will grant Defendants' motion to dismiss. Pls. Opp. at 1, 2. They insist that "other courts

have rejected many of the same arguments … about the same executive action." Pls.' Opp. at 2.[1] But Plaintiffs conveniently overlook how one court has accepted much of the Government's arguments. *See Sarsour v. Trump*, — F. Supp. 3d —, 2017 WL 1113305 (E.D. Va. Mar. 24, 2017). And, of course, those decisions came in the context of preliminary injunction rulings that were made without the need for early discovery—just the opposite of what Plaintiffs claim to seek here. Ultimately, Defendants' position is that the challenges to the Executive Order present legal issues that will not require discovery, and that position should be tested through consideration of Defendants' Motion to Dismiss or, if Plaintiffs wish, a ruling on a preliminary injunction. Regardless, whether the Court grants or denies Defendants' Motion to Dismiss does not undermine Defendants' argument that there is good cause to delay discovery while this Court considers and rules upon that dispositive motion. Defs.' Mot. at 5–6.

In any event, Plaintiffs' suggestion that Defendants' motion to dismiss lacks merit is wrong. Plaintiffs argue that other courts have rejected Defendants' arguments while ignoring how one court has ruled in Defendants' favor, *Sarsour*,

---

[1] Curiously, Plaintiffs' string citation on this point begins with a decision regarding the Revoked Order, Pls.' Opp. at 2 (citing *Washington v. Trump*, 847 F.2d 1151 (9th Cir. 2017) (per curiam), which is not "the same executive action" at issue here.

2017 WL 1113305, at *12–13, and two appellate courts are actively considering the issues. Early discovery is wholly unwarranted in these circumstances—especially where the dispute is purely legal and Plaintiffs face no immediate jeopardy given the nationwide injunctions entered by other courts.

The fact that courts disagree regarding the scope of these claims is itself proof of the requisite "good cause." Courts in this circuit routinely grant stays of discovery upon a showing of good cause, such as where "claims may be dismissed based on legal determinations that could not have been altered by any further discovery." *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003). And courts grant stays in situations where the burdens of discovery on the defendant outweigh the benefits of that discovery to the plaintiff. *See Ohio Power Co. v. Frontier N. Inc.*, 2014 WL 12586318, at *3 (S.D. Ohio Oct. 30, 2014); *Novel v. Lowe*, 2014 WL 559088, at *2 (S.D. Ohio Feb. 11, 2014).

Moreover, Plaintiffs explain that their requested discovery is aimed at gathering evidence of religious animus and discriminatory intent. Pls.' Opp. at 5–6. As Defendants have explained, however, the Order's national security focus demonstrates a facially legitimate and bona fide purpose that precludes the need to look at any purported evidence of perceived religious animus. *See* Defs.' Mot. to Dismiss (ECF No. 76), at 18 (citing *Kleindienst v. Mandel*, 408 U.S. 703, 770

(1972)). The Court should decide that threshold issue before permitting discovery to proceed, especially where this Court has already noted how "similarly situated plaintiffs in other jurisdictions have successfully moved for preliminary injunctive relief based on publically available information alone." Order (ECF No. 69), at 9. Thus, Plaintiffs can seek preliminary relief now without discovery (and while the nationwide injunctions issued by the other courts fully protect Plaintiffs). Once the Defendants' (and the Court's) efforts, expenses, and interruptions are incurred, they cannot be undone if the case is dismissed. Thus, the burden imposed by Plaintiffs' request for constitutionally problematic discovery (*see* section II below) outweighs any inconvenience they might suffer by delay.

**II. Plaintiffs' Discovery Is Broad And Likely Implicates Executive Privilege And The Separation Of Powers.**

Plaintiffs characterize their discovery requests as "limited," "narrow," and capable of being conducted without greatly impacting Defendants or the Court. Pls.' Opp. at 6. But these assertions are belied by Plaintiffs' request for "all documents, communications, or analyses" or "all documents or communications" referring or relating to topics implicating the President's decisionmaking processes (Document Request Nos. 3–4, ECF No. 78-2). Such "limited" discovery likely raises separation-of-powers issues of first impression.

5

First, the discovery sought from Defendants in this case—the President and other executive officers sued in their official capacity—includes documents generated or received by them before the President took office but concerning actions to be taken when he became President. Such discovery may implicate the separation of powers and the complicated issue of seeking discovery from official-capacity defendants of documents that were allegedly generated and possessed by them as private individuals prior to becoming government officials. The Supreme Court has instructed that courts must take special care to ensure that civil discovery requests do not intrude on the "public interest" in (1) "afford[ing] Presidential confidentiality the greatest protection consistent with the fair administrative of justice"; and (2) "protecting the Executive Branch from vexatious litigation that might distract it from the energetic performance of its constitutional duties." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 382 (2004). Second, Plaintiffs' discovery requests implicate an issue of first impression: the contours of the executive privilege as it may apply to a President-elect assembling his Administration and considering policy to be made upon taking the oath.

These concerns about the burdens of discovery should not to be taken lightly and militate in favor of delaying discovery. *See Jones v. Clinton*, 869 F. Supp. 690, 698 (E.D. Ark. 1994) (courts should avoid "hamper[ing] the President

6

in conducting the duties of his office"), *aff'd in part, rev'd in part*, 72 F.3d 1354 (8th Cir. 1996), *aff'd*, 520 U.S. 681 (1997).

### III. Allowing Discovery Now Would Be Unwise.

Civil litigants' ability to hale the Executive Branch into court and probe information the President was provided goes directly to the "core" of executive privilege. *See, e.g.*, *Cheney*, 542 U.S. at 383–84 ("The distinction … between criminal and civil proceedings is not just a matter of formalism[.]"). Under such circumstances, courts have long controlled both the timing and scope of discovery when there are otherwise dispositive issues that could be decided to resolve or limit the scope of a case. *See Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936); *Cheney*, 542 U.S. at 389; *Beydoun v. Holder*, 2015 WL 631948, at *3–4 (E.D. Mich. Feb. 13, 2015). Engaging in discovery now—with a potentially dispositive motion to dismiss before the Court and decisions from two circuit courts of appeal anticipated in the near future on related issues—is premature and unwise. Given the posture of this case, the Court should delay discovery.

### CONCLUSION

For the foregoing reasons, Defendants respectfully submit that good cause exists for a stay of discovery and request that the Court order such a stay until the Court has fully considered Defendants' motion to dismiss.

Respectfully submitted this 28th day of April 2017.

        CHAD A. READLER
        Acting Assistant Attorney General

        WILLIAM C. PEACHEY
        Director

        GISELA A. WESTWATER
        Assistant Director

        EREZ REUVENI
        Senior Litigation Counsel

By: */s/ Joshua S. Press*
    JOSHUA S. PRESS
    Trial Attorney
    United States Department of Justice
    Civil Division
    Office of Immigration Litigation
    District Court Section
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 305-0106
    joshua.press@usdoj.gov

    BRIANA YUH
    Trial Attorney

    *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2017, I electronically filed the foregoing DEFENDANTS' REPLY TO PLAINTIFFS' BRIEF IN PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME FOR ISSUANCE OF A SCHEDULING ORDER UNDER RULE 16(b) with the Clerk of the Court for the Eastern District of Michigan by using the CM/ECF system. Notice of this filing will be sent out to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

By: */s/ Joshua S. Press*
    JOSHUA S. PRESS
    Trial Attorney
    United States Department of Justice
    Civil Division