UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARAB AMERICAN CIVIL RIGHTS
LEAGUE, et al.,

    Plaintiffs,

v.                                            Case No. 17-10310
                                                  Honorable Victoria A. Roberts

DONALD TRUMP, et al.,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION TO EXTEND
TIME FOR ISSUANCE OF A SCHEDULING ORDER [Doc. 77]**

**I.    INTRODUCTION and BACKGROUND**

Plaintiffs' lawsuit challenges the constitutionality of President Donald Trump's Executive Order No. 13,780, issued on March 6, 2017 and entitled, "Protecting the Nation from Foreign Terrorist Entry into the United States" (the "Executive Order"). *See* 82 Fed. Reg. 13209 (Mar. 6, 2017). Among other things, the Executive Order restricts the entry into the United States of nationals from Iran, Libya, Somalia, Yemen, Sudan and Syria for 90 days and suspends entrants from the U.S. Refugee Admissions Program for 120 days.

On March 16, 2017, Plaintiffs filed a second amended complaint and a motion to expedite discovery. The Court denied Plaintiffs' motion without prejudice on March 31.

On April 6, Plaintiffs served limited discovery requests on Defendants, comprised of five interrogatories and five document requests. The parties also conferred on April 6; however, they dispute whether the meeting was a Rule 26(f) conference. On April

13, 2017, the Court held a telephonic status conference regarding discovery, case management issues and upcoming motions the parties planned to file.

On April 17, 2017, Defendants filed a motion to dismiss [Doc. 76] and the underlying motion to extend time for issuance of a scheduling order under Rule 16(b) [Doc. 77]. The motion to extend is fully briefed.

For the following reasons, Defendants' motion to extend time for issuance of a scheduling order [Doc. 77] is **DENIED**.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 16(b), the Court must issue a scheduling order "after receiving the parties' report under Rule 26(f)" or "after consulting with the parties' attorneys . . . at a scheduling conference." Fed. R. Civ. P. 16(b)(1). The Court must enter a scheduling order "as soon as practicable" and – unless there is good cause for delay – "within . . . 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2).

Defendants appeared February 2, 2017; sixty days from that date was April 3, 2017. Because 60 days has passed since Defendants appeared, and the April 13 status conference qualifies as a consultation with the attorneys for purposes of Rule 16(b)(1), the Court must now enter a scheduling order unless good cause exists. *See* Fed. R. Civ. P. 16(b)(1) and (2). *See also Lasisi v. Follett Higher Educ. Grp., Inc.*, 598 Fed. Appx. 437, 441 (7th Cir. 2015) ("[A] district judge may issue a scheduling order without first receiving the parties' report under Rule 26(f) so long as the judge consults 'with the parties' attorneys and any unrepresented parties.'" (quoting Fed. R. Civ. P. 16(b)(1)(B))).

2

Defendants argue good cause exists to extend the time for entry of a scheduling order, because: (1) their pending motion to dismiss is either fully dispositive of the case, such that no discovery will be necessary, or partially dispositive, such that the issues for which discovery is necessary will be narrowed; (2) the motion to dismiss raises jurisdictional matters (i.e., issues of standing and ripeness) which the Court should decide before anything else; (3) the Court must first find that "it can look beyond the Order's facially neutral content and bona fide official purpose" before any of the discovery Plaintiffs seek would be relevant; (4) discovery is unnecessary for Plaintiffs to file a motion for preliminary injunction based on the amount of information in the public domain, as demonstrated by plaintiffs in two similar cases who challenged the Executive Order and successfully moved for preliminary injunction without the benefit of discovery; and (5) the discovery sought will implicate complex privilege issues and a constitutional issue of first impression concerning information related to a president-elect's activities.

Plaintiffs partially oppose the motion. They "agree that the Court can defer entering a full pretrial scheduling order," but say that they should be allowed to "proceed immediately with the very limited discovery they seek to support their motion for preliminary injunction, so that the remainder of the case can move forward without further delay." Plaintiffs argue that it is "highly unlikely" that Defendants' motion to dismiss will completely dispose of the case, and point out that "even if some of the claims of some of the Plaintiffs are ultimately dismissed the case will move into discovery as long as [at least] a single claim from a single plaintiff remains viable."

[Doc. 78, PgID 1081 (citing *ACLU of Ky. v. Grayson Cnty.*, 591 F.3d 837, 843 (6th Cir. 2010) ("The presence of one party with standing is sufficient."))].

The Court agrees with Plaintiffs. After a cursory review of Defendants' motion to dismiss, the Court is not convinced that it will be fully dispositive of this case. As Plaintiffs state, as long as a single claim survives, they will be entitled to discovery. Moreover, because Plaintiffs currently seek only limited discovery that will be relevant to any claim, the Court finds that the ruling on the motion to dismiss will not impact whether the limited discovery will be relevant to the surviving claim(s). In that sense, it would not make sense to delay discovery and, as a result, delay the progress of the entire case.

Similarly, because the Court is convinced – albeit not one-hundred percent certain – that at least one plaintiff will have standing, it is appropriate to allow the discovery process to begin in the limited nature that Plaintiffs suggest. Although Defendants are correct that "[p]roceeding to the merits while Plaintiffs' standing (and thus, the Court's jurisdiction) is in doubt 'carries the courts beyond the bounds of authorized judicial action,'" [Doc. 77, PgID 1066 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998))], that does not mean there can be no discovery – especially where the discovery could relate to issues of standing and/or ripeness.

Defendants' third argument – i.e., that the Court must first determine that it can look beyond the face of the Executive Order before any of the discovery sought would be relevant – may be true, but it does not provide good cause to delay entry of a scheduling order. The courts that have considered preliminary injunction motions related to the Executive Order have uniformly found that statements by Trump and his

advisors are relevant to determining the purpose of the Executive Order. *See Hawai'i v. Trump*, No. 1:17-cv-00050, --- F. Supp. 3d ---, 2017 WL 1011673, at *12-16 (D. Haw. Mar. 15, 2017) (rejecting the government's argument that the court may not look beyond the Executive Order's "neutral text . . . to evaluate purpose" and noting that: "A review of the historical background here makes plain why the Government wishes to focus on the Executive Order's text, rather than its context. The record before this Court is unique. It includes significant and unrebutted evidence of religious animus driving the promulgation of the Executive Order and its related predecessor."); *Int'l Refugee Assist. Proj. v. Trump*, No. 8:17-cv-00361-TDC, --- F. Supp. 3d ---, 2017 WL 1018235, at *11-16 (D. Md. Mar. 16, 2017) (rejecting the government's argument and finding that considering statements "made by President Trump and his advisors[] before his election, before the issuance of the First Executive Order, and since the decision to issue the Second Executive Order. . . is appropriate because courts may consider 'the historical context' of the action and the 'specific sequence of events' leading up to it."). Even the case Defendants rely upon to argue that the Court must confine its analysis to the Executive Order's "facially neutral content and bona fide official purpose" undercuts their position. *See Sarsour v. Trump*, No. 1:17-CV-00120, --- F. Supp. 3d ---, 2017 WL 1113305, at *11 (E.D. Va. Mar. 24, 2017) ("[T]he Court rejects the Defendants' position that since President Trump has offered a legitimate, rational, and non-discriminatory purpose stated in EO–2, this Court must confine its analysis of the constitutional validity of EO–2 to the four corners of the Order."). Like every other court that has addressed the issue, this Court finds that it is not limited to the four corners of the Executive Order in determining its constitutionality.

5

Although three Courts ruled on preliminary injunction motions without the benefit of discovery, that does not mean Plaintiffs are required to proceed without discovery. Moreover, because the two preliminary injunctions already entered are based on the information in the public domain, it would be redundant for Plaintiffs to seek a preliminary injunction based on the same evidence of animus. Plaintiffs are entitled to litigate their own case; and here, where there is no other reason to prevent the limited discovery Plaintiffs initially seek, the Court will not require them to move for a preliminary injunction without discovery, nor will it delay the start of discovery indefinitely.

Moreover, in light of the other findings – especially the finding that the motion to dismiss will not dispose of the case entirely – Defendants' concern that the discovery sought will implicate several complex privilege issues, including a matter of first impression pertaining to information related to a president elect's activities, weighs in favor of allowing Plaintiffs to initiate limited discovery immediately. Because these issues will inevitably be raised, there is no point in delaying discovery and delaying the progress of this case, just to avoid having to decide these issues now.

In addition, Plaintiffs say they have carefully crafted their initial discovery to avoid executive privilege; they seek information pre-dating the election and information after the election but before Trump's inauguration. On numerous occasions in other cases challenging the Executive Order, the government has argued that Trump's statements before he became President "may not be considered because they were made outside the formal government decisionmaking process or before President Trump became a government official." *See, e.g., Int'l Refugee Assist. Proj.*, 2017 WL 1018235, at *14.

Defendants cannot repeatedly make that argument, only later to assert an executive privilege objection to discovery regarding information related to pre-inauguration Trump. The Court believes Defendants exaggerate the number of legitimate objections they will have and the complexity of the issues those objections will raise.

Defendants fail to establish that good cause exists to prevent Plaintiffs from immediately engaging in discovery on a limited basis. Therefore, the Court will enter a scheduling order, pursuant to Rule 16(b), and allow Plaintiffs to conduct the limited discovery they propose.

## III.    CONCLUSION

Defendants' motion to extend time for issuance of a scheduling order under Rule 16(b) [Doc. 77] is **DENIED**.

Plaintiffs suggest the following two-stage approach to discovery:

> First, the parties would proceed only with initial disclosures and the limited discovery that Plaintiffs served on April 6. On the basis of the discovery obtained, . . . Plaintiffs will be prepared to file a motion for a preliminary injunction. Second, within 21 days of the Court's ruling on the Defendants' motion to dismiss, the parties would confer and submit a joint report to the Court regarding the remainder of the case, including with respect to briefing of a motion for a preliminary injunction.

[Doc. 78, PgID 1087-88]. They request that the Court enter a scheduling order requiring: (1) "initial disclosures to be exchanged within one week of entry of the Scheduling Order"; (2) "Defendants to produce the single document responsive to Document Request 1 (the Giuliani memo) within one week of entry of the Scheduling Order"; and (3) "Defendants to respond to Document Requests 2-4 and Interrogatories 1-5 within three weeks of entry of the Scheduling Order." [*Id.*, PgID 1088].

7

The Court finds this timeline reasonable. The parties must exchange initial disclosures by **May 19, 2017**. Regarding the discovery requests Plaintiffs served on Defendants on April 6, Defendants must produce the document responsive to document request 1 by **May 19, 2017**, and they must respond to the remaining discovery requests by **June 2, 2017**.

Of course, Defendants may object to requests as allowed by the Federal Rules of Civil Procedure. To handle objections, the Court adopts the following procedure to streamline the process. If Defendants object to any discovery request, they must set forth their reasoning and legal justification, with full citations and argument, in the response to Plaintiffs. If Plaintiffs file a motion to compel regarding a specific discovery request, they must include the Defendants' full objection to that request as an exhibit, which the Court will treat as the Defendants' brief for deciding the motion. Defendants may not file a response brief. If the Court needs additional briefing, it will request supplemental briefing.

Like always, the parties must work together in good faith in an attempt to resolve any discovery dispute. Failure to confer and interact reasonably and in good faith may result in sanctions.

**IT IS ORDERED**.

s/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: May 11, 2017