UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARAB AMERICAN CIVIL RIGHTS
LEAGUE, et al.,

    Plaintiffs,

v.                                              Case No. 17-10310
                                                Honorable Victoria A. Roberts

DONALD TRUMP, et al.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR STAY PENDING SUPREME COURT PROCEEDINGS [Doc. 105]

**I.    INTRODUCTION and BACKGROUND**

This case is one of many challenging the constitutionality of President Trump's Executive Order No. 13780, titled "Protecting the Nation from Foreign Terrorist Entry Into the United States," 82 Fed. Reg. 13209 (Mar. 6, 2017) (the "Executive Order").

On May 25, 2017, in a case presenting a similar challenge to the Executive Order, the Fourth Circuit upheld a Maryland District Court's nationwide preliminary injunction prohibiting enforcement of § 2(c) of the Executive Order – which temporarily suspended entry into the United States of nationals from six predominately Muslim countries. *See Int'l Refugee Assistance Project v. Trump*, 17-1351, --- F.3d ---, 2017 WL 2273306 (4th Cir. May 25, 2017), *as amended* (May 31, 2017) (*"IRAP"*). On June 1, 2017, the government filed a petition for *certiorari* in *IRAP*, and the Supreme Court ordered an expedited response due June 12, 2017.

Defendants move for a stay of these proceedings pending the Supreme Court's consideration of the decision in *IRAP*. [Doc. 105]. Plaintiffs oppose the stay.

The Court **GRANTS** Defendants' motion for stay [Doc. 105].

**II.   ANALYSIS**

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket," *Clinton v. Jones*, 520 U.S. 681, 706 (1997), and in considering the "economy of time and effort for itself, for counsel and for litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  This power applies "especially in cases of extraordinary public moment," where "a plaintiff may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Clinton*, 520 U.S. at 707 (citation and internal quotation marks omitted).  However, the Court "must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay."  *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).  "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.

In determining whether to stay proceedings pending "another case's imminent disposition," the Court considers four factors: "[1] the potential dispositive effect of the other case, [2] judicial economy achieved by awaiting adjudication of the other case, [3] the public welfare, and [4] the relative hardships to the parties created by withholding judgment."  *Caspar v. Snyder*, 77 F. Supp. 3d 616, 644 (E.D. Mich. 2015).  The parties do not address the "public welfare" factor, and neither does the Court.  However, the remaining three factors weigh in favor of a stay pending the Supreme Court's review in *IRAP*.

### A. Potential Dispositive Effect of Supreme Court Review in *IRAP*; and Judicial Economy Achieved by Staying the Proceedings

Although Plaintiffs are correct that the Supreme Court's review in *IRAP* will likely not be fully dispositive of this case, it is sufficient that those proceedings will likely "settle many" issues and "simplify them all," *Landis*, 299 U.S. at 256, such that a stay will "foster efficiency and conservation of resources for both the parties and the court." *Fairview Hosp. v. Leavitt*, No. 05-1065, 2007 WL 1521233, at *3 (D.D.C. May 22, 2007) (granting a stay pending the resolution of another case that "would not foreclose the necessity of litigation in [the stayed] case," but would likely settle some issues and simplify others).

Any decision by the Supreme Court will be particularly relevant to – and likely controlling of – this Court's disposition of a pending motion to dismiss and pending motion to compel. It would also provide guidance regarding the appropriate scope of discovery, and may help to resolve anticipated disputes related to Plaintiffs' outstanding discovery requests. Specifically, a decision should provide the legal standard for reviewing the Executive Order under the Establishment Clause, and should answer whether *Kleindienst v. Mandel*, 408 U.S. 753 (1972), limits review to the four corners of the order. If the Supreme Court holds that *Mandel* limits review to the face of the Executive Order, most – if not all – of Plaintiffs' current discovery requests would become irrelevant. On the other hand, if the Supreme Court concludes that review is not limited to the four corners of the Executive Order, then Plaintiffs' discovery requests concerning pre-inauguration evidence (e.g., statements made by Candidate Trump, documents prepared related to the so-called Muslim ban, etc.) may be highly relevant. A Supreme Court decision in *IRAP* will guide, if not control, the Court's disposition of

both pending and upcoming issues. Accordingly, a stay is warranted to conserve the resources of the parties and the Court.

Plaintiffs argue that Defendants do not establish that there is a "significant possibility that the Supreme Court [will] reverse the judgment below," *see United States v. Mandycz*, 321 F. Supp. 2d 862, 864 (E.D. Mich. 2004). However, this does not prevent the Court from entering a stay. In determining whether the Executive Order likely violated the Establishment Clause, the Fourth Circuit applied a standard set forth in Justice Kennedy's concurrence in *Kerry v. Din*, --- U.S. ---, 135 S. Ct. 2128, 2140-41 (2015). *See IRAP*, 2017 WL 2273306, at *16-18. Although the Fourth Circuit's use of, and analysis under, that standard was well reasoned and sound, the legal standard is not well settled. The Supreme Court is likely to address the standard used by the Fourth Circuit and settle a question of law – i.e., the correct legal standard to use in reviewing the Executive Order under the Establishment Clause. Such guidance by the Supreme Court will simplify these proceedings. *See Landis*, 299 U.S. at 256.

Defendants sufficiently demonstrate that the dispositive effect of the Supreme Court's review in *IRAP* and the judicial economy achieved by awaiting that review weigh in favor of granting a stay.

**B.     Relative Hardships to the Parties if Proceedings are Stayed**

Plaintiffs say any review by the Supreme Court would likely take at least six months, and that such a lengthy stay would prejudice them by: (1) severely delaying their case; (2) preventing them from securing the evidence they need to proceed; and (3) increasing the risk that relevant evidence is lost or that Defendants or third parties fail to preserve relevant evidence.

4

Defendants say that allowing Plaintiffs to proceed with their "novel and highly burdensome discovery" would prejudice them if the Supreme Court finds that *Mandel* limits review to the four corners of the Executive Order.  They further say that the discovery sought by Plaintiffs raises complicated executive privilege issues, and that because the Supreme Court's decision will likely provide guidance on the scope and necessity of such discovery, a stay is warranted.

Although a stay will delay these proceedings, the Court finds that potential prejudice to Plaintiffs is less drastic than they set forth.  The Supreme Court is expediting its decision on Defendants' petition for *certiorari*.  Regardless of the length of stay, because the Fourth Circuit upheld the nationwide injunction of the Executive Order, Plaintiffs' interests are protected.  Should circumstances change during the duration of the stay, Plaintiffs may move to lift the stay or for other appropriate relief.

In addition, based on the voluminous filings and issues raised in relation to Plaintiffs' pending motion to compel – which pertains *only* to *one document request* seeking a *single document* – it is clear that resolution of disputes related to Plaintiffs' "limited" discovery requests will require significant resources on behalf of the parties and the Court.  Requiring the parties and the Court to devote time and resources to resolve these matters during the appeal in *IRAP* would not be economical, because the Supreme Court's decision will be significantly relevant to, and possibly control, the Court's consideration of issues raised in this suit.  *See Landis*, 299 U.S. at 254, 256. This is especially true based on the nature of the case and type of discovery sought.

Because of the "high respect" owed to the Executive, a stay is warranted to protect Defendants from the burden of resource intensive discovery during the

5

pendency of the Supreme Court review in *IRAP*, particularly since a stay will not greatly prejudice Plaintiffs. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 385 (2004) ("'[T]he high respect that is owed to the office of the Chief Executive ... is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery,' and … the Executive's 'constitutional responsibilities and status are factors counseling judicial deference and restraint' in the conduct of litigation against it." (internal citations omitted)).

Finally, the Court believes that steps can be taken to alleviate Plaintiffs' concerns regarding preservation of relevant evidence. There is both a common law obligation and a duty under the Federal Rules of Civil Procedure for parties to preserve information in their possession, custody, or control that may be relevant to pending litigation. Here, Defendants' duty extends to evidence that predates January 20, 2017, and, although the individual Defendants were sued in their official capacity, their duty extends to information created, received or maintained in their personal capacities. The parties must discuss the scope of discovery and preservation efforts during their upcoming Rule 26(f) conference, which they must hold prior to June 23, 2017.

To alleviate Plaintiffs' concerns about their need to obtain information and preserve evidence from third parties, the Court suggests that they send preservation letters to the third parties at issue. If Plaintiffs are concerned that this does not resolve the issue of third-party evidentiary preservation, they may move for a limited modification of the stay order, as explained in the Conclusion, below.

The relative hardships to the parties created by withholding judgment weighs in favor of staying these proceedings pending Supreme Court review in *IRAP*.

## III. CONCLUSION

Defendants' motion for a stay pending Supreme Court proceedings [Doc. 105] is **GRANTED**, and this case is **STAYED** until two weeks after the "final action" (i.e., denial of *certiorari* or a decision/opinion on the merits) by the Supreme Court in *IRAP*, with the following limitations and conditions:

1. The parties must conduct a Rule 26(f) conference by **June 23, 2017**;

2. Defendants must preserve information in their possession, custody, or control – in both their official and personal capacities – that may be relevant to pending litigation, including information that predates January 20, 2017. The parties must discuss the scope of discovery and preservation efforts during their Rule 26(f) conference.

3. Plaintiffs may send preservation letters to third parties to notify them of the litigation and to request that they preserve any potentially relevant evidence. If this does not alleviate Plaintiffs' concerns regarding third-party evidentiary preservation, Plaintiffs may move for a limited modification of this stay to allow them to issue subpoenas to third parties. If any such motion is granted, the third party would not be required to produce discovery, or respond to the subpoena, until the stay is fully lifted;

4. Any party may move to lift the stay, or for other appropriate relief, if circumstances change prior to the "final action" by the Supreme Court in *IRAP*;

5. The parties must file a joint statement proposing the schedule for any further proceedings within **seven days** after the "final action" by the Supreme Court in *IRAP*;

6. The joint statement should take into consideration any impact the Supreme Court's opinion in *IRAP* has on Plaintiffs' outstanding discovery requests and the pending motions to dismiss and compel. Specifically, if the Supreme Court issues an opinion, arguments made in support of and in opposition to the motions to dismiss and/or compel may no longer be relevant; if that is the case, the Court would be inclined to strike the pending motions and have the parties re-file them, if necessary, using the appropriate standard(s) set forth by the Supreme Court. The parties should contemplate this when filing the joint statement;

7. The joint statement should include the dates that Defendants' responses to Plaintiffs' discovery requests are due, if those discovery requests are still relevant; and

8. The June 13 hearing on Defendants' motion to dismiss is **cancelled**.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 9, 2017