UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARAB AMERICAN CIVIL RIGHTS
LEAGUE, et al.,

    Plaintiffs,

v.

DONALD TRUMP, et al.,

    Defendants.
_____/

Case No. 17-10310
Honorable Victoria A. Roberts

**ORDER: (1) GRANTING JOINT MOTION FOR CLARIFICATION [Doc. 118]; (2) ALLOWING PLAINTIFFS TO FILE A THIRD AMENDED COMPLAINT; and (3) DEEMING MOOT DEFENDANTS' MOTION TO DISMISS [Doc. 76] AND PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS [Doc. 104]**

Plaintiffs' operative complaint challenges President Trump's Executive Order No. 13780, entitled "Protecting the Nation from Foreign Terrorist Entry Into the United States," 82 Fed. Reg. 13209 (Mar. 6, 2017) (the "Executive Order").

In June, the Court entered an order staying proceedings pending the Supreme Court's review of the Executive Order.

However, because the challenged provisions of the Executive Order expired by their own terms, the Supreme Court vacated the judgments in the lower courts and remanded "with instructions to dismiss as moot the challenge[s] to [the] Executive Order." *See Trump v. Hawaii*, --- U.S. ---, 2017 WL 4782860, at *1 (Oct. 24, 2017); *Trump v. Int'l Refugee Assistance Project*, --- U.S. ---, 2017 WL 4518553, at *1 (Oct. 10, 2017).

On September 24, 2017, before the provisions of the Executive Order expired, President Trump issued a Proclamation entitled "Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry into the United States by Terrorists or Other Public-Safety Threats," 82 Fed. Reg. 45,161 (Sept. 24, 2017) (the "Proclamation"). Among other things, the Proclamation indefinitely suspends immigration from Chad, Iran, Libya, North Korea, Syria, Yemen and Somalia, and suspends entry by certain classes of non-immigrants – e.g., students, tourists, and business travelers – from those countries. *See id.*, §§ 2(a)-(e), (g)-(h).

On October 24, the Court entered an order directing the parties to file a joint statement addressing the status of the case "once proceedings are concluded in the Supreme Court concerning the . . . Proclamation."

The parties filed a joint motion seeking clarification of that order, which is now before the Court. [Doc. 118]. That motion is **GRANTED**. The Court further provides that:

(1) The intention of the Court's October 24 order was to wait for guidance from the Supreme Court *if* it addressed the merits of the Proclamation in the still-pending *Trump v. Hawaii* case; however, the Supreme Court remanded the case that same day without addressing the merits. The parties should disregard the above-quoted portion of the October 24 order.

(2) Because the challenged provisions of the Executive Order expired, Plaintiffs' second amended complaint does not present a case or controversy. However, issuance of the Proclamation potentially provides Plaintiffs with new causes of action. Plaintiffs may, as requested, file a third amended complaint; their amended complaint is due **December 15, 2017**. Defendants must answer or otherwise respond to Plaintiffs' amended complaint by **January 15, 2018**.

(3) Defendants' pending motion to dismiss [Doc. 76] is **MOOT**.

(4) Because no pending case or controversy exists, the Court will not decide Plaintiffs' motion to compel production of documents. That motion [Doc. 104] is **MOOT**. Plaintiffs must ask for discovery in the normal course, once Defendants answer or otherwise respond to the amended complaint.

**IT IS ORDERED**.

                                                           s/Victoria A. Roberts
                                                           Victoria A. Roberts
                                                           United States District Judge

Dated: November 16, 2017