UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARAB AMERICAN CIVIL RIGHTS
LEAGUE, *et al.*,

    Plaintiffs,

v.

DONALD TRUMP, President of the United States, *et al.*,

    Defendants.
_____/

Case No. 17-10310

Hon. Victoria A. Roberts

Oral Argument Requested

**DEFENDANTS' REPLY TO PLAINTIFFS'**
**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

GISELA A. WESTWATER
Assistant Director

SAMUEL P. GO
Senior Litigation Counsel

*/s/ Joshua S. Press*
JOSHUA S. PRESS
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
District Court Section

*Attorneys for Defendants*

## INTRODUCTION

Defendants, by and through counsel, hereby reply to the Memorandum of Law in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss (ECF 131) ("Plaintiffs' Opposition" or "Pls.' Opp."). Plaintiffs' Opposition claims that they may find "critical contradictory evidence," Pls.' Opp. at 1, but ignores how their facial attacks and legal theories against Presidential Proclamation 9645, 82 Fed. Reg. 45161 (Sept. 24, 2017) ("Proclamation") fail as a matter of law after *Trump v. Hawaii*, 138 S. Ct. 2392 (2018), which upheld the Proclamation as a legitimate exercise of the President's authority. Where "cause[s] of action fail[] as a matter of law, [then] regardless of … [their] factual allegations," courts must dismiss them. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009); *see also N. Point Advisors, Inc. v. Detroit Police & Fire Ret. Sys.*, No. 15-cv-13471, 2017 WL 1077670, at *2 (E.D. Mich. Mar. 22, 2017) (Roberts, J.) (similar); *El Mokhamad v. Kelly*, No. 17-cv-12417, 2018 WL 488953, at *3 (E.D. Mich. Jan. 19, 2017) (similar). No viable claims are presented here.

The President has broad authority to exclude aliens from the United States. *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 542 (1950). Courts typically defer to the political branches on issues of immigration, which "'dictate a narrow standard of review.'" *Ashki v. INS*, 233 F.3d 913, 919–20 (6th Cir. 2000) (quoting *Fiallo v. Bell*, 430 U.S. 787, 796 (1977)). The *Hawaii* Court accordingly

1

applied a deferential rational-basis scrutiny to the Proclamation and rejected applying higher scrutiny. *See* 138 S. Ct. at 2421. That rational basis is here because the "Proclamation is expressly premised on legitimate purposes: preventing entry of nationals who cannot be adequately vetted and inducing other nations to improve their practices. The text says nothing about religion." *Id.*[1]

Confronted with the facial legitimacy of the Proclamation, Plaintiffs urge this Court to turn the *Hawaii* analysis upside-down to allow them to ferret out what they claim to be the Proclamation's "true" motives. *See* Pls.' Opp. at 4. But *Hawaii* instructed that the "facially legitimate and *bona fide*" standard of *Kleindienst v. Mandel*, 408 U.S. 753 (1972) is the "circumscribed inquiry [that] applies to *any* constitutional claim concerning the entry of foreign nationals" and satisfies the rational basis test. 138 S. Ct. at 2420 n.5 (emphasis added). Since that test does not contemplate discovery once it has been met, this case fails as a matter of law.

## ARGUMENT

### I. Plaintiffs' Claims Are Meritless After *Hawaii* And Should Be Dismissed.

In their rush to have this Court countenance their constitutional claims, the Plaintiffs misconstrue both *Hawaii* and *Mandel* by ignoring those decisions' principles of law and citing to many out-of-circuit decisions relating to domestic

---

[1] This accords with the norm of interpreting facially attacked laws to be consistent with the Constitution. *See Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 563 (2012); *Rushton v. Schram*, 143 F.2d 554, 559 (6th Cir. 1944).

2

Establishment Clause, equal protection, and free-speech jurisprudence. *See* Pls.' Opp. at 11–25. Principal amongst Plaintiffs' Opposition is the argument that discovery might elicit evidence of animus that might fail the rational-basis standard. *See id.* at 8–12. But this point ignores *Hawaii*'s ruling that courts must "uphold [a policy] so long as it can reasonably be understood to result from a justification independent of unconstitutional grounds." 138 S. Ct. at 2420. This aligns with the Sixth Circuit's "uphold[ing] immigration [laws] so long as they are 'conceivably related to the achievement of a federal interest.'" *Bangura v. Hansen*, 434 F.3d 487, 495 (6th Cir. 2006) (quoting *Almario v. Att'y Gen.*, 872 F.2d 147, 152 (6th Cir. 1989). This is fatal to Plaintiffs' arguments for more than rational-basis review.

### A. The Plaintiffs' Establishment Clause And Equal Protection Claims

Far from irrational animus, the *Hawaii* Court specifically ruled that the Proclamation's own facially-neutral text contains a conceivable relationship to both national security and foreign affairs: "[Because] the entry suspension has a legitimate grounding in national security concerns, quite apart from any religious hostility, *we must accept that independent justification.*" 138 S. Ct. at 2421 (emphasis added). Consequently, if a plaintiff's complaint fails to negate every conceivable justification, Rule 12(b)(6) dismissal is warranted, as is true even under more searching rational basis review that is applied in litigation that does not involve entry into the United States. *See, e.g.*, *In re City of Detroit*, 841 F.3d 684, 701–02

3

(6th Cir. 2016) (affirming 12(b)(6) dismissal because the complaint did not "rebut the likely non-discriminatory reasons" the defendant might "treat residential and commercial customers differently" and that without "overcom[ing] any of these [rational] explanations, plaintiffs' assertion that there is no rational basis for the difference in treatment is a legal conclusion not entitled to the assumption of truth" (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))); *Gary B. v. Snyder*, 329 F. Supp. 3d 344, 368–69 (E.D. Mich. 2018) (same). The Complaint here has never refuted how the Proclamation was created as a foreign policy tool to place diplomatic pressure on "other nations to improve their practices." *Hawaii*, 138 S. Ct. at 2421.

In fact, non-discriminatory reasons plainly exist where the Proclamation is expressly based on "the results of a worldwide review process undertaken by multiple Cabinet officials and their agencies." *Hawaii*, 138 S. Ct. at 2421. The Plaintiffs here consistently point to "tweets" and extrinsic statements in an effort "to discredit the findings of th[at] review," *id.*, but point to "no facts rebutting the … non-discriminatory reasons," *Detroit*, 841 F.3d at 703, those Cabinet officials and agencies used to determine whether the Proclamations' entry restrictions "were justified by the distinct conditions in each country," *Hawaii*, 138 S. Ct. at 2421. More importantly, the Supreme Court already reviewed this same record, and concluded that the Proclamation satisfied the appropriate level of scrutiny. *Id.* The Plaintiffs' silence on this aspect of the case speaks volumes in light of the recent

4

holding of the Supreme Court as well as the presumption of regularity that courts typically provide to Cabinet members. *See, e.g.*, *United States v. Chem. Found.*, 272 U.S. 1, 14–15 (1926) ("The presumption of regularity supports the official acts of public officers[.]"); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971), *overruled on other grounds*, *Califano v. Sanders*, 430 U.S. 99 (1977); *see also Pilica v. Ashcroft*, 388 F. 3d 941, 949–50 (6th Cir. 2004).

The Proclamation is facially neutral toward religion and says *nothing* in the way of an endorsement or denunciation of any faith. Reliance upon domestic Establishment Clause cases would fly directly in the face of binding precedent regarding immigration laws and *Hawaii*. This national security decision may lead to difficult outcomes, but as the Supreme Court just concluded, it is legitimate, not a violation of the Establishment Clause, and not discrimination against a particular religious group given its reasonable justification. *See* 138 S. Ct. at 2422.

### B. The Plaintiffs' Freedom of Speech And Association Claim

Plaintiffs' free speech claim similarly fails under *Mandel*. *See* 408 U.S. at 770 (free speech rights of American scholars and students were not violated when an invited speaker was denied entry). Plaintiffs attempt to get around *Mandel* by arguing that the Proclamation's waiver provisions are a "sham" and operate "as a licensing scheme," Pls.' Opp. at 19, but again, this makes little sense when the *Hawaii* Court applied the same standard and found the Proclamation met *Mandel*'s

5

"facially legitimate and bona fide" standard, *see* 138 S. Ct. at 2419–20. As *Hawaii* explained, "our opinions have reaffirmed and applied its deferential standard of review across different contexts and constitutional claims." 138 S. Ct. at 2419.

Much of Plaintiffs' arguments to the contrary depend upon viewing the Proclamation as issued in *bad* faith, *see* Pls.' Opp. at 20, but that cannot be squared with *Hawaii*'s conclusion that "[a] conventional application of *Mandel*, asking only whether the policy is facially legitimate and bona fide, would put an end to our review," 138 S. Ct. at 2420.[2] And this conclusion was backed up by the good-faith determinations across multiple agencies for accepted national-security and foreign-policy purposes. *Id.* at 2419–23. As discussed above, that is more than enough for the Proclamation to meet *Mandel*'s test for consular nonreviewability—even against free speech claims such as the Plaintiffs'. Having this Court look beyond such facial justifications is simply not the law. *See, e.g.*, *Hussein v. Beecroft*, No. 17-cv-12356, 2018 WL 3574717, at *5 (E.D. Mich. July 25, 2018) (relying on *Kerry v. Din*, 135 S. Ct. 2128 (2015) (Kennedy, J., concurring) to dismiss constitutional claims). *Mandel* controls here and compels dismissal.

---

[2] Similarly, the *Mandel* plaintiffs argued that the waiver denial was actually motivated by animus against Dr. Mandel's ideological beliefs and message—not by the facially legitimate reasons cited by the Government. *See* Oral Arg. at 0:35:00–50 (Arg. of Leonard B. Boudin), Case No. 71-16, *available at* https://www.oyez.org/cases/1971/71-16 (labeling the stated basis for the waiver denial as "superficial"). Yet *Mandel* rejected looking past the face of the denial. 408 U.S. at 769–70.

## II. The Organizational Plaintiffs Lack Standing To Bring Establishment Clause Claims And Should Be Dismissed.

Finally, the organizational Plaintiffs erroneously assert that they should have Establishment Clause standing because some of their members might be affected by the Proclamation. Pls.' Opp. at 23–25. But this is not enough unless the members' alleged harms trace back to the same injuries alleged by the organizational Plaintiffs—religious discrimination. Here, there is a mismatch between the two. The members' perceived stigma is a generalized grievance, *see Smith v. Jefferson Cty.*, 641 F.3d 197, 207 (6th Cir. 2011) (en banc), and even the organizations' citizen members' lack "constitutional standing to challenge the denial of [a family member's visa] petition," *Bangura*, 434 F. 3d. at 500.

## CONCLUSION

Based on the foregoing, the Court should dismiss this case.

|  |  |
|---|---|
|  | */s/ Joshua S. Press* |
| JOSEPH H. HUNT | JOSHUA S. PRESS |
| Assistant Attorney General | Trial Attorney |
|  | United States Department of Justice |
| WILLIAM C. PEACHEY | Civil Division |
| Director | Office of Immigration Litigation |
|  | District Court Section |
| GISELA A. WESTWATER | P.O. Box 868, Ben Franklin Station |
| Assistant Director | Washington, DC 20044 |
|  | Phone: (202) 305-0106 |
| SAMUEL P. GO | Facsimile: (202) 305-7000 |
| Senior Litigation Counsel | e-Mail: joshua.press@usdoj.gov |
|  | *Attorneys for Defendants* |

7

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2018, I electronically filed the foregoing DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS with the Clerk of the Court for the Eastern District of Michigan by using the CM/ECF system. Notice of this filing will be sent out to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

                By: */s/ Joshua S. Press*
                    JOSHUA S. PRESS
                    Trial Attorney
                    United States Department of Justice
                    Civil Division