# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ARAB AMERICAN CIVIL RIGHTS
LEAGUE, *et al.*,

    Plaintiffs,

    v.

DONALD TRUMP, President of the United
States, *et al.*,

    Defendants.

_____/

Case No. 17-10310

Hon. Victoria A. Roberts

Oral Argument Requested

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

GISELA A. WESTWATER
Assistant Director

SAMUEL P. GO
Senior Litigation Counsel

*/s/ Joshua S. Press*
JOSHUA S. PRESS
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
District Court Section

*Attorneys for Defendants*

Defendants, by and through counsel, hereby respond to Plaintiffs' Notice of Supplemental Authority in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss (ECF No. 132) ("Plaintiffs' Notice" or "Notice"). Plaintiffs' Notice points to a recent decision by the United States District Court for the District of Maryland, *International Refugee Assistance Project v. Trump*, No. 17-cv-361, 2019 WL 1981884 (D. Md. May 2, 2019) ("*IRAP*"). Plaintiffs argue that the *IRAP* decision is persuasive because it distinguishes the procedural posture and standards for preliminary relief that applied to the Supreme Court's decision in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) from the posture and standards applicable here under Federal Rules of Civil Procedure 12(b)(1) and (6). *See* Notice at 2 (citing *IRAP*, 2019 WL 1981884, at *18). Plaintiffs suggest that this Court should deny Defendants' motion and instead follow *IRAP*'s call to "consider 'additional facts not available at the time of the Supreme Court's ruling[.]'" *Id.* (quoting *IRAP*, 2019 WL 1981884, at *18). Plaintiffs misapprehend the significance of the *IRAP* decision.

As was explained in Defendants' Motion to Dismiss (ECF No. 128) and Reply Brief (ECF No. 132), Plaintiffs' claims fail as a matter of law after *Hawaii* because Plaintiffs rely only on conclusory assertions; they have not pleaded factual allegations that could plausibly show that the Proclamation lacks any rational basis. *See, e.g.*, *Employees of Ohio Gen. Assembly v. Ohio Ballot Bd.*, 275 F. Supp. 3d 849, (S.D. Ohio 2017) ("If a plaintiff has laid out his claims in the pleadings, and those

1

claims fail as a matter of law, Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss those claims." (citing *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009))); *Schechner v. Whirlpool Corp.*, 237 F. Supp. 3d 601, 607 (E.D. Mich. 2017) (same). None of the Plaintiffs' constitutional claims can be saved through discovery. In fact, two recent decisions, *Emami v. Nielsen*, 365 F. Supp. 3d 1009 (N.D. Cal. 2019) and *Alharbi v. Miller*, — F. Supp. 3d —, 2019 WL 1367758 (E.D.N.Y. Mar. 26, 2019), dealt with and dismissed similar Establishment Clause and equal-protection claims against the administration of Proclamation No. 9645 at the same procedural posture before this Court.

In *Emami*, the plaintiffs challenged the administration of the discretionary waivers available under the Proclamation to visa applicants, alleging, among other things, that the Proclamation violated the Fifth Amendment's Due Process Clause and equal-protection component. 365 F. Supp. at 1022. The Northern District of California dismissed both claims because, like this case, they relied on "assumptions unsupported by non-conclusory allegations of fact" that "hold[] together only if it is assumed that the Proclamation unconstitutionally excludes Muslims or illegally discriminates on the basis of nationality, a proposition that the Supreme Court turned aside in *Hawaii*." *Id.* Moreover, the *Emami* court commented that "the equal protection claim would likely be subject to rational basis review" and would withstand such review because "[t]he Supreme Court has already concluded in

2

reviewing the Proclamation that 'the Government has set forth a sufficient national security justification to survive rational basis review.'" *Id.* at 1022–23 (quoting *Hawaii*, 138 S. Ct. at 2423).

The Eastern District of New York also dismissed similar constitutional claims in *Alharbi*. The plaintiffs in that case accused government officials of implementing the Proclamation's waiver process in bad faith. 2019, WL 1367758, at *13. They sought an order mandating defendants to provide plaintiffs with an opportunity to apply for a waiver of the Proclamation's entry restrictions, to "correctly adjudicate" plaintiffs' immigrant-visa applications, and to "print and issue" visas. 2019 WL 1367758, at *3. The court dismissed their complaint because, among other things, (1) the doctrine of consular nonreviewability limits judicial review to whether there is a "facially legitimate and bona fide reason" for the challenged decision, *id.* at *13 (citing *Kleindienst v. Mandel*, 408 U.S. 753, 770 (1972)); (2) the plaintiffs' Establishment Clause claim was "foreclosed by the Supreme Court's decision in *Trump v. Hawaii*," *id.* at *24; and (3) their Due Process claims failed "[b]ecause there exists a reasonable fit between the national security purposes of Proclamation 9645 and the INA and the decision to deny plaintiffs' visas," *id.* at *29.

In short, "[t]o the extent [the plaintiffs] challenge[d] Proclamation 9645 directly, it [wa]s foreclosed by *Trump v. Hawaii* … in which the Supreme Court

3

rejected … identical argument[s]." *Id.* at *19. The same is true here and compels dismissal.

| | |
|---|---|
| Respectfully submitted, | */s/ Joshua S. Press* |
| | JOSHUA S. PRESS |
| JOSEPH H. HUNT | Trial Attorney |
| Assistant Attorney General | United States Department of Justice |
| | Civil Division |
| WILLIAM C. PEACHEY | Office of Immigration Litigation |
| Director | District Court Section |
| | P.O. Box 868, Ben Franklin Station |
| GISELA A. WESTWATER | Washington, DC 20044 |
| Assistant Director | Phone: (202) 305-0106 |
| | Facsimile: (202) 305-7000 |
| SAMUEL P. GO | e-Mail: joshua.press@usdoj.gov |
| Senior Litigation Counsel | |
| | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2019, I electronically filed the foregoing DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY with the Clerk of the Court for the Eastern District of Michigan by using the CM/ECF system. Notice of this filing will be sent out to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

By: */s/ Joshua S. Press*
JOSHUA S. PRESS
Trial Attorney
United States Department of Justice
Civil Division