IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ARAB AMERICAN CIVIL RIGHTS LEAGUE**, et al.,

*Plaintiffs*,

v.

**DONALD TRUMP**, et al.,

*Defendants*.

Case No. 2:17-cv-10310-VAR-SDD

Hon. Victoria A. Roberts

Mag. J. Stephanie D. Davis

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

In response to Plaintiffs' Notice of Supplemental Authority (ECF No. 133) identifying the decision in *International Refugee Assistance Project v. Trump* ("*IRAP*"), No. TDC-17-0361, 2019 WL 1981184 (D. Md. May 2, 2019), as relevant to Defendants' pending Motion to Dismiss in this case, Defendants have now submitted a "Response" identifying two more cases for the Court's consideration (ECF No. 134). Because this "Response" raises new arguments and relies on irrelevant cases, Plaintiffs now submit this short Reply.

In their Response, Defendants argue that their Motion to Dismiss should be granted "because Plaintiffs rely only on conclusory assertions," a theory they claim to have "explained in Defendants' Motion to Dismiss (ECF No. 128) and Reply Brief

(ECF No. 132)." Response at PageID 2722. In fact, however, this is the first time that Defendants are suggesting that this case should be dismissed because the 434-paragraph Third Amended Complaint (ECF No. 124) lacks sufficient detail. Indeed, in their Motion to Dismiss, Defendants instead implored the Court to see past the "amount of facts or allegations" in the Complaint. *See* ECF No. 128, at PageID 2600.

In any event, neither of the cases cited by Defendants bears on the questions before this Court. The dismissals in both *Emami* (in February) and *Alharbi* (in March) were based on those courts' views that the complaints before them were insufficiently detailed. *See Alharbi v. Miller*, No. 18-cv-2435, 2019 WL 1367758, at *13, *24 (E.D.N.Y. Mar. 26, 2019) (rejecting "conclusory pleading" and "bare-boned and conclusory" claim); *Emami v. Nielsen*, 365 F. Supp. 3d 1009, 1022 (N.D. Cal. Feb. 4, 2019) (dismissing equal protection claim because it relied on "inference" and "assumptions" of discrimination, rather than "non-conclusory allegations"). By contrast, here, like in *IRAP*, Plaintiffs' claims are based on extensive, detailed, and well-supported allegations. It is no wonder that Defendants saw no reason to bring *Emami* and *Alharbi* to the Court's attention before now.

Dated: May 24, 2019                                             Respectfully submitted,

**Counsel for Arab American Civil Rights League, American Arab Chamber of Commerce, Hend Alshawish, Salim Alshawish, and Fahmi Jahaf**

AYAD LAW, P.L.L.C.
/s/ Nabih H. Ayad
Nabih H. Ayad (P59518)
645 Griswold St., Ste. 2202
Detroit, MI 48226
(313) 983-4600
nayad@ayadlaw.com


**Counsel for American Civil Liberties Union of Michigan, Arab American and Chaldean Council, Arab American Studies Association, and Kaltum Saleh**

/s/ Miriam Aukerman
Miriam Aukerman (P63165)
American Civil Liberties Union
Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org

/s/ Nishchay H. Maskay
Jason C. Raofield (D.C. Bar #463877)
Nishchay H. Maskay (D.C. Bar #998983)
Covington & Burling LLP
850 10th Street, NW
Washington, D.C. 20001
(202) 662-6000
nmaskay@cov.com

## CERTIFICATE OF SERVICE

This Reply was filed on May 24, 2019, via the Court's ECF system, which provides notice to all counsel of record.

/s/ Nishchay H. Maskay
Nishchay H. Maskay
(D.C. Bar #998983)
