## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ARAB AMERICAN CIVIL RIGHTS LEAGUE**, et al.,

*Plaintiffs*,

*v.*

**DONALD TRUMP**, et al.,

*Defendants*.

Case No. 2:17-cv-10310-VAR-SDD

Hon. Victoria A. Roberts

Mag. J. Stephanie D. Davis

### Statement Regarding Concurrence

Pursuant to E.D. Mich. L.R. 7.1(a) and L.R. 37.1, Plaintiffs' counsel contacted Defendants' counsel by email on July 16, 2019, to seek concurrence in this motion. During a telephonic conference on July 17, 2019, counsel for Defendants indicated that they do not concur.

### PLAINTIFFS' MOTION TO REINSTATE FULLY-BRIEFED MOTION TO COMPEL AND REQUIRE RESPONSES TO OUTSTANDING DISCOVERY REQUESTS

For the reasons set forth in the accompanying Memorandum, Plaintiffs ask

the Court to restore Plaintiffs' fully briefed Motion to Compel to the docket and

reinstate a deadline for responses to Plaintiffs' outstanding discovery requests.

Dated: July 17, 2019                         Respectfully submitted,

**Counsel for Arab American Civil Rights League, American Arab Chamber of Commerce, Hend Alshawish, Salim Alshawish, and Fahmi Jahaf**

AYAD LAW, P.L.L.C.
/s/ Nabih H. Ayad
Nabih H. Ayad (P59518)
645 Griswold St., Ste. 2202
Detroit, MI 48226
(313) 983-4600
nayad@ayadlaw.com

**Counsel for American Civil Liberties Union of Michigan, Arab American and Chaldean Council, Arab American Studies Association, and Kaltum Saleh**

/s/ Miriam Aukerman
Miriam Aukerman (P63165)
American Civil Liberties Union
Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org

/s/ Jason C. Raofield
Jason C. Raofield (D.C. Bar
#463877)
Nishchay H. Maskay (D.C. Bar
#998983)
Covington & Burling LLP
850 10th Street, NW
Washington, DC 20001
(202) 662-6000
nmaskay@cov.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ARAB AMERICAN CIVIL RIGHTS LEAGUE**, et al.,

*Plaintiffs*,

*v.*

**DONALD TRUMP**, et al.,

*Defendants*.

Case No. 2:17-cv-10310-VAR-SDD

Hon. Victoria A. Roberts

Mag. J. Stephanie D. Davis

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REINSTATE FULLY-BRIEFED MOTION TO COMPEL AND REQUIRE RESPONSES TO OUTSTANDING DISCOVERY REQUESTS

In light of the Court's recent Order denying Defendants' Motion to Dismiss, Plaintiffs ask the Court to restore Plaintiffs' fully briefed Motion to Compel to the docket and reinstate a deadline for responses to Plaintiffs' outstanding discovery requests. It has now been over two and a half years since Defendants first implemented their Muslim Ban, separating families and inflicting ongoing harm on Plaintiffs. And it has been over two years since the Court ordered Defendants to respond to Plaintiffs' initial (and very limited) discovery requests. Not a single document was ever produced, nor a single interrogatory ever answered. After years of delay, Plaintiffs now seek to move forward with this litigation consistent with the

schedule that the Court ordered (ECF# 89) shortly before granting the Defendants' motion to stay.

## RELEVANT PROCEDURAL HISTORY

Plaintiffs served four Document Requests (ECF #78-2) and five Interrogatories (ECF #78-3) on Defendants on April 6, 2017. On May 11, 2017, the Court ordered Defendants to respond by May 19, 2017 to Document Request No. 1 (which sought production of the so-called Giuliani Memo), and by June 2, 2017 to the remaining three Document Requests and five Interrogatories (ECF #89 at Pg. ID 1226). The Court also "adopt[ed] the following procedure to streamline the process" for handling Defendants' objections to discovery:

> If Defendants object to any discovery request, they must set forth their reasoning and legal justification, with full citations and argument, in the response to Plaintiffs. If Plaintiffs file a motion to compel regarding a specific discovery request, they must include the Defendants' full objection to that request as an exhibit, which the Court will treat as the Defendants' brief for deciding the motion. Defendants may not file a response brief. If the Court needs additional briefing, it will request supplemental briefing.

*Id.*

On May 19, 2017, Defendants responded to Document Request No. 1, declining to produce the single document sought by that request and, as provided by the Court's prior Order, briefing its objections in its 34-page response (not including exhibits) (ECF #104-1, at Pg. ID 1702-35). On May 26, 2017, Plaintiffs moved to

compel production of that document (ECF #104), at which point the motion was fully briefed pursuant to the procedure established by the Court's May 11 Order. Thereafter, Defendants sought and received permission to file an additional brief opposing Plaintiffs' motion (ECF #106), and filed that seventeen-page brief on June 5, 2017 (ECF #111).

Defendants never provided responses to Plaintiffs' remaining document requests or interrogatories (which were due on June 2). Instead, on May 31, just two days before the deadline for those responses, Defendants applied for a stay (ECF #106). In recognition of the Supreme Court's review of other challenges to the Muslim Ban, the Court agreed on June 9, 2017 to stay this action and suspend discovery, before having the opportunity to decide the pending Motion to Compel (ECF #114).

On July 6, 2017, the parties submitted a Joint Rule 26(f) Discovery Plan, which set forth the parties' respective positions on the issues contemplated by Rule 26(f) (ECF #115). On November 16, 2017, in light of further proceedings in the Supreme Court and the issuance of the third version of the Muslim Ban, this Court granted Plaintiffs leave to file a Third Amended Complaint after resolution of the Supreme Court proceedings (ECF #119). Accordingly, the Court deemed moot the then-pending motions, including Plaintiffs' pending Motion to Compel production of the document responsive to Request No. 1 (*id.*).

Plaintiffs filed the Third Amended Complaint on September 13, 2018 (ECF #124), which Defendants moved to dismiss (ECF #128). The Court denied that motion on July 10, 2019 (ECF #138).

## ARGUMENT

In order to enable this litigation to move forward efficiently, Plaintiffs seek the following straightforward relief.

First, Plaintiffs ask that the Court restore to the docket Plaintiffs' Motion to Compel Production of the single document responsive to Document Request No. 1 (ECF #104). That motion is fully briefed and ripe for decision. Although the Court previously decided that the motion was moot because of the need for Plaintiffs to file an amended complaint after the issuance of the third version of the Muslim Ban, that amended complaint has been filed and the Court has rejected Defendants' motion to dismiss. The Giuliani Memo and the origins of the Muslim Ban continue to be relevant and discoverable even after the issuance of the Proclamation and the Supreme Court's decision in *Trump v. Hawaii*, as this Court recognized in discussing the history of the ban, including the Memo. *See, e.g.*, ECF #138, at Pg. ID 2733-34. To the extent Defendants disagree, Plaintiffs respectfully suggest that the Court permit Defendants to file a supplemental brief (of ten pages or less) within seven

calendar days of the Court's Order on the present Motion,[1] and allow Plaintiffs seven calendar days to respond to Defendants' brief.

Second, Defendants should be ordered to respond, within fourteen days of the Court's Order, to Plaintiffs' other pending Document Requests and Interrogatories. *See* ECF #78-2 (Document Requests); ECF #78-3 (Interrogatories). This should impose little burden on Defendants, given that when they applied for a stay (on May 31, 2017), they had only two days left before the June 2, 2017 due date for their response to that discovery.

Once Defendants file their answer (which is due on July 24, 2019 pursuant to Fed. R. Civ. P. 12(a)(4)(A)), Plaintiffs will contact Defendants to discuss the preparation of a joint submission regarding the schedule for additional discovery.[2]

## CONCLUSION

For the reasons set forth above, Plaintiffs ask that the Court enter the attached Proposed Order setting forth the deadlines described above.

---

[1] In light of the briefing schedule for this Motion, by the end of that seven-day period, Defendants will have had several weeks to consider their positions and prepare this supplemental brief.

[2] During a telephonic conference on July 17, 2019 to discuss this Motion, counsel for Defendants indicated that they intend to oppose the relief sought in this Motion, and that they intend to file a motion seeking interlocutory appeal and a stay of discovery.

Dated: July 17, 2019                                    Respectfully submitted,

**Counsel for Arab American Civil Rights League, American Arab Chamber of Commerce, Hend Alshawish, Salim Alshawish, and Fahmi Jahaf**

AYAD LAW, P.L.L.C.
/s/ Nabih H. Ayad
Nabih H. Ayad (P59518)
645 Griswold St., Ste. 2202
Detroit, MI 48226
(313) 983-4600
nayad@ayadlaw.com

**Counsel for American Civil Liberties Union of Michigan, Arab American and Chaldean Council, Arab American Studies Association, and Kaltum Saleh**

/s/ Miriam Aukerman
Miriam Aukerman (P63165)
American Civil Liberties Union
Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org

/s/ Jason C. Raofield
Jason C. Raofield (D.C. Bar #463877)
Nishchay H. Maskay (D.C. Bar #998983)
Covington & Burling LLP
850 10th Street, NW
Washington, DC 20001
(202) 662-6000
nmaskay@cov.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ARAB AMERICAN CIVIL RIGHTS LEAGUE**, et al.,

*Plaintiffs*,

*v.*

**DONALD TRUMP**, et al.,

*Defendants*.

Case No. 2:17-cv-10310-VAR-SDD

Hon. Victoria A. Roberts

Mag. J. Stephanie D. Davis

## [PROPOSED] ORDER

It is hereby ORDERED that Plaintiffs' Motion to Reinstate Fully-Briefed Motion to Compel and Require Responses to Outstanding Discovery Requests is GRANTED.

1.     The Clerk of the Court is requested to restore to the docket Plaintiffs' Motion to Compel Production (ECF #104). Within seven calendar days of this Order, Defendants may file a supplemental brief in opposition to that Motion. Within seven calendar days thereafter, Plaintiffs may file a responsive brief. These supplemental briefs may not exceed ten pages.

2.     Within fourteen days of the date of this Order, Defendants must respond to Plaintiffs' Document Request Nos. 2-4 (ECF #78-2) and Interrogatories Nos. 1-5 (ECF #78-3).

**IT IS ORDERED.**

_____
Victoria A. Roberts
United States District Judge

Dated: _____

## CERTIFICATE OF SERVICE

This Motion and the accompanying Memorandum were filed on July 17,

2019, via the Court's ECF system, which provides notice to all counsel of record.


/s/ Nishchay H. Maskay
Nishchay H. Maskay
(D.C. Bar #998983)