# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ARAB AMERICAN CIVIL RIGHTS LEAGUE ("ACRL"), *et al.*, | Case No. 2:17-cv-10310 |
| Plaintiffs, | |
| v. | Hon. Victoria A. Roberts<br>Mag. Judge Stephanie D. Davis |
| DONALD TRUMP, President of the United States of America, *et al.*, | |
| Defendants. | |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REINSTATE THEIR DENIED MOTION TO COMPEL AND REQUIRE RESPONSES TO DISCOVERY REQUESTS

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

PROCEDURAL BACKGROUND............................................................................3

ARGUMENT ..........................................................................................................7

I.  Discovery Should Be Stayed Pending Completion Of All § 1292(b) Proceedings....................................................................................................7

    A.  *Staying Discovery Would Promote Judicial Economy.* ........................7

    B.  *Allowing Discovery Would Cause Significant Hardship to the Government.* ................................................................................10

    C.  *Plaintiffs Have Not Established Any Cognizable Prejudice Associated With the Short Delay Defendants Have Requested*...........11

II. There Is No Good Cause To Reconsider A Previously Denied Motion To Compel Or Allow For Expedited Discovery. .............................................12

CONCLUSION ....................................................................................................14

# **TABLE OF AUTHORITIES**

## **CASES**

*Cheney v. U.S. Dist. Court for D.C.*,
　542 U.S. 367 (2004) ..................................................................................10, 11, 12

*Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*,
　263 F.3d 1304 (11th Cir. 2001).......................................................................... 2

*Elec. Databases Copyright Litig.*, 00-MDL-1379,
　2001 WL 204212 (S.D.N.Y. Mar. 1, 2001) ........................................................ 2

*Fairview Hosp. v. Leavitt*, No. 05-cv-1065
　2007 WL 1521233 n.7 (D.D.C. May 22, 2007) ................................................. 2

*FCC v. Beach Commc'ns, Inc.*,
　508 U.S. 307 (1993) ........................................................................................... 9

*Gale v. O'Donohue*, No. 17-cv-12172
　2018 WL 618739 (E.D. Mich. Jan. 30, 2018) ................................................. 13

*Gucci Am., Inc. v. Daffy's, Inc.*, No. 00-cv-4463
　2000 WL 1720738 (D.N.J.2000) ....................................................................... 2

*Hawaii v. Trump*,
　233 F. Supp. 3d 850 (D. Haw. 2017) ................................................................. 8

*In re Trump*,
　—F.3d—, 2019 WL 2997909 (4th Cir. July 10, 2019)...................................10

*Landis v. N. Am. Co.*,
　299 U.S. 248 (1936) ........................................................................................... 1

*North Atlantic Operating Co, Inc. v. JingJing Huang*,
　194 F. Supp. 3d 634 (E.D. Mich. 2016) .......................................................... 13

*Providence Journal Co. v. FBI*,
　595 F.2d 889 (1st Cir. 1979) ............................................................................ 11

*Qwest Communications Int'l Inc. v. Worldquest Networks, Inc.*,
    213 F.R.D. 418 (D. Colo. 2003) ..................................................................................2

*Trump v. Hawaii*,
    138 S. Ct. 2392 (2018) ..............................................................................................1

*Washington v. Trump*, No. 17-cv-141
    2017 WL 2172020 (W.D. Wash. May 17, 2017).......................................................8

**STATUTES**

28 U.S.C. § 1292(b) ................................................................................ 1, 2, 7, 8, 12

Defendants, by and through counsel, hereby submit their opposition to Plaintiffs' Motion to Reinstate and Require Responses to Outstanding Discovery Requests (ECF No. 139) (hereinafter, "Plaintiffs' Motion" or "Pls.' Mot.").

## INTRODUCTION

Rather than proceed through discovery in the normal course, Plaintiffs instead request that normal discovery and motion practice be set aside to allow for them to resurrect their previously denied motion to compel on one of their two-year-old document requests and, for the other requests, to proceed immediately into expedited discovery. Plaintiffs' motion is obviously inconsistent with Defendants' recently filed and pending request for certification for interlocutory appeal under 28 U.S.C. § 1292(b) and for a stay of this case while the controlling questions of constitutional law are before the Sixth Circuit (ECF No. 140) ("Defs.' Br.").

Given the Supreme Court's ruling in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018), the course laid out in Defendants' Motion is by far the most prudent and cost-effective course where the Plaintiffs are bringing a facial constitutional challenge to Proclamation No. 9645, *Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry into the United States by Terrorists or Other Public Safety Threats*, 82 Fed. Reg. 45,161 (Sept. 27, 2017) ("the Proclamation"). It is sufficient that appellate proceedings are likely to "settle many" issues and "simplify" others, *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936), such that a stay will facilitate

the orderly course of justice and conserve resources for both the Court and the parties. *See Fairview Hosp. v. Leavitt*, No. 05-cv-1065, 2007 WL 1521233, at *3 n.7 (D.D.C. May 22, 2007) (granting stay pending resolution of another matter that would likely settle or simplify issues even though it "would not foreclose the necessity of litigation in [the stayed] case"); *In re Literary Works in Elec. Databases Copyright Litig.*, 00-MDL-1379, 2001 WL 204212, at *3 (S.D.N.Y. Mar. 1, 2001) (same). Once the Sixth Circuit determines which of Plaintiffs' claims, if any, are entitled to survive the pleading stage, discovery should then proceed in the normal course. *Cf. Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1316 (11th Cir. 2001) (per curiam) ("Simply stated, the purpose of discovery is to resolve legal disputes between parties, not to provide newsworthy material.").

But even if this Court were to disagree with Defendants' request for 1292(b) certification, Plaintiffs' Motion should be denied because there is no "good cause" to either reconsider a long-denied motion to compel or proceed with expedited discovery in this case. It is Plaintiffs' burden to demonstrate good cause, *see Qwest Communications Int'l Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003), but that is utterly lacking now that Plaintiffs are no longer seeking any sort of preliminary injunctive relief, *see Gucci Am., Inc. v. Daffy's, Inc.*, No. 00-cv-4463, 2000 WL 1720738, at *5 (D.N.J.2000) (denying request for expedited discovery where there was no pending motion for preliminary injunctive relief). The

Plaintiffs' Motion should be denied.

## PROCEDURAL BACKGROUND

Rather than working with Defendants to arrive at a Joint discovery plan pursuant to Federal Rule of Civil Procedure 26(f), Plaintiffs are once again rushing to this Court to demand that Defendants alone proceed on accelerated timelines to search for and produce a memorandum allegedly commissioned by the Trump Campaign in the spring and summer of 2016 (the "Giuliani Memo"). They claim that this document will reveal whether Mr. Trump, once he became Chief Executive months later, was motivated by a religious purpose when he promulgated the religion-neutral Proclamation No. 9645, *Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry into the United States by Terrorists or Other Public Safety Threats*, 82 Fed. Reg. 45,161 (Sept. 27, 2017) ("the Proclamation") with the stated purpose of protecting national security and conducting foreign affairs.

On March 6, 2017, the President signed Executive Order 13780, 82 Fed. Reg. 13209, which had an effective date of March 16, 2017. On March 16, 2017, Plaintiffs filed their Second Amended Complaint (ECF No. 41) ("Second Am. Compl."). Plaintiffs then, as they are now, sued executive branch departments and agencies they state are responsible for the implementation of that Executive Order, as well as the President and the heads of those agencies. *See* Second Am. Compl. ¶¶ 37–50.

Also on March 16, 2017, Plaintiffs filed an opposed Motion for Expedited Discovery (ECF No. 43). Plaintiffs claimed therein that the requested discovery would be directly relevant to their ability to demonstrate likelihood of success on the merits of a motion for preliminary injunction; however, no motion for a preliminary injunction was or is currently pending. On March 31, 2017, this Court denied without prejudice Plaintiffs' Motion for Expedited Discovery (ECF 69). The Court determined it was "not clear that the requested information is essential for Plaintiffs to demonstrate likelihood for success on the merits of a motion for injunctive relief. Nor is it clear [the] need for the information substantially outweighs the burden on Defendants to produce at this juncture." *Id.* at 7.

On April 6, 2017, before Defendants' response to the Second Amended Complaint was due, Plaintiffs attempted to force a Rule 26(f) conference and to serve discovery requests on counsel for Defendants, but Defendants maintained that the Court had not yet triggered the parties' obligations to confer under Rule 26(f), and that the parties had not engaged in a conference under that rule. On April 13, 2017, the Court held a telephonic status conference. At that status conference, the Court declined to recognize Plaintiffs' attempt to have a unilateral Rule 26(f) conference. The Court determined that it would wait until after Defendants submitted their Motion to Dismiss the Second Amended Complaint (ECF No. 76) and their Motion to Extend Time for Issuance of a Scheduling Order under Rule 16(b) (ECF No. 77),

and then determine whether to order the Parties to conduct a Rule 26(f) conference and proceed with discovery.

On May 11, 2017, the Court denied Defendants' Motion to Extend Time for Issuance of a Scheduling Order. In the Court's May 11 Order, it stated that because "the discovery sought will implicate several complex privilege issues, including a matter of first impression pertaining to information related to a president elect's activities, [it] weighs in favor of allowing Plaintiffs to initiate limited discovery immediately." ECF No. 89 at 6. The Court ordered that Plaintiffs' initial discovery requests could proceed in an expedited manner. Specifically, the Court required Defendants to respond to Document Request No. 1 by May 19, 2017, and to the remainder of the discovery requests by June 2, 2017. *Id.* at 8. The Court later suspended the deadlines to respond to the remainder of the Plaintiffs' expedited discovery requests pending the resolution of Defendants' pending Motion to Stay (ECF No. 106).

Plaintiffs' discovery requests sought, *inter alia*, a memorandum supposedly written for the Trump Campaign by individuals who are not sued in this lawsuit (the "Giuliani Memo") (Document Request No. 1); information about those individuals and their supposed meetings (Interrogatory No. 1); pre-election communications to, from, and between an unknown number of persons in the Trump campaign regarding the Giuliani Memo (Document Request No. 2); pre-election communications to,

from and between candidate Donald Trump and 5 individuals who are not executive branch officials or were not executive branch officials during the relevant time period (Document Request No. 3); and post-election but pre-inauguration documents and communications created or transmitted by an unknown number of congressional employees or staff members, as well as information about those congressional staff members (Document Request No. 4; Interrogatory No. 2).

Defendants timely objected to Plaintiffs' Document Request No. 1 on various grounds, including that Plaintiffs have not met the showing of heightened need to justify discovery from the President and his close advisors; that the Request seeks an alleged private campaign communication that is not relevant to the elements of Plaintiffs' claims; and that the Request is unduly burdensome because the document, if it exists, is properly sought from a less burdensome source: its alleged owner, the Trump Campaign, which has had no opportunity to weigh in on any of the Plaintiffs' expansive discovery requests. *See* ECF No. 104-1. In accordance with the Court's May 11 Order (ECF No. 89), Defendants set forth argument in support of their Objections in the body of those objections.

Plaintiffs moved to compel production of the document on Friday, May 26, 2017 (ECF No. 104). On May 31, 2017, the Court granted Defendants leave to file an opposition to Plaintiffs' Motion to Compel (ECF No. 106). Defendants moved to stay that same day in light of the Supreme Court's pending review of the Executive

Order of March 6, 2017 (ECF No. 105) and filed their opposition to Plaintiffs' Motion to Compel on June 5, 2017 (ECF No. 111). This Court stayed this case and suspended discovery (ECF Nos. 114 and 119). Plaintiffs filed their Third Amended Complaint on September 13, 2018 (ECF No. 124); Defendants moved to dismiss (ECF No. 128). The Court denied that motion on July 10, 2019 (ECF No. 138). The Plaintiffs filed their Motion requesting that their Motion to Compel be reconsidered and for expedited discovery against Defendants on July 17, 2019.

## ARGUMENT

**I. DISCOVERY SHOULD BE STAYED PENDING COMPLETION OF ALL § 1292(b) PROCEEDINGS.**

As explained in Defendants' Motion to Certify this case for interlocutory appeal and for a stay of discovery pending that appeal (ECF No. 140), this Court should stay discovery pending completion of the § 1292(b) proceedings. Granting a stay of discovery would promote judicial economy; would avoid significant hardships to the Defendants based on the sensitive, intrusive discovery that Plaintiffs seek; and would not meaningfully prejudice Plaintiffs' interests.

### A. *Staying Discovery Would Promote Judicial Economy*

It is unquestionable that appeal to the Sixth Circuit would promote judicial economy. The Sixth Circuit's resolution of that appeal may well end this litigation entirely (making any discovery that occurs in the interim wasteful and unnecessary) and, even if the litigation continues, will almost certainly clarify the scope and nature

of further proceedings in these cases, including the appropriate scope of any potential discovery. *See* Defs.' Br. at 21–24.

As this Court previously noted, "[r]equiring the parties and the Court to devote time and resources to resolve these matters during the appeal … would not be economical, because the … decision [above] will be significantly relevant to, and possibly control, the Court's consideration of issues raised in this suit." ECF No. 114 at 5. Because the § 1292(b) appeal would involve the Sixth Circuit ruling on Defendants' motion-to-dismiss arguments, that logic equally supports a stay here. Indeed, other courts hearing challenges to past Executive Orders have recognized that, even if discovery disputes are not directly part of an appeal, the appellate court's resolution of key legal issues will likely affect the course of future proceedings. *See, e.g.*, *Washington v. Trump*, No. 17-cv-141, 2017 WL 2172020, at *2 (W.D. Wash. May 17, 2017) ("Although the Ninth Circuit is not considering discovery issues on appeal, it is likely to decide legal issues that will impact the court's resolution of the parties' discovery disputes here by clarifying 'the applicable law or relevant landscape of facts that need to be developed.'" (quoting *Hawaii v. Trump*, 233 F. Supp. 3d 850, 856 (D. Haw. 2017)). In fact, this Court's May 11, 2017 Order specifically flagged how "the discovery sought will implicate several complex privilege issues, including a matter of first impression pertaining to information related to a president elect's activities[.]" ECF No. 89 at 6.

If this Court were to allow discovery to proceed now, that would not necessarily bring this case any closer to resolution—regardless of the Sixth Circuit's determination. One the one hand, if the Sixth Circuit does *not* allow the claims to proceed, proceeding with discovery will have been a waste of the parties' and the Court's time and resources. On the other hand, if the Sixth Circuit allowed Plaintiffs' claims to proceed, any discovery issues litigated now would likely need to be re-litigated in light of the legal framework announced by the Sixth Circuit. For example, if the Sixth Circuit were to hold that rational-basis review applies but that such a claim "is not subject to courtroom fact-finding," *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993), the parties would then have to re-litigate what (if any) of Plaintiffs' requested discovery is relevant to the remaining claims. In particular, given the well-established Supreme Court case law that a decisionmaker's *actual* motivations are irrelevant in a rational basis case, it is hard to see what foundation Plaintiffs would have for propounding discovery related to the alleged motives underlying the Proclamation.

Indeed, the Sixth Circuit's guidance about which facts are relevant to Plaintiffs' claims is particularly important given Plaintiffs' previously expressed intention to try to overcome the Government's privileges—including the presidential communications privilege—based on a purported need for certain information. In these circumstances, where the Court has already acknowledged that these issues are

-9-

"matter[s] of first impression," ECF No. 89 at 6, it simply does not make sense to proceed with discovery under a provisional legal framework, instead of permitting a short delay to await controlling legal guidance from the Sixth Circuit.

### B. Allowing Discovery Would Cause Significant Hardship to the Government

A stay is also warranted to avoid the significant burdens that expedited discovery will entail. Notably, Plaintiffs have once again declined to limit the discovery they wish to expedite. Instead, Plaintiffs point to the length of time this extraordinary action has been pending—ignoring how the discovery they seek goes to the heart of (among other things) the foreign-policy and national-security recommendations that were provided to the President by his Cabinet. In such circumstances, the Supreme Court has made clear that district courts are *required* to consider the burdens of discovery when deciding how the case should proceed. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 385 (2004); Defs.' Br. at 22–23. Much like the absence of good cause, Plaintiffs' Motion makes no effort to explain how their argument is consistent with the Supreme Court's instructions in *Cheney*. *See also In re Trump*, —F.3d—, 2019 WL 2997909, at *6 (4th Cir. July 10, 2019) (describing a case as "extraordinary," having "national significance," and being of "special consequence," because "to allow such a suit to go forward in the district court without a resolution of the controlling issues by a court of appeals could result in an unnecessary intrusion into the duties and affairs of a sitting President").

-10-

Far from any good cause, Plaintiffs' Motion never once considers how expedited discovery into the President's deliberations with his closest advisors itself threatens the separation of powers. *See Cheney*, 542 U.S. at 382. And to the extent this Court orders disclosure of the privileged documents, that is also harm that can never be recovered if the Sixth Circuit later terminates this litigation or holds that the privileged documents are legally irrelevant. *Cf. Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) ("Once the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time."). Thus, moving forward with expedited discovery will not simply accelerate discovery burdens that are inevitable; it will instead place the Judiciary on a collision course with the Executive Branch and threaten the Executive Branch's constitutionally based confidentiality interests—all of which may be wholly unnecessary. Proceeding with discovery now, while a potentially dispositive appeal is pending, would thus be contrary to the instruction that separation-of-powers conflicts "should be avoided whenever possible." *Cheney*, 542 U.S. at 390.

### C. Plaintiffs Have Not Established Any Cognizable Prejudice Associated With the Short Delay Defendants Have Requested

Finally, a stay of discovery is warranted because Plaintiffs have not demonstrated that the short delay requested would cause them any cognizable prejudice. This is especially so when Defendants will request expedited proceedings before the Sixth Circuit to minimize any potential delay in this case. Consequently,

-11-

the requested delay here is likely to be a matter of months. And even if the Court were concerned about the time required for an interlocutory appeal, that would not be a basis for denying the requested stay entirely; instead, the Court could grant a stay for only a fixed period of time (such as six months), subject to revisiting at that time. At a minimum, it would make more sense to grant a stay for the short period of time necessary to know whether the Sixth Circuit has accepted the § 1292(b) interlocutory appeal and to know the overall schedule associated with that appeal rather than delving into the expedited discovery Plaintiffs seek instead.

In short, Plaintiffs' Motion fails to provide any reason why expedited discovery must begin *now*, and therefore the proper course—particularly in light of the "judicial deference and restraint" the Supreme Court has required in litigation against the Chief Executive, *Cheney*, 542 U.S. at 385—is for this Court to certify its July 10 Order for interlocutory appeal, and also stay all discovery pending completion of those interlocutory appeal proceedings.

## II. THERE IS NO GOOD CAUSE TO RECONSIDER A PREVIOUSLY DENIED MOTION TO COMPEL OR ALLOW FOR EXPEDITED DISCOVERY.

Alternatively, even if this Court were to disagree with Defendants that discovery should be stayed pending interlocutory appeal, the Plaintiffs have completely failed to demonstrate the requisite good cause for permitting expedited discovery. *See, e.g.*, *North Atlantic Operating Co, Inc. v. JingJing Huang*, 194 F.

Supp. 3d 634, 637 (E.D. Mich. 2016). "[D]istrict courts have found good cause for granting expedited discovery when the true identities of the defendants are unknown, when the moving party alleges infringement, when the scope of the discovery sought is narrow, and when expedited discovery would substantially contribute to moving the case forward." *Id.* None of these circumstances is present in this case.

Here, although the Plaintiffs previously sought expedited discovery in their pursuit of preliminary injunctive relief, that relief was decidedly rejected by the Supreme Court in *Hawaii*. The Plaintiffs are therefore left with nothing to justify their request for either their attempt at reconsideration of their motion to compel or to have this Court order expedited discovery. *Cf. Gale v. O'Donohue*, No. 17-cv-12172, 2018 WL 618739, at *5 (E.D. Mich. Jan. 30, 2018) ("In essence, Plaintiff seeks expedited discovery solely by virtue of filing a complaint and an accompanying request for injunctive relief…. Authorizing expedited discovery in such circumstances would seemingly open the door to expedited discovery to every plaintiff that seeks a preliminary injunction at the outset of a case, regardless of the merits of the request. This the Court will not do."), *aff'd* 751 F. App'x 876 (6th Cir. 2018). Without any showing that expedited discovery is necessary to further this lawsuit, it is impossible to understand why Plaintiffs insist that they have good cause

for such relief.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion.


Dated: July 31, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

GISELA A. WESTWATER
Assistant Director

*/s/ Joshua S. Press*
JOSHUA S. PRESS
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-0106
e-Mail: joshua.press @usdoj.gov

*Attorneys for Defendants*

-14-

-15-

## CERTIFICATE OF SERVICE

I certify that I served the foregoing document on all parties of record by filing this document with the Clerk of the Court using the CM/ECF system, which will provide notice and an electronic link to this document to all parties of record.

*/s/ Joshua S. Press*
U.S. Department of Justice
Civil Division