## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ARAB AMERICAN CIVIL
RIGHTS LEAGUE ("ACRL"), *et al.*,

                Plaintiffs,

v.

DONALD TRUMP, President of
the United States of America, *et al.*,

                Defendants.

Case No. 2:17-cv-10310

Hon. Victoria A. Roberts
Mag. Judge Stephanie D. Davis

## DEFENDANTS' ANSWER TO
## PLAINTIFFS' THIRD AMENDED COMPLAINT

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure and this Court's Order of July 25, 2019 (ECF No. 142), Defendants hereby respond to the allegations contained in the numbered paragraphs of the Plaintiffs' Third Amended Complaint (ECF No. 124) (hereinafter, "Plaintiffs' Complaint" or "the Complaint") as follows:

### INTRODUCTION

1.      Paragraph 1 of the Plaintiffs' Complaint consists of a collection of quotations from candidate-Trump that speak for themselves and require no response. To the extent Paragraph 1 makes allegations against President Trump in his personal capacity before he was inaugurated in January 2017, Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegation in this paragraph.

2.     Defendants admit that President Trump signed Executive Order 13769, titled "Protecting the Nation from Foreign Terrorist Entry into the United States," 28 Fed. Reg. 8977, on January 27, 2017, but deny the remaining allegations in Paragraph 2, which consist of legal conclusions that require no response. If the Court requires a response to the remaining allegations, Defendants deny.

3.     To the extent Paragraph 3's first sentence makes allegations against President Trump in his personal capacity before he was inaugurated in January 2017, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this sentence. Paragraph 3's second sentence refers to publicly available statements that speak for themselves and require no response. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 3's third sentence.

4.     Defendants admit that "demonstrations … and [expedited] litigation" occurred soon after the Executive Order of January 27, 2017 was issued, but deny the remaining legal characterizations and conclusions in Paragraph 4.

5.     Defendants admit that portions of the executive order issued on January 27, 2017 were enjoined by other courts but deny that this Court's order enjoined the Executive Order because, as White House Counsel made clear prior to the entry of

this Court's order, the Executive Order did not apply to Lawful Permanent Residents, and thus this Court's order had no practical effect on the operation of Executive Order 13769.

6.     Defendants admit the first two sentences of Paragraph 6. Defendants deny Paragraph 6's third sentence. The remainder of Paragraph 6 stems from unnamed "White House officials," and therefore Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

7.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7's first sentence. Paragraph 7's second sentence consists of a legal characterization of the January 27, 2017 Executive Order, which speaks for itself, is the best evidence of its contents, and to which no response is required. If the Court requires a response, Defendants deny.

8.     Defendants admit that an executive order was issued on March 6, 2017, Executive Order 13780, 82 Fed. Reg. 13209, which rescinded the executive order issued on January 27, 2017.

9.     Paragraph 9's first three sentences consist of characterizations of the executive orders issued on January 27 and March 6, 2017, which speak for themselves and require no response. The remainder of Paragraph 9 consists of legal conclusions that require no response.

10.     To the extent Paragraph 10 provides legal characterizations of court

decisions, those decisions speak for themselves and require no response.

11.     Paragraph 11 consists of a legal conclusion that requires no response. Defendants admit, however, Paragraph 11's allegation that the challenged Proclamation in this case, Proclamation 9645, 82 Fed. Reg. 45161, was issued on September 24, 2017. The March 6, 2017 Executive Order expired by its own terms. Defendants admit the first sentence of Footnote 1.  The second sentence of Footnote 1 consists of characterizations of the Executive Order 13815, which speaks for itself and requires no response.

12.     Paragraph 12 consists of characterizations of the Proclamation, which speaks for itself and requires no response.

13.     Paragraph 13's first sentence consists of characterizations of the Proclamation, which speaks for itself and requires no response. The remainder of Paragraph 13 consists of legal conclusions, which also do not require a response.

14.     Paragraph 14 consists of legal conclusions related to the Proclamation, which requires no response.

15.     Paragraph 15 consists of legal conclusions related to the Proclamation, which requires no response.

16.     Defendants admit Paragraph 16.

17.     Paragraph 17 consists of legal conclusions that require no response.

18.     Paragraph 18 consists of legal conclusions that require no response.

19.    Paragraph 19 consists of legal conclusions that require no response.

20.    Paragraph 20 consists of legal conclusions that require no response. To the extent Paragraph 20 quotes from *Trump v. Hawaii*, 138 S. Ct. 2392 (2018), that decision speaks for itself and requires no response.

21.    Paragraph 21 consists of a legal conclusion that requires no response.

22.    Paragraph 22 consists of Plaintiffs' legal request for relief, which requires no response. To the extent a response is required, Defendants deny Plaintiffs are entitled to any relief whatsoever.

## PARTIES

23.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.    Paragraph 28 consists of a legal conclusion that requires no response.

29.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31's first sentence. Defendants deny Paragraph 31's second sentence.

32.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32's first four sentences. Paragraph 32's fifth sentence's first clause consists of a legal conclusion that requires no response. Defendants deny Paragraph 32's fifth sentence's second clause.

33.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33's first three sentences. Paragraph 33's fourth sentence consists of a legal conclusion that requires no response.

34.    Paragraph 34 consists of a legal conclusion that requires no response. To the extent this paragraph contains any factual allegations, Defendants deny.

35.    Defendants admit Paragraph 35, except to the extent that the challenged Proclamation is not accurately referred to as an "Executive Order."

36.    Defendants admit Paragraph 36's first two sentences. To the extent Paragraph 36's third sentence characterize the Executive Orders issued on January

27 and March 6, 2017, as well as the Proclamation, those documents speak for themselves and require no response.

37.    Defendants admit Paragraph 37's first two sentences. To the extent Paragraph 37's third sentence characterize the Executive Orders issued on January 27 and March 6, 2017, as well as the Proclamation, those documents speak for themselves and require no response.

38.    Defendants admit Paragraph 38's first sentence. To the extent Paragraph 38's second sentence characterizes the Executive Orders issued on January 27 and March 6, 2017, as well as the Proclamation, those documents speak for themselves and require no response.

39.    Defendants admit Paragraph 39's first sentence. To the extent Paragraph 39's second sentence characterizes the Executive Orders issued on January 27 and March 6, 2017, as well as the Proclamation, those documents speak for themselves and require no response.

40.    Defendants admit Paragraph 40's first sentence. To the extent Paragraph 40's second sentence characterizes the Executive Orders issued on January 27 and March 6, 2017, as well as the Proclamation, those documents speak for themselves and require no response.

41.    Defendants admit Paragraph 41's first sentence. To the extent Paragraph 41's second sentence characterizes the Executive Orders issued on

January 27 and March 6, 2017, as well as the Proclamation, those documents speak for themselves and require no response.

42.     In accordance with Footnote 2, Defendants admit that Kevin K. McAleenan is the Acting Secretary of Homeland Security and has been substituted for Kirstjen M. Nielsen as Defendant in this lawsuit. To the extent the first sentence of Paragraph 42 characterizes the Executive Orders issued on January 27 and March 6, 2017, as well as the Proclamation, those documents speak for themselves and require no response. Defendants admit Paragraph 42's second sentence.

43.     In accordance with Footnote 2 of Paragraph 42, Defendants admit that Mark Morgan is the Senior Official Performing the Functions and Duties of the Commissioner of CBP and has been substituted for Kevin K. McAleenan as Defendant. To the extent the first sentence of Paragraph 43 characterizes the Executive Orders issued on January 27 and March 6, 2017, as well as the Proclamation, those documents speak for themselves and require no response. Defendants admit Paragraph 43's second sentence.

44.     In accordance with Footnote 2 of Paragraph 42, Defendants admit that Kenneth T. Cuccinelli II is the Acting Director of USCIS and has been substituted for L. Francis Cissna as Defendant. To the extent the first sentence of Paragraph 44 characterizes the Executive Orders issued on January 27 and March 6, 2017, as well as the Proclamation, those documents speak for themselves and require no response.

Defendants admit Paragraph 44's second sentence.

45.    Defendants admit Paragraph 45's allegation that Michael R. Pompeo is the Secretary of State. To the extent Paragraph 45 characterizes the Executive Orders issued on January 27 and March 6, 2017 as well as the Proclamation, those documents speak for themselves and require no response. Defendants admit Paragraph 45's second sentence.

46.    In accordance with Footnote 2, Defendants admit that William P. Barr is the Attorney General of the United States and has been substituted for Jefferson B. Sessions III as Defendant. To the extent Paragraph 46's second sentence characterizes the Executive Orders issued on January 27 and March 6, 2017 as well as the Proclamation, those documents speak for themselves and require no response. Defendants admit Paragraph 46's third sentence.

47.    Defendants admit the first clause of Paragraph 47's first sentence. To the extent the remainder of Paragraph 47's first sentence characterizes the Executive Orders issued on January 27 and March 6, 2017 as well as the Proclamation, those documents speak for themselves and require no response. Defendants admit Paragraph 47's second sentence.

48.    Defendants deny Paragraph 48.

## JURISDICTION AND VENUE

49.     Paragraph 49 is a statement of jurisdiction and requires no response. If the Court requires a response, Defendants deny that the Court has subject matter jurisdiction over Plaintiffs' Complaint.

50.     The first sentence of Paragraph 50 consists of a legal conclusion relating to venue, which requires no response. Defendants admit the allegations in Paragraph 50's second sentence. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50's third sentence.  Defendants deny the allegations in Paragraph 50's fourth sentence.

## FACTUAL ALLEGATIONS

51.     Paragraph 51 speaks in terms of generalities and thus Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52.     Paragraph 52 discusses a statement by then-candidate Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

53.     Paragraph 53 discusses a statement by then-candidate Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

54.     Paragraph 54 discusses a statement by then-candidate Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

55.     Paragraph 55 discusses a statement by then-candidate Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

56.     Paragraph 56 discusses a statement by then-candidate Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are

material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

57.    Paragraph 57 discusses a statement by then-candidate Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

58.    Paragraph 58 discusses a statement by then-candidate Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

59.    Paragraph 59 discusses a statement by then-candidate Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the

President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

60.     Paragraph 60 discusses a statement by then-candidate Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

61.     Paragraph 61 discusses statements by then-candidate Trump, which speak for themselves. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

62.     Paragraph 62 discusses a statement by then-candidate Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

63.     Paragraph 63 discusses a statement by then-candidate Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

64.     Paragraph 64 discusses a statement by then-candidate Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

65.     Paragraph 65 characterizes and quotes from third-party websites that speak for themselves and require no response. Defendants lack knowledge or information sufficient to form a belief as to the validity of those websites.

66.     Paragraph 66 discusses a statement by then-candidate Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the

President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

67.    Paragraph 67 discusses a statement by then-candidate Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

68.    Paragraph 68 discusses a statement by then-candidate Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

69.    Paragraph 69 discusses a statement by then-candidate Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

70.     Paragraph 70 characterizes and quotes from campaign statements on a third-party website that speak for themselves and require no response. Defendants lack knowledge or information sufficient to form a belief as to the validity of that quotation.

71.     Paragraph 71 discusses a statement by then-candidate Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

72.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 72's allegations, as well as the allegations within the header prior to this paragraph.

73.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 73's allegations.

74.     Paragraph 74 quotes from a televised statements of a third party, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the validity of that quotation.

75.     Paragraph 75 discusses a statement by then-candidate Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are

material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

76.     Paragraph 76 quotes from a third party, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the validity of that quotation.

77.     Paragraph 77 quotes from the televised statements of a third party that speak for themselves and require no response. Defendants lack knowledge or information sufficient to form a belief as to the validity of that quotation.

78.     Paragraph 78 discusses a statement by then-candidate Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

79.     Paragraph 79 discusses a statement by then-candidate Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the

President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

80.    Paragraph 80 discusses a statement by then-candidate Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

81.    Paragraph 81 discusses a statement by then-candidate Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

82.    Paragraph 82 speaks in terms of generalities and thus Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82. The header prior to this paragraph contains no allegations; to the extent it does, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations within the header.

83.     Defendants admit Paragraph 83's conclusion that General Flynn was selected as national security advisor, but Defendants lack knowledge or information sufficient to form a belief as to the truth of whether General Flynn was "a key member of the Giuliani commission."

84.     Paragraph 84 quotes from the televised statement of a third party that speak for themselves and require no response. Defendants lack knowledge or information sufficient to form a belief as to the validity of that statement.

85.     Defendants lack knowledge or information sufficient to form a belief as to Paragraph 85's allegations.

86.     Paragraph 86 characterizes statements of a third party that speak for themselves and require no response. Defendants lack knowledge or information sufficient to form a belief as to the validity of that statement.

87.     Paragraph 87 characterizes statements of a third party that speak for themselves and require no response. Defendants lack knowledge or information sufficient to form a belief as to the validity of that statement.

88.     Defendants lack knowledge or information sufficient to form a belief as to Paragraph 88's allegations.

89.     Paragraph 89 discusses a statement by then-President-elect Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that

the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

90.     Paragraph 90 consists of a legal conclusion and requires no response. To the extent Paragraph 90 includes any factual allegations, Defendants lack knowledge or information sufficient to form a belief as this paragraph's allegations.

91.     Defendants admit Paragraph 91 and that executive orders were issued following President Trump's inauguration, as discussed in the header prior to this paragraph.

92.     Defendants admit Rev. Franklin Graham spoke at President Trump's inauguration. The remainder of Paragraph 92 characterizes and provides quotations from Rev. Graham, a third party to this litigation, which speak for themselves.

93.     Paragraph 93 characterizes "news reports" of third parties that speak for themselves and require no response. Defendants lack knowledge or information sufficient to form a belief as to the validity of these reports.

94.     Defendants admit that President Trump signed Executive Order 13769, "Protecting the Nation from Foreign Terrorist Entry into the United States," 82 Fed. Reg. 8977 on January 27, 2017. The remainder of Paragraph 94 consists of a legal conclusion or selected quotes from President Trump that speak for themselves— neither of which requires a response.

95.     Paragraph 95 consists of a legal conclusion and requires no response.

96.     Defendants lack knowledge or information sufficient to form a belief as to the validity of the vague reference to "[c]ontemporaneous statements made by President Trump and his advisors around the signing of the First Executive Order[.]" The remainder of Paragraph 96 consists of a legal conclusion that requires no response.

97.     Defendants deny Paragraph 97 to the extent it contains a legal conclusion and characterization of a quotation that speaks for itself.

98.     Defendants deny Paragraph 98, except to admit that President Trump gave an interview with the Christian Broadcasting Network that was released on January 27, 2017. The remainder of this paragraph characterizes that interview, which speaks for itself. To the extent there are any further factual allegations in this paragraph, they are denied.

99.     Paragraph 99 consists of legal conclusions and requires no response.

100.    Paragraph 100 characterizes the Executive Order issued on January 27, 2017, which speaks for itself and requires no response.

101.    Paragraph 101 characterizes the Executive Order issued on January 27, 2017, which speaks for itself and requires no response.

102.    Paragraph 102 characterizes the Executive Order issued on January 27, 2017, which speaks for itself and requires no response.

103.   Paragraph 103 characterizes the Executive Order issued on January 27, 2017, which speaks for itself and requires no response.

104.   Paragraph 104's first sentence is a legal conclusion that requires no response. The remainder of Paragraph 104 characterizes the Executive Order issued on January 27, 2017, which speaks for itself and requires no response.

105.   Paragraph 105 characterizes the Executive Order issued on January 27, 2017, which speaks for itself and requires no response.

106.   Defendants deny Paragraph 106, except to admit that President Trump gave an interview with the Christian Broadcasting Network that was released on January 27, 2017. The remainder of this paragraph characterizes that interview, which speaks for itself. To the extent Paragraph 106 consists of a legal conclusion that also requires no response. To the extent there are any factual allegations in this paragraph, they are denied.

107.   Paragraph 107 consists of a legal conclusions and characterizations of a statute that which speaks for itself—neither of which requires a response.

108.   Paragraph 108's first sentence consists of a legal conclusion that requires no response. Defendants lack knowledge or information sufficient to form a belief as to the truth of the statistics in Paragraph 108's second sentence.

109.   Paragraph 109 characterizes the Executive Order issued on January 27, 2017, which speaks for itself and requires no response.

110.   Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' approximations in Paragraph 110.

111.   Defendants lack knowledge or information sufficient to form a belief as to Plaintiffs' "information and belief" in Paragraph 111.

112.   Defendants lack knowledge or information sufficient to form a belief as to Plaintiffs' "information and belief," or what Plaintiffs mean by "nearly all," in Paragraph 112.

113.   Defendants lack knowledge or information sufficient to form a belief as to Plaintiffs' "information and belief" in Paragraph 113.

114.   Defendants deny Paragraph 114. CBP activities, including inspection of foreign nationals entering the United States, are undertaken in compliance with applicable DHS and CBP policies, including CBP's Standards of Conduct.

115.   Defendants lack knowledge or information sufficient to form a belief as to Plaintiffs' characterizations, their "information and belief," or what, exactly, "regular channels for input and cooperation" means in Paragraph 115. If the Court requires a response, Defendants deny, along with Plaintiffs' characterization within the header prior to this paragraph.

116.   Defendants admit that DHS and the State Department were charged with "implementing the" Executive Order issued on January 27, 2017, but Form and Legality review of executive orders is conducted by the Office of Legal Counsel at

the Department of Justice, not DHS or the State Department. Defendants lack knowledge or information sufficient to form a belief as to what Plaintiffs mean by "final review," however, and thus cannot form a belief as to the truth of the remainder of Paragraph 116's allegations.

117.  Paragraph 117 characterizes third party "report[s]," which speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the validity of the report in question.

118.  Paragraph 118 characterizes third party "report[s]," which speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the validity of the report in question.

119.  Defendants admit that decisions concerning the implementation of the Executive Order signed on January 27, 2017 were required following its signature. The remainder of Paragraph 119 consists of legal conclusions that require no response.

120.  Defendants deny Paragraph 120, except to admit that decisions concerning the implementation of the Executive Order signed on January 27, 2017 were required following its signing.

121.  Paragraph 121 quotes extensively from statements made by then-DHS Secretary Kelly. Those statements speak for themselves and require no response. Defendants deny Paragraph 121's remaining characterizations.

122.   Paragraph 122 consists of Plaintiffs' characterizations of a Memorandum issued by the Counsel to the President on February 1, 2017. The Memorandum speaks for itself and no response is required. To the extent a response is required, Defendants admit that the Memorandum interpreted the Executive Order of January 27, 2017 as not applying to lawful permanent residents. Otherwise, denied.

123.   Defendants admit that decisions concerning the implementation of the Executive Order of January 27, 2017 were required following its signing. The remainder of the allegation in Paragraph 123 consist of Plaintiffs' characterization of that Order's implementation, to which no response is required.

124.   Paragraph 124 quotes from statements that speak for themselves and require no response.

125.   Defendants admit that decisions concerning the implementation of the Executive Order of January 27, 2017 were required following its signing and that policy guidance regarding the treatment of holders of Special Immigrant Visas from Iraq was issued. The remainder of the allegations in this paragraph consist of Plaintiffs' characterization of the implementation of that Order, to which no response is required.

126. Paragraph 126 consists of Plaintiffs' characterization of the implementation of the Executive Order of January 27, 2017, to which no response is required.

127. Paragraph 127 consists of Plaintiffs' characterization of the implementation of the Executive Order of January 27, 2017, to which no response is required.

128. Defendants deny that the January 27, 2017 letter referred to in Paragraph 128 revoked, rather than "provisionally revoke[d]," any visas. To the extent Paragraph 128 characterizes the content of that letter, it speaks for itself and requires no response.

129. Defendants lack knowledge or information sufficient to form a belief about the truth of the Paragraph 129's vague reference to "ordinarily" and the actions to which it applies.

130. Paragraph 130 is a legal conclusion that requires no response.

131. Paragraph 131 consists of Plaintiffs' characterization of a short electronic statement by President Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially

indistinguishable claims. To the extent there are any remaining factual allegations in this paragraph, they are denied.

132.   Paragraph 132 consists of Plaintiffs' characterization of litigation concerning the Executive Order issued on January 27, 2017, which speaks for itself. The Court is respectfully referred to that litigation for a complete and accurate understanding of that litigation.

133.   Paragraph 133 consists of Plaintiffs' characterization of statements within the Inspector General's letter of November 20, 2017, which speaks for itself and requires no response.

134.   Paragraph 134 and the header immediately following this paragraph are legal conclusions that require no response.

135.   Defendants admit Paragraph 135.

136.   Paragraph 136 consists of Plaintiffs' characterization of litigation concerning the Executive Order issued on January 27, 2017, which speaks for itself. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

137.   Paragraph 137 consists of Plaintiffs' characterization of a short electronic statement by President Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous

statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims. To the extent there are any remaining factual allegations in this paragraph, they are denied.

138.   Paragraph 138 consists of Plaintiffs' characterization of a short electronic statement by President Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims. To the extent there are any remaining factual allegations in this paragraph, they are denied.

139.   Paragraph 139 consists of Plaintiffs' characterization of litigation concerning the Executive Order issued on January 27, 2017, which speaks for itself. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

140.   Paragraph 140 consists of Plaintiffs' characterization of litigation concerning the Executive Order issued on January 27, 2017, which speaks for itself. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

141.   Paragraph 141 consists of Plaintiffs' characterization of litigation concerning the Executive Order issued on January 27, 2017, which speaks for itself. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

142.   Paragraph 142 consists of Plaintiffs' characterization of litigation concerning the Executive Order issued on January 27, 2017, which speaks for itself. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

143.   Paragraph 138 consists of Plaintiffs' characterization of a short electronic statement by President Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims. To the extent there are any remaining factual allegations in this paragraph, they are denied.

144.   Paragraph 144 consists of Plaintiffs' characterization of litigation concerning the Executive Order issued on January 27, 2017, which speaks for itself. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

145.   Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 145's vague reference to "some pronouncements by President Trump and his administration" and the actions to which it applies. Defendants deny the remainder of this paragraph's characterization that Defendants were attempting to "circumvent" any "judicial rulings." The header immediately prior to this paragraph consists of a legal conclusion that requires no response.

146.   Paragraph 146 consists of Plaintiffs' characterization of a statement by President Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims. To the extent there are any remaining factual allegations in this paragraph, they are denied.

147.   Paragraph 147 consists of quotations from a third party to this litigation that speak for themselves and require no response.

148.   Defendants deny Paragraph 148's first sentence and its characterization that "White House officials began to leak accounts." Paragraph 148's second sentence consists of a quotation from an unnamed third party to this litigation that speaks for itself and requires no response.

149. Defendants lack knowledge or information sufficient to form a belief about the truth of the Paragraph 149's vague allegations.

150. Paragraph 150 characterizes a news article. Defendants deny that Plaintiffs' characterizations of the article or the article itself provides a material or complete picture of any of the issues in this case. The article, contrary to Plaintiffs' characterization, notes that the alleged "report" was a draft that DHS explained, among other things, consisted of information from a single source and was itself incomplete. The article speaks for itself. To the extent there are any factual allegations in this paragraph, they are denied.

151. Paragraph 151 characterizes a news article. Defendants deny that Plaintiffs' characterizations of the article or the article itself provides a material or complete picture of any of the issues in this case. The article, contrary to Plaintiffs' characterization, notes that the alleged "report" was a draft that DHS explained, among other things, consisted of information from a single source and was itself incomplete. The article speaks for itself. To the extent there are any factual allegations in this paragraph, they are denied.

152. Paragraph 152 consists of Plaintiffs' quotations from and characterizations of a DHS report, which speaks for itself and requires no response. Defendants deny that Plaintiffs' characterization is a complete and accurate description of that report.

153.   Defendants lack knowledge or information sufficient to form a belief about the truth of the Paragraph 153's vague reference to "political reasons" and the actions to which it applies.

154.   Paragraph 154 consists of quotations and characterizations of statements from a third party to this litigation that speak for themselves and require no response.

155.   Paragraph 155 consists of quotations and characterizations of alleged statements from an unidentified third party to this litigation that speak for themselves and require no response.

156.   Paragraph 156 consists of quotations and characterizations of statements from a third party to this litigation that speak for themselves and require no response.

157.   Paragraph 157 consists of quotations and characterizations of statements from President Trump's February 28, 2017 speech before Congress and by the Department of Justice in filings from outside litigation, both of which speak for themselves and require no response.

158.   Paragraph 158 and the header immediately following this paragraph are legal conclusions that require no response.

159.   Defendants admit that President Trump issued another Executive Order on March 6, 2017.

160.   Defendants admit Paragraph 160's first sentence's allegation that the Attorney General and Secretary of Homeland Security issued a joint letter to President Trump on March 6, 2017. That letter speaks for itself and requires no response. Paragraph 160's second sentence is a legal conclusion that requires no response.

161.   Paragraph 161 consists of quotations and characterizations of statements from a third party to this litigation that speak for themselves and require no response.

162.   Paragraph 162 consists of Plaintiffs' characterization of a short electronic statement by President Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims. To the extent there are any remaining factual allegations in this paragraph, they are denied.

163.   Paragraph 163 refers to a document from DHS that speaks for itself and requires no response.

164.   Paragraph 164 consists of Plaintiffs' characterizations and quotations of the Executive Order of March 6, 2017, which speaks for itself. To the extent a

response is required, Defendants admit that Plaintiffs correctly quote portions of that Executive Order, but otherwise deny, including to deny that those quotes provided a complete and accurate description of that Executive Order.

165.   Paragraph 165 consists of Plaintiffs' characterizations of the Executive Order of March 6, 2017, which speaks for itself.

166.   Paragraph 166 consists of Plaintiffs' characterizations and quotations of the Executive Orders of January 27 and March 6, 2017, which speak for themselves.

167.   Paragraph 167 consists of Plaintiffs' characterizations and quotations of the Executive Orders of January 27 and March 6, 2017, which speak for themselves.

168.   Paragraph 168 consists of Plaintiffs' characterizations of the Executive Order of March 6, 2017, which speaks for itself.

169.   Paragraph 169 consists of Plaintiffs' characterizations and quotations of the Executive Orders of January 27 and March 6, 2017, which speak for themselves.

170.   Paragraph 170 consists of Plaintiffs' characterizations and quotations of the Executive Orders of January 27 and March 6, 2017, which speak for themselves.

171.   Defendants admit Paragraph 171's first sentence's allegation that Section 3(c) of the January 27, 2017 Executive Order was enjoined, but the remainder of this sentence is conclusory and requires no response. Paragraph 171's second sentence characterizes the Executive Order of March 6, 2017, which speaks for itself.

172.   Paragraph 172 and its footnotes consist of quotations and characterizations of the Executive Order of March 6, 2017, which speaks for itself.

173.   Paragraph 173 and its footnotes consist of quotations and characterizations regarding the Executive Order of March 6, 2017, which speaks for itself.

174.   Paragraph 174 consists of quotations and characterizations of the Executive Order of March 6, 2017, which speaks for itself.

175.   Paragraph 175 consists of Plaintiffs' characterizations of the Executive Orders of January 27 and March 6, 2017, which speak for themselves.

176.   Paragraph 176 consists of Plaintiffs' characterizations of the Executive Orders of January 27 and March 6, 2017, which speak for themselves. Paragraph 176's discussion of a country-by-country report being "due on February 26, 2017" omits the injunctions preventing Defendants from proceeding with that report. Defendants deny that the report discussed in the remainder of Paragraph 176 stemmed from the January 27 Executive Order, which had been revoked. The

remainder of Paragraph 176 consists of legal conclusions that require no response. If the Court requires a response, Defendants deny.

177.   Paragraph 177 consists of quotations and characterizations of the Executive Order of March 6, 2017, which speaks for itself.

178.   Paragraph 178 consists of Plaintiffs' characterizations of the Executive Orders of January 27 and March 6, 2017, which speak for themselves.

179.   Paragraph 179 consists of Plaintiffs' characterizations of the Executive Orders of January 27 and March 6, 2017, which speak for themselves. Paragraph 179 also contains Plaintiffs' characterization of litigation concerning the Executive Order issued on January 27, 2017, which speaks for itself. The Court is respectfully referred to the referenced litigation for a complete and accurate understanding of that litigation.

180.   Paragraph 180 consists of Plaintiffs' characterizations of the Executive Orders of January 27 and March 6, 2017, which speak for themselves.

181.   Paragraph 181 consists of quotations and characterizations of the Executive Orders of January 27 and March 6, 2017, which speak for themselves.

182.   Paragraph 182 consists of quotations and characterizations of the Executive Order of March 6, 2017, which speaks for itself.

183.   Paragraph 183 consists of Plaintiffs' quotations and characterization of litigation concerning the Executive Order issued on March 6, 2017, which speaks

for itself. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

184.   Paragraph 184 consists of quotations and characterizations of the Executive Orders of January 27 and March 6, 2017, which speak for themselves.

185.   Paragraph 185 consists of quotations and characterizations of the Executive Orders of January 27 and March 6, 2017, which speak for themselves.

186.   Paragraph 186's first sentence consists of characterizations of the Executive Orders of January 27 and March 6, 2017, which speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 186's second sentence.

187.   Paragraph 187 consists of quotations and characterizations of the Executive Orders of January 27 and March 6, 2017, which speak for themselves.

188.   Paragraph 188 consists of quotations and characterizations of the Executive Orders of January 27 and March 6, 2017, which speak for themselves.

189.   Paragraph 189 consists of legal conclusions that require no response.

190.   Paragraph 190 and the header prior to this paragraph consists of Plaintiffs' quotations and characterization of litigation concerning the Executive Order issued on March 6, 2017, which speak for themselves. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

191.   Paragraph 191 consists of a quotation from President Trump that speaks for itself.

192.   Paragraph 192 consists of Plaintiffs' characterization of litigation concerning the Executive Order issued on March 6, 2017, which speaks for itself. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

193.   Paragraph 193 consists of Plaintiffs' characterization of litigation concerning the Executive Order issued on March 6, 2017, which speaks for itself. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

194.   Paragraph 194 consists of Plaintiffs' characterization of litigation concerning the Executive Order issued on March 6, 2017, which speaks for itself. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

195.   Defendants deny Paragraph 195's first sentence. Defendants admit that the enjoined provisions of the Executive Order issued on March 6, 2017 were tolled while they were under injunctions.

196.   Paragraph 196 consists of Plaintiffs' characterization of litigation concerning the Executive Order issued on March 6, 2017, which speaks for itself.

The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

197. Paragraph 197 consists of Plaintiffs' quotations and characterizations of litigation concerning the Executive Order issued on March 6, 2017, which speaks for itself. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

198. Paragraph 198 consists of Plaintiffs' characterization of litigation concerning the Executive Order issued on March 6, 2017, which speaks for itself. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

199. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199. The header immediately prior to this paragraph contains legal conclusions that require no response.

200. Paragraph 200 consists of Plaintiffs' characterization of a short electronic statement by President Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially

indistinguishable claims. To the extent there are any remaining factual allegations in this paragraph, they are denied.

201. Paragraph 201 consists of Plaintiffs' characterization of a short electronic statement by President Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims. To the extent there are any remaining factual allegations in this paragraph, they are denied.

202. Paragraph 202 consists of Plaintiffs' characterization of a short electronic statement by President Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims. To the extent there are any remaining factual allegations in this paragraph, they are denied.

203. Paragraph 203 consists of Plaintiffs' characterization of a short electronic statement by President Trump, which speaks for itself. Defendants further

deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims. To the extent there are any remaining factual allegations in this paragraph, they are denied.

204.   Paragraph 204 consists of Plaintiffs' characterization of a short electronic statement by President Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims. To the extent there are any remaining factual allegations in this paragraph, they are denied.

205.   Paragraph 205 consists of legal conclusions that require no response. To the extent Paragraph 205 includes selected quotations of President Trump, those statements speak for themselves. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct.

2392 (2018) and nonetheless rejected materially indistinguishable claims. To the extent there are any remaining factual allegations in this paragraph, they are denied.

206.   Defendants admit Paragraph 206's allegation that the Proclamation was issued on September 24, 2017 and that the Executive Order issued on March 6, 2017 would have otherwise expired on that date; otherwise denied as to both the remaining allegations as well as the header prior to this paragraph.

207.   Paragraph 207 consists of legal conclusions that require no response.

208.   Paragraph 208 consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and which no response is required.

209.   Paragraph 209 consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and which no response is required.

210.   Paragraph 208 consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and which no response is required.

211.   Paragraph 211 consists of a quotation from President Trump that speaks for itself.

212.   Paragraph 212 and its footnote consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required.

213.   Paragraph 213 consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required.

214. Paragraph 214 consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required.

215. Paragraph 215 consists of Plaintiffs' quotations and characterizations of the Proclamation, which speaks for itself and which no response is required.

216. Paragraph 216 consists of quotations and characterizations of the Executive Orders of January 27 and March 6, 2017, which speak for themselves.

217. Paragraph 217 consists of Plaintiffs' quotations and characterizations of the Proclamation, which speaks for itself and which no response is required.

218. Paragraph 218 consists of Plaintiffs' quotations and characterizations of the Proclamation, which speaks for itself and which no response is required.

219. Paragraph 219 consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and which no response is required. To the extent Paragraph 219 characterizes "leaked" DHS draft reports, those documents speak for themselves and require no response. Defendants deny that Plaintiffs' characterization is a complete and accurate description any allegedly "leaked" reports.

220. Paragraph 220 consists of a legal conclusion that requires no response.

221. Paragraph 221 consists of Plaintiffs' quotations and characterizations of the Proclamation, which speaks for itself and requires no response.

222.   Paragraph 222 consists of Plaintiffs' quotations and characterizations of the Proclamation, which speaks for itself and which no response is required.

223.   Paragraph 223 consists of Plaintiffs' characterizations of the Visa Waiver Program of 8 U.S.C. § 1187(a), which is a statute that speaks for itself and requires no response.

224.   The first three sentences of Paragraph 224 consist of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required. The remainder of Paragraph 224 consists of legal conclusions that require no response.

225.   Paragraph 225 consists of a legal conclusion that requires no response.

226.   Paragraph 226 consists of Plaintiffs' quotations and characterizations of the Proclamation, which speaks for itself and to which no response is required.

227.   Paragraph 227 consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required.

228.   Paragraph 228 consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and which no response is required.

229.   Paragraph 229's first sentence is a legal conclusion that requires no response. Paragraph 229's second sentence consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required.

230. Paragraph 230 consists of Plaintiffs' legal conclusions and characterization of the Proclamation—neither of which requires a response.

231. Paragraph 231 and the header prior to this paragraph consist of Plaintiffs' legal conclusions and characterization of unspecified "[s]tatements" attributed to President Trump—neither of which requires a response.

232. Paragraph 232 consists of Plaintiffs' characterization of a short electronic statement by President Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

233. Paragraph 233 consists of Plaintiffs' characterization of electronic statements by President Trump, which speak for themselves. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims. To the extent there are any remaining factual allegations in this paragraph, they are denied.

234.   Paragraph 234 characterizes and quotes extensively from a third party, whose statements speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the validity of that quotation.

235.   Paragraph 235 consists of Plaintiffs' characterization of a statement by President Trump, which speaks for itself. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

236.   Paragraph 236 characterizes and quotes extensively from a third party, whose statements speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the validity of those quotations.

237.   Paragraph 237 consists of Plaintiffs' legal conclusions and characterization of the Proclamation—neither of which requires a response. To the extent a response is required regarding this paragraph and the header following it characterizing the Proclamation's waiver provisions and guidance, Defendants deny.

238.   Paragraph 238 consists of legal conclusions that require no response. To the extent there are any remaining factual allegations in this paragraph, they are denied.

239.   Paragraph 239 consists of a legal conclusion that requires no response. Defendants lack knowledge or information sufficient to form a belief as to the "[p]ublicly available data" referred to in Paragraph 239.

240.   Defendants deny Paragraph 240's characterization of waivers that have been granted. To the extent the remainder of Paragraph 240 characterizes a letter from the State Department, that document speaks for itself and requires no response.

241.   Paragraph 241 consists of outdated information related to waivers and legal conclusions that require no response.

242.   Paragraph 242 consists of legal conclusions that require no response. Defendants otherwise deny Paragraph 242, except to state that information concerning issuance of immigrant and non-immigrant visas is available at https://travel.state.gov/content/travel/en/legal/visa-law0/visa-statistics/annual-reports/report-of-the-visa-office-2018.html and Defendants respectfully refer the Court to the sources available at that site for a full and accurate description of its content.

243.   Paragraph 243 consists of legal conclusions that require no response. Defendants otherwise deny Paragraph 243, except to state that information concerning issuance of immigrant and non-immigrant visas is available at https://travel.state.gov/content/travel/en/legal/visa-law0/visa-statistics/annual-reports/report-of-the-visa-office-2018.html and Defendants respectfully refer the

Court to the sources available at that site for a full and accurate description of its content.

244. Paragraph 244 consists of legal conclusions that require no response.

245. Paragraph 245 consists of legal conclusions that require no response.

246. Paragraph 246 characterizes a meeting in September 2017 and provides quotations that speak for themselves and require no response. To the extent a response is required, Defendants deny this paragraph, but admit, regarding the header prior to this paragraph, that President Trump has issued at least four executive orders.

247. Defendants admit Paragraph 247's allegation that President Trump issued an executive order on October 24, 2017. To the extent this paragraph consists of Plaintiffs' legal conclusions and characterization of that Executive Order, that document speaks for itself and no response is required.

248. Paragraph 248 consists of Plaintiffs' characterization of the Executive Order of October 24, 2017, to which no response is required.

249. Paragraph 249 provides various refugee and visa statistics. Defendants state that information concerning issuance of immigrant and non-immigrant visas is available at https://travel.state.gov/content/travel/en/legal/visa-law0/visa-statistics/annual-reports/report-of-the-visa-office-2018.html and Defendants respectfully

refer the Court to the sources available at that site for a full and accurate description of its content.

250.   Defendants admit Paragraph 250's first sentence's allegation that then-Secretary of State Rex Tillerson, then-Acting Secretary of Homeland Security Elaine Duke, and Director of National Intelligence Daniel Coats released an October 23, 2017 Memorandum discussing the implementation of the October 24, 2017 Executive Order. That document speaks for itself and requires no response.

251.   Paragraph 251 consists of Plaintiffs' characterization of the Executive Order issued on October 24, 2017, which speaks for itself and which no response is required. To the extent Paragraph 251 discusses the Memorandum regarding the implementation of that Executive Order, that document also speaks for itself and requires no response. To the extent a response is required, Defendants deny.

252.  Paragraph 252 consists of quotations and characterizes the Memorandum regarding the implementation of the Executive Order issued on October 24, 2017, which speaks for itself and requires no response. To the extent a response is required, Defendants deny.

253.   Paragraph 253 consists of a legal conclusion that requires no response.

254.  Paragraph 254 consists of Plaintiffs' characterization of litigation concerning the Executive Order issued on October 24, 2017, which speaks for itself.

The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

255.   Paragraph 255 and the header prior to this paragraph consist of legal conclusions that require no response. The processes referred to in Paragraph 255 characterize statutes and regulations that speak for themselves, are the best evidence of their contents, and which require no response.

256.   Paragraph 256 consists of legal conclusions that require no response. The processes referred to in Paragraph 256 characterize statutes and regulations that speak for themselves, are the best evidence of their contents, and which require no response.

257.   Paragraph 257 consists of legal conclusions that require no response. The processes referred to in Paragraph 257 characterize statutes and regulations that speak for themselves, are the best evidence of their contents, and which require no response.

258.   Paragraph 258 consists of legal conclusions that require no response. The processes referred to in Paragraph 258 characterize statutes and regulations that speak for themselves, are the best evidence of their contents, and which require no response.

259.   Paragraph 259 consists of legal conclusions that require no response.

260.   Paragraph 260's first sentence consists of a legal conclusion that requires no response. The remainder of this paragraph consists of subjective and vague conclusions that Defendants lack knowledge or information sufficient to form a belief as to their validity.

261.   Paragraph 261 and the header prior to this paragraph consist of legal conclusions that require no response.

262.   Paragraph 262 consists of legal conclusions that require no response.

263.   Defendants lack knowledge or information sufficient to form a belief as to the validity of the unspecified "numerous national security experts" and the conclusions referred to in Paragraph 263.

264.   Paragraph 264 quotes from and characterizes a third party letter that speaks for itself and requires no response. Defendants lack knowledge or information sufficient to form a belief as to the validity of Paragraph 264's quotation.

265.   Paragraph 265 refers to a document filed in litigation concerning the Executive Order issued on January 27, 2017, which speaks for itself. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

266.   Paragraph 266 characterizes and quotes from a third party statement that speaks for itself and requires no response. Defendants lack knowledge or information sufficient to form a belief as to the validity of Paragraph 266's quotation.

267.   Paragraph 267 characterizes and quotes from a third party statement that speaks for itself and requires no response. Defendants lack knowledge or information sufficient to form a belief as to the validity of Paragraph 267's quotation.

268.   Paragraph 268 characterizes and quotes from a third party statement that speaks for itself and requires no response. Defendants lack knowledge or information sufficient to form a belief as to the validity of Paragraph 268's quotation.

269.   Defendants lack knowledge or information sufficient to form a belief as to the validity of the unspecified third parties' "concerns" referred to in Paragraph 269.

270.   Paragraph 270 characterizes and quotes from a third party statement that speaks for itself and requires no response. Defendants lack knowledge or information sufficient to form a belief as to the validity of Paragraph 270's quotation.

271.   Paragraph 271 consists of a legal conclusion that requires no response.

272.   Defendants lack knowledge or information sufficient to form a belief as to the validity of the unspecified third parties' "primary critique" referred to in Paragraph 272's first sentence. Paragraph 272's second sentence consists of a legal conclusion that requires no response.

273.   Paragraph 273 and its footnote refer to, and quote from, a document filed in litigation concerning the Proclamation, which speaks for itself. The Court is

respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

274.   Paragraph 274 characterizes and quotes from an Inspector General report that speaks for itself and requires no response.

275.   Paragraph 275 consists of legal conclusions that require no response.

276.   Paragraph 276 characterizes a Department of Justice and DHS report that speaks for itself and requires no response.

277.   Paragraph 277 and the header prior to this paragraph refer to and characterize developments in another in litigation concerning the Proclamation, which speak for themselves. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

278.   Paragraph 278 refers to and characterizes developments in another in litigation concerning the Proclamation, which speak for themselves. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

279.   Paragraph 279 refers to and characterizes developments in another in litigation concerning the Proclamation, which speak for themselves. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

280.   Paragraph 280 refers to and characterizes developments in another in litigation concerning the Proclamation, which speak for themselves. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

281.   Paragraph 281 refers to and characterizes developments in other litigations concerning the Proclamation, which speak for themselves. The Court is respectfully referred to the cited litigations for a complete and accurate understanding of them.

282.   Paragraph 282 refers to and characterizes developments in another litigation concerning the Proclamation, which speak for themselves. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

283.   Paragraph 283 refers to, characterizes, and quotes developments in another litigation concerning the Proclamation, which speak for themselves. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

284.   Paragraph 284 refers to, characterizes, and quotes developments in another litigation concerning the Proclamation, which speak for themselves. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

285.   Paragraph 285 refers to, characterizes, and quotes developments in another litigation concerning the Proclamation, which speak for themselves. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

286.   Paragraph 286 refers to and characterizes developments in another litigation concerning the Proclamation, which speak for themselves. The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

287.   Paragraph 287 and the header prior to this paragraph consist of legal conclusions that require no response.

288.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 288's first sentence. Paragraph 288's remainder consists of a legal conclusion that requires no response.

289.   Paragraph 289 consists of a legal conclusion that requires no response.

290.   Defendants lack knowledge or information sufficient to form a belief as to the truth of what "Plaintiffs believe" as articulated in Paragraph 290's first clause. Paragraph 290's remainder consists of a legal conclusion that requires no response.

291.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 291.

292.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 292.

293.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 293.

294.   Paragraph 294 contains a legal conclusion that requires no response. To the extent Paragraph 294 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

295.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 295.

296.   Paragraph 296 consists of a legal conclusion that requires no response.

297.   Paragraph 297 consists of a legal conclusion that requires no response.

298.   Paragraph 298 contains a legal conclusion that requires no response. To the extent Paragraph 298 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

299.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 299.

300.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 300.

301.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 301.

302.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 302.

303.   Paragraph 303 consists of a legal conclusion that requires no response.

304.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 304.

305.   Paragraph 305 contains a legal conclusion that requires no response. To the extent Paragraph 305 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

306.   Defendants lack knowledge or information sufficient to form a belief as to the factual allegations in Paragraph 306. Paragraph 306's second sentence contains a legal conclusion that requires no response.

307.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 307.

308.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 308.

309.   Paragraph 309 contains a legal conclusion that requires no response. To the extent Paragraph 309 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

310.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 310.

311.   Paragraph 311 consists of a legal conclusion that requires no response.

312.   Paragraph 312 consists of a legal conclusion that requires no response.

313.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 313.

314.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 314.

315.   Paragraph 315 consists of a legal conclusion that requires no response. To the extent Paragraph 315 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

316.   Paragraph 316 consists of a legal conclusion that requires no response. To the extent Paragraph 316 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

317.   Paragraph 317 consists of a legal conclusion that requires no response. To the extent Paragraph 317 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

318.   Paragraph 318 consists of legal conclusions that require no response. To the extent Paragraph 318 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

319.   Paragraph 319 consists of legal conclusions that require no response. To the extent Paragraph 319 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

320.   Paragraph 320 consists of legal conclusions that require no response. To the extent Paragraph 320 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

321.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 321.

322.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 322.

323.   Paragraph 323 consists of a legal conclusion that requires no response.

324.   Paragraph 324 consists of legal conclusions that require no response. To the extent Paragraph 324 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

325.   Paragraph 325 consists of legal conclusions that require no response. To the extent Paragraph 325 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

326.   Paragraph 326 consists of legal conclusions that require no response. To the extent Paragraph 326 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

327.   Paragraph 327 consists of legal conclusions that require no response. To the extent Paragraph 327 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

328.   Paragraph 328 contains a legal conclusion that requires no response. To the extent Paragraph 328 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

329.   Paragraph 329 contains a legal conclusion that requires no response. To the extent Paragraph 329 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

330.   Paragraph 330 consists of legal conclusions that require no response. To the extent Paragraph 330 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

331.   Paragraph 331 contains a legal conclusion that requires no response. To the extent Paragraph 331 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

332.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 332.

333.   Paragraph 333 contains a legal conclusion that requires no response. To the extent Paragraph 333 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

334.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 334.

335.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 335.

336.    Paragraph 336 contains a legal conclusion that requires no response. To the extent Paragraph 336 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

337.    Paragraph 337 contains a legal conclusion that requires no response. To the extent Paragraph 337 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

338.    Paragraph 338 consists of legal conclusions that require no response. To the extent Paragraph 338 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

339.    Paragraph 339 consists of legal conclusions that require no response. To the extent Paragraph 339 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

340.    Paragraph 340 contains a legal conclusion that requires no response. To the extent Paragraph 340 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

341.    Paragraph 341 consists of a legal conclusion that requires no response.

342.   Paragraph 342 contains a legal conclusion that requires no response. To the extent Paragraph 342 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

343.   Paragraph 343 consists of legal conclusions that require no response. To the extent Paragraph 343 consists of legal characterizations of the Proclamation, that document speaks for itself, is the best evidence of its contents, and requires no response. If the Court requires a response, Defendants deny.

344.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 344.

345.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 345.

346.   Paragraph 346 contains a legal conclusion that requires no response. To the extent Paragraph 346 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

347.   Paragraph 347 contains a legal conclusion that requires no response. To the extent Paragraph 347 makes factual allegations, Defendants lack knowledge or information sufficient to form a belief as to those allegations.

348.   Paragraph 348 consists of a legal conclusion that requires no response.

349.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 349.

350.   Defendants admit Paragraph 350.

351.   Defendants admit that a consular interview was conducted, but otherwise lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 351.

352.   Defendants admit Paragraph 352.

353.   Defendants admit Paragraph 353's first sentence, but Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 353's second sentence.

354.   Defendants admit an Executive Order was signed on January 27, 2017, but Defendants lack knowledge or information sufficient to form a belief as to the remainder of Paragraph 354.

355.   Paragraph 355 consists of a legal conclusion that requires no response.

356.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 356.

357.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 357.

358.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 358.

359.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 359.

360.   Defendants admit Paragraph 360's first two sentences, but Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 360's third sentence.

361.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 361.

362.   To the extent Paragraph 362 quotes from or characterizes a letter from the State Department, that document speaks for itself and requires no response. Defendants deny Paragraph 362's third sentence.

363.   Defendants deny Paragraph 363.

364.   Defendants deny Paragraph 364. The "two Yemeni-citizen children" referred to in this and prior paragraphs were issued visas in November 2018.

365.   Paragraph 365 consists of a legal conclusion that requires no response.

366.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 366's first and third sentences. Defendants admit Paragraph 366's second sentence.

367.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 367.

368.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 368's first sentence. Defendants admit that Plaintiff Jahaf filed an immigrant petition in July 2016, but that it was properly terminated

because the petition did not update his address. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 368.

369.   Defendants admit Paragraph 369's first sentence. To the extent Paragraph 369 quotes from a document possessed by Ms. Al Reyashi, that document speaks for itself and requires no response. Defendants lack knowledge sufficient to form a belief as to the remaining allegation in Paragraph 369.

370.   Defendants deny Paragraph 370.

371.   Defendants deny Paragraph 371.

372.   Defendants deny Paragraph 372.

373.   Paragraph 373 consists of a legal conclusion and requires no response.

374.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 374.

375.   Defendants admit Paragraph 375's first two sentences, but Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 375's third sentence.

376.   To the extent Paragraph 376 characterizes a document possessed by Ms. Noor, that document speaks for itself and requires no response. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 376.

377.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 377.

378.   To the extent Paragraph 378 characterizes electronic mail possessed by Ms. Noor, those documents speak for themselves and require no response.

379.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 379.

380.   Defendants admit Paragraph 380.

381.   Paragraph 381 consists of legal conclusions that require no response.

382.   Paragraph 382 consists of a legal conclusion and requires no response.

383.   Defendants admit Paragraph 383.

384.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 384.

385.   Paragraph 385 consists of legal conclusions that require no response.

## CLASS ACTION ALLEGATIONS

386.   Paragraph 386 describes Plaintiffs' putative class, to which no response is required.

387.   Paragraph 387 consists of a legal conclusion and requires no response. To the extent Paragraph 387 consists of factual allegations based on State Department and uncited reports, those documents speak for themselves, are the best evidence of their contents, and which require no response.

388.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 388.

389.   Paragraph 389 consists of a legal conclusion and requires no response.

390.   Paragraph 390 consists of a legal conclusion and requires no response.

391.   Paragraph 391 consists of a legal conclusion and requires no response.

392.   Paragraph 392's first sentence consists of a legal conclusion and requires no response. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the remainder of Paragraph 392.

393.   Paragraph 393 consists of legal conclusions and requires no response.

## CLAIMS FOR RELIEF

### COUNT I

394.   Paragraph 394 simply incorporates by reference other paragraphs of the Complaint and therefore requires no response.

395.   Paragraph 395 consists of a legal conclusion and requires no response.

396.   Paragraph 396 consists of legal conclusions and requires no response.

397.   Paragraph 397 consists of a legal conclusion and requires no response.

398.   Paragraph 398 consists of a legal conclusion and requires no response.

399.   Paragraph 399 consists of a legal conclusion and requires no response.

400.   Paragraph 400 consists of legal conclusions and requires no response.

401.   Paragraph 401 consists of legal conclusions and requires no response.

402.   Paragraph 402 consists of legal conclusions and requires no response.

403.   Paragraph 403 consists of a legal conclusion and requires no response.

COUNT II

404.   Paragraph 404 simply incorporates by reference other paragraphs of the Complaint and therefore requires no response.

405.   Paragraph 405 consists of a legal conclusion and requires no response.

406.   Paragraph 406 consists of a legal conclusion and requires no response.

407.   Paragraph 407 consists of legal conclusions and requires no response.

408.   Paragraph 408 consists of a legal conclusion and requires no response.

409.   Paragraph 409 consists of a legal conclusion and requires no response.

410.   Paragraph 410 consists of legal conclusions and requires no response.

411.   Paragraph 411 consists of a legal conclusion and requires no response.

412.   Paragraph 412 consists of a legal conclusion and requires no response.

413.   Paragraph 413 consists of a legal conclusion and requires no response.

414.   Paragraph 414 consists of legal conclusions and requires no response.

415.   Paragraph 415 consists of a legal conclusion and requires no response.

416.   Paragraph 416 consists of a legal conclusion and requires no response.

417.   Paragraph 417 consists of legal conclusions and requires no response.

418.   Paragraph 418 consists of legal conclusions and requires no response.

## COUNT III

419.   Paragraph 419 simply incorporates by reference other paragraphs of the Complaint and therefore requires no response.

420.   Paragraph 420 consists of legal conclusions that require no response.

421.   Paragraph 421 consists of legal conclusions that require no response.

422.   Paragraph 422 consists of legal conclusions that require no response.

423.   Paragraph 423 consists of legal conclusions that require no response.

424.   Paragraph 424 consists of legal conclusions that require no response.

425.   Paragraph 425 consists of legal conclusions that require no response.

426.   Paragraph 426 consists of legal conclusions that require no response.

427.   Paragraph 427 consists of legal conclusions that require no response.

428.   Paragraph 428 consists of a characterization and quotation from the Proclamation, which speaks for itself and requires no response.

429.   Paragraph 429 consists of legal conclusions that require no response.

430.   Paragraph 430 consists of legal conclusions that require no response.

431.   Paragraph 431 consists of a legal conclusion that requires no response.

432.   Paragraph 432 consists of legal conclusions that require no response.

433.   Paragraph 433 consists of legal conclusions that require no response.

434.   Paragraph 434 consists of legal conclusions that require no response.

The allegations following Paragraph 434 contain Plaintiffs' prayer for relief, which requires no response.

## GENERAL DENIAL

Defendants deny all allegations not specifically admitted.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiffs' Complaint and as separate affirmative defenses, Defendants state as follows:

1.     The Court lacks subject matter jurisdiction over Plaintiffs' Complaint.

2.     Plaintiffs' Complaint and each cause of action therein fails to state a claim upon which relief may be granted.

3.     Plaintiffs have failed to exhaust its administrative remedies.

4.     Plaintiffs have suffered no injury.

5.     Relief should be denied as an exercise of judicial discretion to withhold relief.

6.     Although Defendants do not presently have specific facts in support of their remaining defenses, they hereby put Plaintiffs on notice that Defendants raise the following affirmative defenses, as set forth in Federal Rule of Civil Procedure 8, should Defendants become aware of facts that support those defenses, including but not limited to: estoppel, res judicata, waiver, statute of limitations, and fraud.

7.     Defendants reserve the right to assert other defenses as this action proceeds up to and including the time of trial.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants, having fully answered the Plaintiffs' Complaint, respectfully pray for judgment denying each and every prayer for relief, dismissing the action, granting Defendants their costs, and granting such other and further relief as this Court deems just and proper.

Dated: July 31, 2019                    Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

GISELA A. WESTWATER
Assistant Director

*/s/ Joshua S. Press*
JOSHUA S. PRESS
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-0106
e-Mail: joshua.press @usdoj.gov

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served the foregoing document on all parties of record by filing

this document with the Clerk of the Court using the CM/ECF system, which will

provide notice and an electronic link to this document to all parties of record.

*/s/ Joshua S. Press*
U.S. Department of Justice
Civil Division