# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**ARAB AMERICAN CIVIL RIGHTS LEAGUE**, et al.,

*Plaintiffs*,

*v.*

**DONALD TRUMP**, et al.,

*Defendants*.

Case No. 2:17-cv-10310-VAR-SDD

Hon. Victoria A. Roberts

Mag. J. Stephanie D. Davis

---

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY THIS COURT'S JULY 10, 2019 ORDER FOR INTERLOCUTORY APPEAL AND FOR A STAY OF DISCOVERY PENDING APPEAL

Plaintiffs, by and through their undersigned counsel, oppose Defendants' Motion to Certify This Court's July 10, 2019 Order for Interlocutory Appeal and for a Stay of Discovery Pending Appeal for the reasons set forth in the accompanying Memorandum.

Dated: August 6, 2019                               Respectfully submitted,

**Counsel for Arab American Civil Rights League, American Arab Chamber of Commerce, Hend Alshawish, Salim Alshawish, and Fahmi Jahaf**

AYAD LAW, P.L.L.C.
/s/ Nabih H. Ayad
Nabih H. Ayad (P59518)
645 Griswold St., Ste. 2202
Detroit, MI 48226
(313) 983-4600
nayad@ayadlaw.com


**Counsel for American Civil Liberties Union of Michigan, Arab American and Chaldean Council, Arab American Studies Association, and Kaltum Saleh**

/s/ Miriam Aukerman
Miriam Aukerman (P63165)
American Civil Liberties Union
Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org

/s/ Nishchay H. Maskay
Jason C. Raofield (D.C. Bar #463877)
Nishchay H. Maskay (D.C. Bar #998983)
Covington & Burling LLP
850 10th Street, NW
Washington, DC 20001
(202) 662-6000
nmaskay@cov.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ARAB AMERICAN CIVIL RIGHTS LEAGUE**, et al.,

*Plaintiffs*,

*v.*

**DONALD TRUMP**, et al.,

*Defendants*.

Case No. 2:17-cv-10310-VAR-SDD

Hon. Victoria A. Roberts

Mag. J. Stephanie D. Davis

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY THIS COURT'S JULY 10, 2019 ORDER FOR INTERLOCUTORY APPEAL AND FOR A STAY OF DISCOVERY PENDING APPEAL

# TABLE OF CONTENTS

INTRODUCTION ................................................................. 1

RELEVANT PROCEDURAL HISTORY ................................... 1

ARGUMENT ...................................................................... 3

    I.    DEFENDANTS HAVE NOT MET THE STRICT
         STANDARD FOR A CERTIFICATE OF APPEALABILITY. ......... 3

         A.    Interlocutory Review is Highly Disfavored and Only
               Available in Exceptional Cases. .................................. 3

         B.    The Ongoing Harm to Plaintiffs Makes Interlocutory
               Review Particularly Inappropriate Here. .................... 6

         C.    This Case Is Unsuitable for Interlocutory Review
               Because the Supreme Court Already Reviewed the
               Executive Action at Issue........................................... 8

         D.    Defendants Cannot Satisfy the Criteria of Section
               1292(b). ..................................................................... 9

         E.    Defendants' New Arguments in Support of Dismissal
               Were Waived Long Ago, and Lack Merit. .............. 15

    II.    A STAY IS NOT WARRANTED. .................................... 18

CONCLUSION .................................................................. 23

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ahrenholz v. Bd. of Trustees of Univ. of Ill.*,
 219 F.3d 674 (7th Cir. 2000) .................................................................5

*Alharbi v. Miller*,
 368 F. Supp. 3d 527 (E.D.N.Y. 2019) ................................................15

*In re Auto. Parts Antitrust Litig.*,
 No. 12-md-02311, 2013 WL 4784682 (E.D. Mich. Sept. 6, 2013).......4

*Caterpillar Inc. v. Lewis*,
 519 U.S. 61 (1996)................................................................................4

*Chrysler Group LLC v. S. Holland Dodge, Inc.*,
 862 F. Supp. 2d 661 (E.D. Mich. 2012) ............................................11

*City of Dearborn v. Comcast of Mich. III, Inc.*,
 No. 08-cv-10156, 2008 WL 5084203 (E.D. Mich. Nov. 24, 2008) .............10, 11

*In re City of Memphis*,
 293 F.3d 345 (6th Cir. 2002) ...............................................................4

*Clinton v. Jones*,
 520 U.S. 681 (1997)............................................................................21

*Craigmiles v. Giles*,
 312 F.3d 220 (6th Cir. 2002) .............................................................14

*Dep't of Commerce v. New York*,
 139 S. Ct. 2551 (2019)........................................................................14

*Dumont v. Lyon*,
 No. 17-cv-13080, 2018 WL 5292022 (E.D. Mich. Oct. 25, 2018) ...................17

*Eberline v. Douglas J. Holdings, Inc.*,
 No. 14-cv-10887, 2019 WL 989284 (E.D. Mich. Mar. 1, 2019) ......................12

*Emami v. Nielsen,*
    365 F. Supp. 3d 1009, 1022 (N.D. Cal. 2019).....................................................16

*Firestone Tire & Rubber Co. v. Risjord,*
    449 U.S. 368 (1981)...........................................................................................5

*First Am. Corp. v. Al-Nahyan,*
    948 F. Supp. 1107 (D.D.C. 1996)......................................................................11

*Garber v. Office of the Comm'r of Baseball,*
    120 F. Supp. 3d 334 (S.D.N.Y. 2014) ...............................................................5

*Int'l Refugee Assistance Project v. Trump,*
    373 F. Supp. 3d 650 (D. Md. 2019)...................................................................13

*Kleindienst v. Mandel,*
    408 U.S. 753 (1972)...................................................................................10, 13

*Kraus v. Bd. of Cnty. Road Comm'rs,*
    364 F.2d 919 (6th Cir. 1966) .............................................................................4

*Landis v. N. Am. Co.,*
    299 U.S. 248 (1936)..........................................................................................18

*In re Miedzianowski,*
    735 F.3d 383 (6th Cir. 2013) ......................................................................11, 12

*Mobley v. City of Detroit,*
    938 F. Supp. 2d 688 (E.D. Mich. 2013) .............................................................3

*Mohawk Indus., Inc. v. Carpenter,*
    558 U.S. 100 (2009).......................................................................................4, 9

*Nken v. Holder,*
    556 U.S. 418 (2009).........................................................................................18

*Ohio Envtl. Council v. U.S. Dist. Court,*
    565 F.2d 393 (6th Cir. 1977) ...........................................................................18

*Quackenbush v. Allstate Ins. Co.,*
    517 U.S. 706 (1996)...........................................................................................3

*Ramos v. Nielsen*,
   336 F. Supp. 3d 1075 (N.D. Cal. 2018)...............................................................15

*Reed-Bey v. Pramstaller*,
   No. 06-cv-10934, 2011 WL 37967 (E.D. Mich. Jan. 5, 2011)...........................3

*In re Sealed Case*,
   121 F.3d 729 (D.C. Cir. 1997)...............................................................................19

*Sigma Fin. Corp. v. Am. Int'l Spec. Lines Ins. Co.*,
   200 F. Supp. 2d 710 (E.D. Mich. 2002) ...................................................3, 5, 11

*Swint v. Chambers Cnty. Comm'n*,
   514 U.S. 35 (1995)..................................................................................................5

*In re Trump*,
   874 F.3d 948 (6th Cir. 2017) ............................................................................7, 8

*Trump v. Hawaii*,
   138 S. Ct. 2392 (2018)..................................................................................*passim*

*In re United States*,
   138 S. Ct. 443 (2017).............................................................................................7

*U.S. Rubber Co. v. Wright*,
   359 F.2d 784 (9th Cir. 1966) ..............................................................................11

*White v. Nix*,
   43 F.3d 374 (8th Cir. 1994) ..................................................................................4

## Other Authorities

28 U.S.C. § 1292......................................................................................*passim*

Fed. R. Civ. P. 12(b)(6)..................................................................................14, 22

David G. Knibb, *Fed. Court of Appeals Manual* (6th ed. 2018)............................18

## INTRODUCTION

Plaintiffs filed this action more than two and a half years ago to obtain relief from the tremendous harm caused to them by President Trump's Muslim Ban, which keeps them separated from their families, stigmatizes them by discriminating against Muslims, undermines their organizational missions, and compromises their First Amendment rights.  Defendants obtained a prior stay of this action, arguing that appellate review would provide meaningful guidance to this Court.  *Trump v. Hawaii*, 138 S. Ct. 2392 (2018), has now provided that guidance, and this Court followed that guidance in denying Defendants' motion to dismiss.  But Defendants disagree with the Court's decision and refuse to litigate this case on its merits. They now argue that the guidance provided by the Supreme Court is insufficient, and that another trip up and down the appellate ladder is necessary before the case can even move forward.  Meanwhile, the real, significant, and daily harm Plaintiffs suffer from the Muslim Ban continues unabated.

Defendants have not satisfied the stringent requirements for certification of an interlocutory appeal.  The Court should reject Defendants' transparent attempt to stall this case yet again, and deny Defendants' Motion.

## RELEVANT PROCEDURAL HISTORY

Plaintiffs brought this case on January 31, 2017, and filed a Second Amended Complaint on March 16, 2017.  ECF #1, 41.  On April 17, 2017, Defendants moved

to dismiss the Complaint; that motion was fully briefed by May 22, 2017.  ECF #76, 86, 98.

On May 31, 2017, Defendants moved to stay the case pending review of the Muslim Ban by the Supreme Court, arguing that "review by the Supreme Court would be certain to provide substantial guidance to this Court and the Parties in resolving (or eliminating) the many pending discovery disputes and Defendants' fully briefed and pending motion to dismiss."  ECF #105, at PageID 1899.  On June 9, 2017, the Court granted a stay, in the expectation that the Supreme Court's decision "will be particularly relevant to — and likely controlling of — this Court's disposition" of pending motions, and "would also provide guidance regarding the appropriate scope of discovery."  ECF #114, at PageID 2305.

On September 24, 2017, President Trump issued the third, now-operative version of the Muslim Ban, and the Court accordingly issued Orders permitting Plaintiffs to amend their Complaint once the Supreme Court concluded its review.  ECF #119, 121.  The Supreme Court issued its decision in *Trump v. Hawaii* on June 26, 2018, after which Plaintiffs filed a Third Amended Complaint on September 13, 2018.  ECF #124.

Defendants moved to dismiss, and this Court denied Defendants' motion on July 10, 2019.  ECF #138.  Dissatisfied with the Court's ruling, Defendants now move for certification of an interlocutory appeal and for a stay, once again arguing

that appellate review will either put an end to this litigation or "provide significant

guidance" about "what the scope of discovery (if any) should be."  ECF #140 ("Br."),

at PageID 2790.

## **ARGUMENT**

## I.   **DEFENDANTS HAVE NOT MET THE STRICT STANDARD FOR A CERTIFICATE OF APPEALABILITY.**

### A.   **Interlocutory Review is Highly Disfavored and Only Available in Exceptional Cases.**

The Supreme Court has explained that "[t]he general rule is that 'a party is

entitled to a single appeal, to be deferred until final judgment has been entered, in

which claims of district court error at any stage of the litigation may be ventilated.'"

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (citation omitted); *see

also Sigma Fin. Corp. v. Am. Int'l Spec. Lines Ins. Co.*, 200 F. Supp. 2d 710, 723

(E.D. Mich. 2002) ("Federal law expresses a strong policy against piecemeal

appeals.").   Here, two and a half years after the Complaint was filed, the

Government's appeal in another case challenging the same Executive Order at issue

here has already resulted in a lengthy opinion from the Supreme Court.  Despite that,

Defendants seek another appeal on the same issues, all before discovery has even

begun.

As this Court has recognized, "Interlocutory appeals in the federal system are

disfavored." *Mobley v. City of Detroit*, 938 F. Supp. 2d 688, 690 (E.D. Mich. 2013)

(Roberts, J.); *Reed-Bey v. Pramstaller*, No. 06-cv-10934, 2011 WL 37967, at *1 (E.D. Mich. Jan. 5, 2011) (Roberts, J.).  The Sixth Circuit has emphasized that "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *see also Kraus v. Bd. of Cnty. Road Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966) ("Congress intended that section 1292(b) should be sparingly applied." (internal quotation marks omitted)).

The burden is on Defendants to show that "exceptional circumstances exist" warranting interlocutory review.  *In re Auto. Parts Antitrust Litig.*, No. 12-md-02311, 2013 WL 4784682, at *2 (E.D. Mich. Sept. 6, 2013); *see also White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) ("[T]he movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted").  "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (citations omitted); *accord Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009).

28 U.S.C. § 1292(b) provides that in order to certify an order for interlocutory appeal, a district court must find that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination

4

of the litigation."   It is well established that these criteria are "conjunctive, not disjunctive," *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000), meaning that certification is impermissible if any part of the test is not met.

Moreover, district courts have "first line discretion" to determine if the criteria of § 1292(b) have been satisfied.  *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995); *see also Sigma*, 200 F. Supp. 2d at 723 ("The decision to certify an appeal pursuant to section 1292(b) is left to the sound discretion of the district court.").  And "even when the elements of Section 1292(b) are satisfied, the district court retains unfettered discretion to deny certification."   *Garber v. Office of the Comm'r of Baseball*, 120 F. Supp. 3d 334, 337 (S.D.N.Y. 2014) (quotation marks and citation omitted).  The final judgment rule "emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many questions of law and fact," and "[p]ermitting piecemeal appeals would undermine the independence of the district judge" while creating an "obstruction to just claims." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981) (quotation marks omitted).

Defendants here have not carried their heavy burden of establishing that interlocutory review is warranted.  There are no exceptional circumstances present to warrant interlocutory review; to the contrary, the ongoing harm to Plaintiffs militates against certification.

What is exceptional about this case is that the Muslim Ban has *already* been subject to review by the Supreme Court, and that Court has spoken on the very questions that Defendants want certified for a second round of appeals.   And Defendants would automatically be entitled to a third appeal if Plaintiffs ultimately prevail.   Moreover, as Defendants' brief makes clear, along the way they plan to appeal any adverse rulings they receive on discovery issues.   That is simply not how the federal courts work.

Both based on the criteria of the statute and in exercise of its discretion, the Court should deny Defendants' motion.

### B.   The Ongoing Harm to Plaintiffs Makes Interlocutory Review Particularly Inappropriate Here.

Defendants ask the Court to treat this case as so "extraordinary" that it merits a seemingly automatic certification for interlocutory appeal.   But not only are the statutory requirements for certification not satisfied here, the broader context demonstrates that the Court should exercise its discretion not to certify an appeal.

Plaintiffs suffer continuing harm every day that the Muslim Ban remains in effect.   The Muslim Ban continues to keep children thousands of miles apart from their parents and siblings, and husbands apart from their wives.   *E.g.*, ECF #124 ("Compl.") at ¶¶ 294-96, 331, 349-85.   Muslims continue to bear the stigma resulting from a governmental policy that discriminates against them and their religion and suggests that they should be excluded from the United States because they are

6

dangerous. *E.g.*, *id.* at ¶¶ 288-89, 297, 317-18. Organizations continue to be forced to divert resources to address the impact of the Muslim Ban on their members. *E.g.*, *id.* at ¶¶ 298, 301, 319, 324-30. Individuals continue to be prevented from freely associating with individuals subject to the Ban, and organizations are prevented from hosting speakers and colleagues subject to the Ban. *E.g.*, *id.* at ¶¶ 296, 303-09, 315-16, 336-44. Plaintiffs have the right and the need to litigate their claims, and they should be allowed to do so without further delay.

While delay severely harms the Plaintiffs, Defendants will not suffer any harm from litigating this case in the normal course in the District Court. Contrary to Defendants' suggestion, *see* Br. at PageID 2775-76, neither the Supreme Court nor the Sixth Circuit has said that cases challenging this President's actions are necessarily "of extraordinary national significance" meriting interlocutory review. This case is not like *In re United States*, where the Supreme Court instructed the District Court to "resolve[] the Government's threshold arguments" — i.e., whether the court had jurisdiction in the first place — before ordering production of the administrative record. 138 S. Ct. 443, 445 (2017). Here, of course, there are no such jurisdictional issues awaiting the Court's review.

Nor is this case like *In re Trump*, where the Sixth Circuit was concerned that the plaintiffs were asking "the President of the United States [to] answer for a state-law claim" and seeking discovery of "the President's tax returns and medical

7

records" and a deposition of the President.  874 F.3d 948, 952 (6th Cir. 2017).  Here,

there are no federalism concerns, and Plaintiffs have not sought any discovery

regarding the President's personal finances or health.  In any event, Defendants can

raise their objections to discovery as the case proceeds.  Requiring a litigant to

litigate does not create an exceptional circumstance justifying interlocutory review.

### C.   This Case Is Unsuitable for Interlocutory Review Because the Supreme Court Already Reviewed the Executive Action at Issue.

This case presents an even weaker argument for interlocutory review than the

typical situation where a defendant is complaining about a denial of a motion to

dismiss.  This is the unusual case where the *Supreme Court* has already heard

Defendants' arguments and opined on the *very same* executive action being

challenged in the district court.  The Supreme Court issued a 39-page opinion in

*Hawaii* that exhaustively addressed what standard should be used to evaluate the

Muslim Ban, providing all the guidance necessary to proceed with this litigation.

138 S. Ct. 2392.  There has been no factual or legal development in the past year

that would permit the Sixth Circuit to depart from the Supreme Court's ruling in

order to satisfy Defendants.  Until this Court has the opportunity to reach a judgment

based on a fully developed factual record, there is nothing for the Sixth Circuit to

decide.  In short, the appellate proceedings Defendants seek have already happened.

Defendants acknowledge that, in addition to satisfying "the explicit standards

for certification under § 1292(b)," they must satisfy "the rule that certification should

8

focus on decisions of new legal questions or matters of special consequence." Br. at PageID 2776 (quoting *Mohawk*, 558 U.S. at 111) (quotation marks and alterations omitted). But this case no longer presents "new legal questions or matters of special consequence." Defendants already received interlocutory review — all the way to the Supreme Court — of challenges to the Muslim Ban. Although that special treatment may have been justified two years ago, it is no longer justified today. And this Court, like every district court, is fully qualified to interpret and apply decisions of the Supreme Court without obtaining affirmation from the Court of Appeals every step of the way.

Defendants' motion makes clear that they want to use interlocutory review as an end run around any orders the Court may issue permitting this case to proceed. *See* Br. at PageID 2793-94. Rather than allow the facts to come to light so that this Court can consider them in an orderly manner, Defendants clearly hope to continue tying up this litigation in endless appeals, without ever offering the courts the benefit of a developed factual record. But Section 1292(b) does not entitle the Government to a never-ending loop of appeals whenever district courts rule against it, and the Court should not permit Defendants to use the statute to that end.

### D. <u>Defendants Cannot Satisfy the Criteria of Section 1292(b)</u>.

Defendants claim there are four questions warranting review: whether the Muslim ban should be subject to "rational basis review"; whether "*Hawaii* already

determined that the Proclamation adequately satisfies both *Mandel* and rational basis review"; whether the allegations in Plaintiffs' complaint state a claim in light of *Hawaii*; and whether there is "a cognizable liberty or property interest for Plaintiffs in the issuance of a visa to foreign-national family members." Br. at PageID 2777-79. Defendants have not carried their burden as to any of these questions. As to the first two, the Supreme Court spoke clearly in *Hawaii*. As to the latter two, Defendants long ago waived those arguments, which lack merit in any event.

Far from "materially advanc[ing] the ultimate termination of the litigation" as required by § 1292(b), an interlocutory appeal here would do nothing more than create additional delay. Far from presenting a "controlling question of law" to be resolved by the Sixth Circuit, Defendants make clear that they intend to simply re-argue issues that they have already lost. And far from demonstrating a "substantial ground for difference of opinion," Defendants make clear that they are no different than every other defendant that disagrees with a decision denying a motion to dismiss.

Certification under § 1292(b) requires much more. As this Court has noted, "Simply because a court decides a novel issue or a question of first impression does not mean there is substantial ground for difference of opinion concerning the correctness of the ruling." *City of Dearborn v. Comcast of Mich. III, Inc.*, No. 08-cv-10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008) (Roberts, J.). "Mere

10

disagreement, even if vehement, with a court's ruling on a motion to dismiss does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for an interlocutory appeal." *First Am. Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1116 (D.D.C. 1996). That is because "Section 1292(b) was not intended merely to provide review for difficult rulings in hard cases." *Sigma*, 200 F. Supp. 2d at 723 (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)).

Rather, "[s]erious doubt as to how an issue should be decided must exist in order for there to be substantial ground for difference of opinion." *Dearborn*, 2008 WL 5084203, at *3. That requirement is met only when "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (quoting *Dearborn*, 2008 WL 5084203, at *3). That is, "[u]nder Sixth Circuit law, 'substantial grounds for difference of opinion' exist only when there is conflicting authority on an issue." *Chrysler Group LLC v. S. Holland Dodge, Inc.*, 862 F. Supp. 2d 661, 688 (E.D. Mich. 2012) (citations omitted).

Defendants have not satisfied any of these criteria for showing a "substantial ground for a difference of opinion" as to whether the Muslim Ban should be subject to rational basis review, whether it satisfies that standard, and thus whether this case should proceed after *Hawaii*. The question of what standard to apply to the Muslim Ban was presented to the Supreme Court in *Hawaii*, and is now "substantially guided" by *Hawaii* itself. *See* Order Denying Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint (July 10, 2019), ECF #138 ("Op.") at PageID 2749. This is not a case where this Court was operating without the benefit of relevant appellate precedent. To the contrary, the Court was directly applying a decision of the Supreme Court prescribing the standards against which to judge the very presidential action at issue here, and the Court properly applied those rules in denying Defendants' motion to dismiss. This case is thus entirely unlike *Eberline v. Douglas J. Holdings, Inc.*, No. 14-cv-10887, 2019 WL 989284 (E.D. Mich. Mar. 1, 2019), relied on by Defendants, and other cases where no higher court has weighed in before the District Court's decision. Although appellate guidance may have been appropriate at the outset of this litigation, that guidance has now been provided.

Nor is there any circuit split or "difference of opinion" on this matter within the Sixth Circuit. *See In re Miedzianowski*, 735 F.3d at 384. To the contrary, the only other court to give careful consideration to the impact of *Hawaii* on challenges to the Muslim Ban concluded, like this Court, that such challenges may proceed.

*Int'l Refugee Assistance Project v. Trump* ("*IRAP*"), 373 F. Supp. 3d 650 (D. Md. 2019).

There is also no legitimate doubt as to how Defendants' motion should have been decided. The Court's ruling was grounded in a common-sense reading of *Hawaii*, well-established Supreme Court precedents prescribing the standards for rational basis review, and hornbook principles regarding the difference between the standards for obtaining a preliminary injunction and surviving a motion to dismiss.

Defendants continue to rely on a distorted reading of *Hawaii* to support their arguments — a reading based on a series of arguments that the Supreme Court rejected in *Hawaii* itself. Defendants claim that this Court may not apply rational basis review, and is instead limited to the "facially legitimate" standard of *Kleindienst v. Mandel*, 408 U.S. 753 (1972). Br. at PageID 2782. But the Supreme Court explicitly declined to "put an end to [its] review" by relying on a "conventional application of *Mandel*," and instead "look[ed] behind the face of the Proclamation to the extent of applying rational basis review." *Hawaii*, 138 S. Ct. at 2420; Op. at PageID 2746. Defendants claim that *Hawaii* conclusively resolved the constitutionality of the Muslim Ban, but the Supreme Court was clear that it was only determining whether the plaintiffs had "demonstrated a likelihood of success on the merits of their [Establishment Clause] claim," as needed to obtain a preliminary injunction. 138 S. Ct. at 2423; Op. at PageID 2747. Indeed, the

13

Supreme Court concluded by "remand[ing]" *Hawaii* "for further proceedings," not with instructions to the lower courts to dismiss the cases before them. 138 S. Ct. at 2423. Defendants characterize *Hawaii* as "conclusive[]," Br. at PageID 2784, but nothing in *Hawaii* concluded that Plaintiffs' allegations, which also invoke the equal protection guarantee of the Fifth Amendment and the rights to free speech and association under the First Amendment, fail to satisfy the standards of Rule 12(b)(6). Op. at PageID 2749.

Moreover, Defendants ignore that rational basis review considers whether the Government's "proffered explanations" for a law are "pretextual." *Craigmiles v. Giles*, 312 F.3d 220, 229 (6th Cir. 2002). Although Defendants suggest that *Hawaii* "foreclosed" any inquiry into whether the Government's asserted justification for the Muslim Ban is pretextual, Br. at PageID 2786, the opposite is true: *Hawaii* "look[ed] behind the face of the Proclamation" and was decided based on whether the evidence available to the Court at that preliminary stage was "persuasive," 138 S. Ct. at 2420-21, and this Court may — or may not — reach a different determination once Plaintiffs have the opportunity to conduct discovery. *See, e.g.*, *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2574-75 (2019) (documents revealed during litigation showed that "the evidence tells a story that does not match the explanation the [Commerce] Secretary gave for his decision" and "justified" the District Court's order of discovery); *Ramos v. Nielsen*, 336 F. Supp. 3d 1075, 1100-

05 (N.D. Cal. 2018) (enjoining withdrawal of Temporary Protected Status based in part on evidence of animus from emails and declarations by government officials).

As this Court pointed out, the Ban will "fail rational basis review if the evidence revealed that for each of its proffered purposes, either that purpose was not a legitimate state interest or, if legitimate, the Proclamation was not rationally related to that purpose — such that it was unable to be explained by anything but animus toward Muslims." Op. at PageID 2748. This is true regardless of whether Defendants choose to characterize the purpose of the Ban as "national security" or "foreign affairs." Br. at PageID 2787.

### E. <u>Defendants' New Arguments in Support of Dismissal Were Waived Long Ago, and Lack Merit</u>.

Defendants' effort to raise new arguments in support of dismissal should be summarily rejected. Defendants never challenged the sufficiency of Plaintiffs' allegations in their motion to dismiss, *see* Op. at PageID 2744, as they attempt to do now, *see* Br. at PageID 2786. Nor did they previously argue that Plaintiffs' "due process and Establishment claims" fail because Plaintiffs have not been "deprived of a liberty or property interest." Br. at PageID 2789. Defendants waived those arguments long ago, and it is far too late for them to make them now.

In any event, Defendants' new arguments also lack merit. It is preposterous to contend that this Court should certify an appeal because *other* courts found *other* complaints to be insufficient. *See Alharbi v. Miller*, 368 F. Supp. 3d 527, 554, 565

(E.D.N.Y. 2019) (rejecting "conclusory pleading" and "bare-boned and conclusory" claim); *Emami v. Nielsen*, 365 F. Supp. 3d 1009, 1022 (N.D. Cal. 2019) (dismissing equal protection claim because it relied on "assumptions" of discrimination, rather than "non-conclusory allegations"). The relevant question before this Court was whether the Complaint in this case "states a plausible claim for relief," "constru[ing] the complaint in the light most favorable to the plaintiff, accept[ing] as true all well-pled factual allegations, and draw[ing] all reasonable inferences in favor of the plaintiff." Op. at PageID 2749. As the Court properly found, the Complaint at issue in *this* case "contains extensive, detailed, and non-conclusory allegations that support" Plaintiffs' claims. Op. at PageID 2750.

Defendants insist that the facts alleged in the Complaint were "already considered by the Supreme Court in *Hawaii* or are legally irrelevant," Br. at PageID 2787, but they offer no specifics to back up this broad claim. Moreover, they ignore that crucial facts were not before the Supreme Court at the time it decided *Hawaii*. *See, e.g.*, Compl. at ¶ 157 (post-*Hawaii* concession by Department of Justice that no data supported President's claim that "the vast majority of individuals convicted of terrorism . . . came here from outside of our country"); *id.* at ¶ 241 (post-*Hawaii* data showing that Department of State has generally failed to advance waiver applications).

16

Defendants' arguments regarding what they call the "due process and Establishment claims" are perplexing and misleading.  Contrary to Defendants' suggestion, Plaintiffs have not asserted a due process or Establishment Clause claim that their "family members [should be] issued a visa." *See* Br. at PageID 2789-90. Nor are any of the Plaintiffs "alien[s] seeking admission to the country." *Id.* Rather, all of the Plaintiffs are asserting claims based on harms to their own interests. Plaintiffs allege that the equal protection requirement of the Constitution prohibits Defendants from using measures motivated by animus and religious discrimination to burden Plaintiffs' right to associate with their families and raise their children. Compl. at ¶¶ 404-18.  And Plaintiffs allege that Defendants have violated the Establishment Clause by disfavoring and disadvantaging Islam as compared to other religions.  Compl. at ¶¶ 394-403.  The cases relied on by Defendants, *see* Br. at PageID 2789-90, thus do not undermine the claims that Plaintiffs have actually made. *See, e.g.*, *Dumont v. Lyon*, No. 17-cv-13080, 2018 WL 5292022, at *3 (E.D. Mich. Oct. 25, 2018) (denying certification where the premise of the defendants' motion was "simply not the issues presented by the Plaintiffs' Complaint, or the issues addressed and decided by the Court," and, "as to the issues that the Court *did* decide, the Court relied on controlling . . . Supreme Court precedent").

17

## II.   <u>A STAY IS NOT WARRANTED</u>.

By default, certification "shall not stay proceedings in the district court." § 1292(b); *see also* David G. Knibb, *Fed. Court of Appeals Manual* § 5:6 (6th ed. 2018) (explaining that under Section 1292(b) "[t]he presumption is against a stay" so that "[o]ther proceedings can continue").  The decision to stay proceedings is a matter committed to the Court's discretion, *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936), but a Court "must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977).  The "burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm" from a stay.  *Id.*  "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quotation marks omitted).

Defendants have not satisfied this high standard.  Additional delay will continue to harm Plaintiffs and will serve no "pressing need."

In seeking a stay of discovery, Defendants are again trying to avoid any meaningful judicial review of their sweeping and unsubstantiated claims of privilege.  They ask this Court to take their word that certain documents — and, it seems, all documents — responsive to Plaintiffs' discovery "are covered by the presidential communications privilege."  Br. at PageID 2791-92.  But there is no

18

reason to believe that claim for even a moment.  All four of Plaintiffs' pending document requests seek documents created prior to Donald Trump becoming the President, which is when the presidential communications privilege would attach. ECF #104-1, Ex. A.  Defendants have only served objections to one of those requests so far, and that request sought a single document created before Donald Trump was even the Republican nominee, much less the President.  ECF #104-1, Ex. B.

Yet Defendants confidently assert that the "presidential communications privilege" will insulate them from discovery, and that it would be a waste of time for the Court to even inquire into the basis for that assertion, much less decide whether it is valid.  That position lacks any merit.  *See In re Sealed Case*, 121 F.3d 729, 749, 752 (D.C. Cir. 1997) (The presidential communications privilege must be "narrowly construed," and "the government bears the burden of proving that the communications occurred in conjunction with the process of advising the President" on "official government matters.").  Nor is there any support for the notion that the limited discovery sought by Plaintiffs "would be extraordinarily burdensome," as Defendants contend.  Br. at PageID 2791.  As the Court recognized in its Order issued on May 11, 2017, there is no substance to Defendants' arguments.  *See* ECF #89, at PageID 1224-25 ("The Court believes Defendants exaggerate the number of legitimate objections they will have and the complexity of the issues those objections will raise.").

Defendants also declare that "Plaintiffs would not suffer any meaningful prejudice" from a stay.  Br. at PageID 2792.  That is premised on the assertion that Plaintiffs are suffering no ongoing harm.  That is obviously wrong.  As discussed above, every day that the Muslim Ban remains in effect, Plaintiffs suffer continuing harm from the family separation inflicted upon them, the stigma of government discrimination, the diversion of organizational resources, and the constraints on their First Amendment rights.  Moreover, every day that Plaintiffs are prevented from pursuing discovery (especially when added to the extensive delay thus far) increases the risk that documents will be lost and memories will go stale.  Plaintiffs would suffer significant prejudice from a stay.

Nor is there any reason to credit Defendants' suggestion that a stay will result in only a brief delay.  Br. at PageID 2792.  Defendants rely heavily on this Court's June 2017 Order staying this case pending Supreme Court review.  ECF #114.  But when this Court issued that stay two years ago, the "Fourth Circuit [had] upheld [a] nationwide injunction of the" Muslim Ban, and the Supreme Court had already indicated it was "expediting its decision on Defendants' petition for *certiorari*."  *Id.* at PageID 2307.  Even under those circumstances, another year passed before the Supreme Court issued its ruling.  Today, there is no injunction in place to protect Plaintiffs, and there is no proceeding pending before the Supreme Court.  And there is every reason to believe that after Defendants lose before the Sixth Circuit they

will seek yet another round of Supreme Court review.  This is no longer a situation where Plaintiffs are being asked "to submit to delay not immoderate in extent and not oppressive in its consequences."  *Id.* at PageID 2304 (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).  This is a situation where, if Defendants have their way, Plaintiffs will indefinitely suffer substantial harm because Defendants do not want to litigate the merits of their case.

Defendants' argument that a stay "is warranted for the same reasons why this Court previously stayed this case," Br. at PageID 2790, reveals how disingenuous Defendants' position is.  Two years ago, Defendants sought a stay because, they said, "Further review by the Supreme Court would be certain to provide substantial guidance to this Court and the parties in resolving (or eliminating) the many pending discovery requests and Defendants' fully briefed and pending motion to dismiss." ECF #105, at PageID 1899.  Today, they assure the Court that the "Sixth Circuit may terminate this litigation entirely," or at least "provide significant guidance about the appropriate standard of review" and "reasons why Plaintiffs' legal [sic] might be plausible in light of that standard," and "thus what the scope of discovery (if any) should be."  Br. at PageID 2790.  But *Hawaii* has not satisfied Defendants, and there is no reason to think that they will be willing to pursue litigation in the normal course after yet another round of appellate review.

21

To the contrary, Defendants' motion makes clear that they do not intend to produce a single document or witness, and instead plan to keep engaging in "significant motions practice" and then appeal any adverse rulings "before the Sixth Circuit," whether those rulings concern the merits or discovery. Br. at PageID 2791. Each time they lose before the Sixth Circuit, they will surely seek review in the Supreme Court. Even if all of that could be completed in record speed, it would take years (likely longer than the rest of President Trump's current term), all while Plaintiffs suffer ongoing harm from Defendants' actions. Defendants' approach would allow procedural delays to defeat Plaintiffs' right to have their claims heard.

There is no reason to wait any longer:  the Court should allow discovery to proceed so that Defendants' objections can be heard and addressed. Again, that is exactly what this Court concluded more than two years ago in its May 11, 2017 Order. ECF #89 at PageID 1224. Defendants' privilege claims can be evaluated by this Court without a Sixth Circuit interpretation of *Hawaii*:  the validity of Defendants' privilege claims has nothing to do with whether Plaintiffs' Complaint passes muster under Rule 12(b)(6), and an appeal from the Court's July 10 Opinion would therefore not present Defendants' privilege claims to the Sixth Circuit.

Two years have passed since this Court's June 2017 stay, and circumstances have changed. The Supreme Court has spoken and offered the guidance that Defendants claimed was needed. *Hawaii* allows this case to proceed. Plaintiffs are

still being harmed.  There is no reason for the Court to postpone discovery any further.

For these reasons, and for the reasons presented in Plaintiffs' Reply Memorandum in further support of Plaintiffs' Motion to Reinstate Fully-Briefed Motion to Compel and Require Responses to Outstanding Discovery Requests (which is incorporated here by reference), the Court should deny Defendants' request for a stay.

## **CONCLUSION**

For the reasons stated above, the Court should deny Defendants' Motion to certify the case for interlocutory review and stay discovery.

23

## CERTIFICATE OF SERVICE

This Memorandum was filed on August 6, 2019, via the Court's ECF system, which provides notice to all counsel of record.

/s/ Nishchay H. Maskay
Nishchay H. Maskay
(D.C. Bar #998983)