# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **ARAB AMERICAN CIVIL RIGHTS LEAGUE**, et al., | |
| *Plaintiffs*, | Case No. 2:17-cv-10310-VAR-SDD |
| *v.* | Hon. Victoria A. Roberts |
| **DONALD TRUMP**, et al., | Mag. J. Stephanie D. Davis |
| *Defendants*. | |

### PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO REINSTATE FULLY-BRIEFED MOTION TO COMPEL AND REQUIRE RESPONSES TO OUTSTANDING DISCOVERY REQUESTS

Plaintiffs, by and through their undersigned counsel, submit the accompanying Memorandum in further support of their Motion to restore Plaintiffs' fully briefed Motion to Compel to the docket and reinstate a deadline for responses to Plaintiffs' outstanding discovery requests.

Dated: August 6, 2019                              Respectfully submitted,

**Counsel for Arab American Civil Rights League, American Arab Chamber of Commerce, Hend Alshawish, Salim Alshawish, and Fahmi Jahaf**

AYAD LAW, P.L.L.C.
/s/ Nabih H. Ayad
Nabih H. Ayad (P59518)
645 Griswold St., Ste. 2202
Detroit, MI 48226
(313) 983-4600
nayad@ayadlaw.com


**Counsel for American Civil Liberties Union of Michigan, Arab American and Chaldean Council, Arab American Studies Association, and Kaltum Saleh**

/s/ Miriam Aukerman
Miriam Aukerman (P63165)
American Civil Liberties Union
Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org

/s/ Nishchay H. Maskay
Jason C. Raofield (D.C. Bar #463877)
Nishchay H. Maskay (D.C. Bar #998983)
Covington & Burling LLP
850 10th Street, NW
Washington, DC 20001
(202) 662-6000
nmaskay@cov.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ARAB AMERICAN CIVIL RIGHTS LEAGUE**, et al., *Plaintiffs*, v. **DONALD TRUMP**, et al., *Defendants*. | Case No. 2:17-cv-10310-VAR-SDD  Hon. Victoria A. Roberts  Mag. J. Stephanie D. Davis |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO REINSTATE FULLY-BRIEFED MOTION TO COMPEL AND REQUIRE RESPONSES TO OUTSTANDING DISCOVERY REQUESTS**

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................... 1

ARGUMENT ...................................................................................................... 1

    I.    PLAINTIFFS ARE NOT SEEKING EXPEDITED DISCOVERY. ............................................................................................. 1

    II.    THE PROCEDURAL HISTORY SHOWS WHY PLAINTIFFS' MOTION SHOULD BE GRANTED. .......................... 4

    III.    THIS COURT HAS ALREADY RECOGNIZED THAT DEFENDANTS LACK GOOD CAUSE TO CONTINUE DELAYING DISCOVERY. ................................................................. 5

CONCLUSION ................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Cheney v. U.S. Dist. Ct.*,
 542 U.S. 367 (2004)................................................................................................2, 3

*Clinton v. Jones*,
 520 U.S. 681 (1997)........................................................................................................2

*FCC v. Beach Commc'ns, Inc.*,
 508 U.S. 307 (1993)........................................................................................................3

*Ohio Envtl. Council v. U.S. Dist. Court*,
 565 F.2d 393 (6th Cir. 1977) .........................................................................................2

*In re Trump,*
 874 F.3d 948 (6th Cir. 2017) .........................................................................................3

**Other Authorities**

Fed. R. Civ. P. 26(f) ................................................................................................5, 6

# INTRODUCTION

Defendants offer no persuasive reason why the Court should further defer a ruling on Plaintiffs' Motion to Compel or why Defendants should not be required to respond to Plaintiffs' outstanding discovery requests. Instead, Defendants' brief mischaracterizes the relief sought in Plaintiffs' motion; omits relevant facts in its account of the procedural history; and misquotes this Court's Order.

# ARGUMENT

## I. PLAINTIFFS ARE NOT SEEKING EXPEDITED DISCOVERY.

Defendants' entire argument hinges on their mischaracterizing Plaintiffs' motion as seeking "expedited discovery," when in fact Plaintiffs are simply seeking a return to normal litigation. In normal litigation, after a defendant loses a motion to dismiss, the parties move to discovery so that a complete factual record can be assembled, and the trier of fact can make an informed decision. Thereafter, the losing party can, if it wishes, appeal from that final judgment.

That normal litigation process is all that Plaintiffs are asking for here. Specifically, Plaintiffs have asked (1) that the Court decide a fully briefed motion, after the Parties have had the opportunity to raise any new arguments that have arisen in the last two years; and (2) that Defendants respond to a small number of requests that they should have been ready to answer two years ago, and articulate any legitimate objections that they have to those requests. By contrast, Defendants want

the Court to stay discovery. The burden is accordingly on them "to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm." *Ohio Envtl. Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977). They have not met that burden.

Defendants claim there are "significant burdens that expedited discovery will entail." ECF #143 ("Br.") at PageID 2816-17. As Plaintiffs do not seek "expedited discovery," this argument is misplaced. Moreover, Defendants do not explain what these "significant burdens" are, beyond a vague assertion that "discovery into the President's deliberations with his closest advisors itself threatens the separation of powers," *id.* — an assertion that is particularly implausible here, where they are complaining about discovery requests that seek documents preceding the President's inauguration and answers to straightforward factual interrogatories. *See* ECF #78-2, 78-3. In any event, if Defendants want to object to Plaintiffs' discovery, they should do so in the normal course — by responding to that discovery and allowing the Court to decide any necessary motions to compel. *See Clinton v. Jones*, 520 U.S. 681, 704 (1997) ("Sitting Presidents have responded to court orders to provide testimony and other information with sufficient frequency that such interactions between the Judicial and Executive Branches can scarcely be thought a novelty.").

Defendants rely heavily on *Cheney v. U.S. District Court*, 542 U.S. 367 (2004), but that case does not have the talismanic power that Defendants assign it.

2

*Cheney*'s concern was with "overly broad discovery requests" that "ask[ed] for everything under the sky." *Id.* at 386-87. Indeed, the Court noted that "the discovery requests [were] anything but appropriate" because they would provide "all the disclosure to which [the plaintiffs] would be entitled in the event they prevail[ed] on the merits, and much more besides." *Id.* at 388. *Cheney* has nothing to do with the situation presented here, where Plaintiffs have served narrow discovery requests seeking evidence to support their claims. And nothing in *Cheney* allows Defendants to simply refuse to participate in the discovery process at all.

Similarly, this case is not like *In re Trump*, where the plaintiffs asked "the President of the United States [to] answer for a state-law claim" and sought discovery of "the President's tax returns and medical records" and a deposition of the President. 874 F.3d 948, 952 (6th Cir. 2017). Here, there are no federalism concerns, and Plaintiffs have not sought any discovery regarding the President's personal finances or health.

Finally, there is no reason to credit Defendants' speculation (Br. at PageID 2815) that, if this Court were to certify an interlocutory appeal, the Sixth Circuit would attempt to overrule the standard prescribed by the Supreme Court in *Hawaii* by relying on a case about a statute "regulat[ing] cable television facilities" that was enacted "absent [any] reason to infer antipathy." *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 309, 314 (1993) (quotation marks omitted).

3

## II. THE PROCEDURAL HISTORY SHOWS WHY PLAINTIFFS' MOTION SHOULD BE GRANTED.

Defendants omit critical facts in their account of the procedural history.

First, they refer to Plaintiffs' Motion to Compel as "long-denied," Br. at PageID 2807, but that motion was never heard or denied on the merits. Rather, the Court simply recognized that, given the need for Plaintiffs to amend their Complaint to address the third iteration of the Muslim Ban, the Court lacked jurisdiction at that time to decide the motion on its merits. ECF #119 at PageID 2374. Now that Plaintiffs have amended their Complaint, the Court again has jurisdiction. Defendants did not succeed in having that Complaint dismissed. And as this Court recognized in its opinion denying Defendants' Motion to Dismiss, events from the time when Trump was a candidate and President-Elect continue to be relevant to understanding whether the Muslim Ban is in fact "rationally related to" a "legitimate state interest." ECF #138 at PageID 2748-52.

This is true even though Plaintiffs first served these discovery requests two years ago. If Plaintiffs were now required to re-serve those requests, Defendants would refuse to respond, and Plaintiffs would again move to compel. The only result of this would be even more delay. If Defendants have legitimate objections to Plaintiffs' requests, the relief sought by Plaintiffs' Motion — i.e., supplemental briefing on Document Request No. 1, and objections and briefing regarding the other discovery — allows Defendants a fair opportunity to assert those objections.

4

Second, Defendants inaccurately suggest that Plaintiffs have refused to "work[] with Defendants to arrive at a Joint discovery plan pursuant to Federal Rule of Civil Procedure 26(f)." Br. at PageID 2809. Plaintiffs did work with Defendants to arrive at a Rule 26(f) plan. That plan was filed jointly by the Parties on July 6, 2017, following the Court's entry of scheduling orders on May 11, 2017, and June 9, 2017. *See* ECF #115, 89, 114.

Of course, despite the Parties' efforts, the Parties could not agree on most of the Rule 26(f) topics, and so the "Joint Rule 26(f) Discovery Plan" articulated the Parties' respective positions. Plaintiffs are still willing to confer with Defendants regarding a discovery schedule, and said so explicitly in the instant Motion. *See* ECF #139, at PageID 2759. But given that Defendants insist the case should be dismissed and that discovery is foreclosed, there appears to be no value to updating the Rule 26(f) plan until the Court decides the pending motions. And given that there is nothing irregular about Plaintiffs' request to conduct discovery after denial of Defendants' motion to dismiss, and after the Parties have conferred about discovery, Plaintiffs have no special burden to show cause for discovery to proceed. Rather, Defendants must justify another stay, and that they have not done.

### III. THIS COURT HAS ALREADY RECOGNIZED THAT DEFENDANTS LACK GOOD CAUSE TO CONTINUE DELAYING DISCOVERY.

In service of their argument that discovery should be stayed to promote judicial economy, Defendants mischaracterize this Court's prior Order, writing:

5

> In fact, this Court's May 11, 2017 Order specifically flagged how "the discovery sought will implicate several complex privilege issues, including a matter of first impression pertaining to information related to a president elect's activities[.]" ECF No. 89 at 6.

Br. at PageID 2814.

What the Court actually wrote in its Order on May 11, 2017, is the following.

(The portions omitted by Defendants are in bold.)

> **Moreover, in light of the other findings — especially the finding that the motion to dismiss will not dispose of the case entirely — Defendants' concern that** the discovery sought will implicate several complex privilege issues, including a matter of first impression pertaining to information related to a president elect's activities**, weighs in favor of allowing Plaintiffs to initiate limited discovery immediately. Because these issues will inevitably be raised, there is no point in delaying discovery and delaying the progress of this case, just to avoid having to decide these issues now.**

ECF #89, at PageID 1224.

In other words, what Defendants characterize as the Court's own finding was actually the Court's summary of Defendants' argument. And what the Court actually concluded was that Defendants' arguments provided *added reason to begin discovery* because "these issues will inevitably be raised." *Id.*

Moreover, the Court went on to note that Defendants' potential assertion of executive privilege was inconsistent with the positions they were taking in defense of the Muslim Ban, undermining the basis for Defendants' position:

6

> On numerous occasions in other cases challenging the Executive Order, the government has argued that Trump's statements before he became President may not be considered because they were made outside the formal government decisionmaking process or before President Trump became a government official. Defendants cannot repeatedly make that argument, only later to assert an executive privilege objection to discovery regarding information related to pre-inauguration Trump. **The Court believes Defendants exaggerate the number of legitimate objections they will have and the complexity of the issues those objections will raise.**

*Id.* at 1224-25 (citation and quotation marks omitted, emphasis added). The Court therefore concluded, "Defendants fail to establish that good cause exists to prevent Plaintiffs from immediately engaging in discovery on a limited basis." *Id.* at 1225.

The same discovery requests are at issue today. Just as Defendants lacked good cause in May 2017 to prevent Plaintiffs from engaging in discovery, they lack good cause today. The Supreme Court has spoken in *Hawaii*, this Court has denied Defendants' motion to dismiss, and it is time for this case to move forward.

## CONCLUSION

For the reasons stated above, in Plaintiffs' opening brief, and in Plaintiffs' Opposition to Defendants' motion for an interlocutory appeal and a stay (which is incorporated here by reference), the Court should grant Plaintiffs' Motion to reinstate their fully briefed motion to compel (ECF #104) and require Defendants to respond to the outstanding discovery requests.

## CERTIFICATE OF SERVICE

This Memorandum was filed on August 6, 2019, via the Court's ECF system, which provides notice to all counsel of record.

/s/ Nishchay H. Maskay
Nishchay H. Maskay
(D.C. Bar #998983)