# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

| | |
|---|---|
| ARAB AMERICAN CIVIL RIGHTS LEAGUE ("ACRL"), *et al.*, | Case No. 2:17-cv-10310 |
| Plaintiffs, | |
| v. | Hon. Victoria A. Roberts<br>Mag. Judge Stephanie D. Davis |
| DONALD TRUMP, *et al.*, | |
| Defendants. | |

## DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY AND FOR A STAY OF DISCOVERY PENDING INTERLOCUTORY APPEAL

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

GISELA A. WESTWATER
Assistant Director

SAMUEL P. GO
Senior Litigation Counsel

*/s/ Joshua S. Press*
JOSHUA S. PRESS
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section

*Attorneys for Defendants*

## INTRODUCTION

In *Trump v. Hawaii*, 138 S. Ct. 2392 (2018), the Supreme Court upheld the validity of Proclamation No. 9645 ("Proclamation"), concluding that constitutional challenges to the Proclamation are governed by *Kleindienst v. Mandel*, 408 U.S. 753 (1972)—or at most, by rational basis review—and that the Proclamation satisfies both standards. These are conclusions of law, not factual findings that might vary at different stages of a case. *Mandel* review is limited to "whether the Executive gave a 'facially legitimate and bona fide' reason for its action." *Hawaii*, 138 S. Ct. 2419 (quoting *Mandel*, 408 U.S. at 770). Rational basis review is also limited to whether there is *any conceivable* rational basis for a decision, regardless of "whether the conceived reason for the challenged distinction actually motivated the" decisionmaker. *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993). Because the *Hawaii* Court has already identified a conceivable basis for the Proclamation—pointing to "persuasive evidence that the entry suspension has a legitimate grounding in national security concerns," *Hawaii*, 138 S. Ct. at 2421—and because the Proclamation also independently serves Defendants' legitimate foreign-policy objective of "encourag[ing] foreign governments to improve their practices," *id.* at 2411, the Proclamation necessarily survives rational-basis review as a matter of law.

This Court nonetheless disagreed in its July 10 order (ECF No. 138, "Order"). Defendants do not seek to re-litigate the motion to dismiss here. Section 1292(b),

-1-

however, provides that a district court "shall" certify an order that it determines involves a "controlling question of law as to which there is substantial ground for difference of opinion" if appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As the Fourth Circuit recently made clear, "[w]hen a district court determines that [§ 1292(b)'s] statutory criteria are present ... it has a *duty* ... to allow an immediate appeal to be taken." *In re Trump*, 928 F.3d 360, 369 (4th Cir. 2019) (quotations omitted). Here, certification is both appropriate and required. Plaintiffs oppose allowing the Sixth Circuit to weigh in now on their legal theories, but § 1292(b) is satisfied in this case, which involves multiple "new legal question[s]" and "is of special consequence." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110–11 (2009).

Plaintiffs' Opposition (ECF No. 145, "Pls.' Opp.") does not dispute that the Order involves controlling questions of law. They barely engage with any of the substantive holdings of this Court's Order, and they do not even *assert* that fair-minded jurists could not disagree with the Court's decision. Instead, they argue only that no judicial decisions explicitly conflict with the Order. *See* Pls.' Opp. at 12–14. They are wrong about that, but in any event, it is not the Sixth Circuit's test. *See In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017). Additionally, interlocutory appeal would "materially advance the ultimate termination of the litigation." Defs.' Br. at 2. This straightforward requirement "means that resolution of a controlling legal

question would serve to avoid a trial or otherwise substantially shorten the litigation." *In re Trump*, 928 F.3d at 371 (quotations omitted). Here, resolution of the controlling questions of law in Defendants' favor would end this litigation entirely, or at the very least provide important guidance regarding the nature and scope of any further proceedings. And although certification would unquestionably be warranted even if this were an ordinary civil case, this action is decidedly *not* an ordinary civil case. As the Supreme Court and Sixth Circuit have underscored, certification is well-suited for cases of national importance such as this one. *See Mohawk Indus.*, 558 U.S. at 110–11; *In re Trump*, 874 F.3d at 952–53.

Finally, this Court should also stay discovery pending completion of the § 1292(b) proceedings. A stay would avoid significant hardship to Defendants in the form of discovery, which will be intrusive and burdensome, *see* ECF No. 146, and require substantial motions practice, *cf. id.* at 953 (granting certification where "Plaintiffs … sought expansive discovery" against the President). The Court should thus stay discovery to avoid privilege disputes implicating the separation of powers.

## ARGUMENT

### I. THE CONSTITUTIONAL CLAIMS PRESENT CONTROLLING QUESTIONS OF LAW

The July 10 Order plainly involves more than one "question of law" that is "controlling." 28 U.S.C. § 1292(b). "The sufficiency of a complaint is a question of law." *Ctr. for Bio-Ethical Reform, Inc., v. Napolitano,* 648 F.3d 365, 369 (6th Cir.

-3-

2011); *see also Nw. Ohio Adm'rs, Inc. v. Walcher & Fox, Inc.*, 270 F.3d 1018, 1025 (6th Cir. 2001) (granting petition to hear interlocutory appeal after certification and affirming denial of motion to dismiss and partial motion for summary judgment).

Second, these questions of law—whether the complaint states a plausible claim for relief and, if so, whether and how to apply the *Mandel* standard to the Proclamation after *Hawaii*—are undoubtedly "controlling" because their resolution "could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002); *see, e.g., In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992). Plaintiffs make no serious effort to deny any of this. Pls.' Opp. at 10. The first prong of the § 1292(b) standard is thus satisfied.

## II. THERE IS SUBSTANTIAL GROUND FOR A DIFFERENCE OF OPINION

It is likewise clear that reasonable jurists could disagree with this Court's resolution of the controlling legal questions. Although Plaintiffs argue that this factor requires conflicting authority within the Sixth Circuit, *see* Pls.' Opp. at 11–13, that is not what § 1292(b) says; the statute requires only a "substantial ground for difference of opinion" and says nothing about conflicting judicial decisions. And Plaintiffs are wrong about the law of this circuit. Rather, "'[a] substantial ground for difference of opinion exists where reasonable jurists *might* disagree on an issue's resolution, *not merely where they have already disagreed*." *In re Trump*, 874 F.3d at 952 (emphases added) (quoting *Reese v. BP Exploration, Inc.,* 643 F.3d 681, 688

-4-

(9th Cir. 2011). In any event, the questions resolved by the Order *are* the subject of contradictory precedent. *See Alharbi v. Miller*, 368 F. Supp. 3d 527, 565 (E.D.N.Y. 2019) (holding that constitutional claims against the Proclamation were "foreclosed by the Supreme Court's decision in *Trump v. Hawaii*"); *Emami v. Nielsen*, 365 F. Supp. 3d 1009, 1022–23 (N.D. Cal. 2019) ("The Supreme Court has already concluded in reviewing the Proclamation that the Government has set forth a sufficient national security justification to survive rational basis review.").[1]

The issues are also novel because the Sixth Circuit has not yet had an occasion to consider the Proclamation whatsoever. *See Eberline v. Douglas J. Holdings, Inc.*, No. 14-cv-10887, 2019 WL 989284, at *2 (E.D. Mich. Mar. 1, 2019) (a controlling legal issue "is novel because the Sixth Circuit has not yet had an occasion to consider" it). In short, under any standard—including the Sixth Circuit's binding precedent interpreting § 1292(b)—the second prong is met.

### III. AN IMMEDIATE APPEAL WOULD MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION

Plaintiffs misunderstand the third element of § 1292(b), arguing that an interlocutory appeal would "do nothing more than create additional delay." Pls.' Opp. at 10. But they do not dispute that reversing the Order would "substantially

---

[1] The contrary conclusion in *Int'l Refugee Assistance Project v. Trump*, No. 17-10310, ECF No. 277 (D. Md.) only underscores how there is sufficient disagreement for § 1292(b)'s purposes, as well as the need for appellate review.

alter the course of the district court proceedings or relieve the parties of significant burdens," which is all that § 1292(b) requires. *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. Memphis*, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000); *see also U.S. ex rel. Elliott v. Brickman Grp. Ltd., LLC*, 845 F. Supp. 2d 858, 871 (S.D. Ohio 2012). This includes "sav[ing] the parties and the judicial system substantial resources and expense by avoiding extensive discovery [and] motion practice[.]" *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 879 (E.D. Mich. 2012). Here, appeal "*may* materially advance the termination of the litigation" if the Sixth Circuit agrees that no plausible claims exist. *In re Trump*, 874 F.3d at 952.

## IV. A STAY OF DISCOVERY SHOULD BE GRANTED PENDING APPEAL

This Court should also stay discovery pending completion of the § 1292(b) proceedings. Granting a stay would promote judicial economy; avoid significant hardships to Defendants based on the sensitive, intrusive discovery that Plaintiffs seek; and would not prejudice Plaintiffs, who are subject to a Presidential Proclamation that the Supreme Court has found lawful. As this district court concluded earlier this year, "[i]t is appropriate to grant the stay because if the Court is reversed, the Court's and the parties' time and resources spent continuing the litigation will have been wasted." *Eberline*, 2019 WL 989284, at *4. And even if the court of appeals does not end the case entirely, a stay during appeal would still promote economy by clarifying the scope of discovery. *See, e.g.*, *Washington v.*

-6-

*Trump*, No. 17-cv-0141, 2017 WL 2172020, at *2 (W.D. Wash. May 17, 2017). Plaintiffs' argument to the contrary appears to be rooted in their view that these cases are ordinary civil actions. But this case is far from ordinary—Plaintiffs wish to test the foreign-policy and national-security recommendations provided to the President by his Cabinet. Courts are required to consider such burdens when deciding how cases should proceed. *See Cheney v. U.S. Dist. Court for District of Columbia*, 542 U.S. 367, 385 (2004) ("This Court has held, on more than one occasion, that the high respect that is owed to the office of the Chief Executive is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery[.]" (modifications omitted)).

## CONCLUSION

This Court should certify its July 10, 2019 Order for interlocutory review, and stay discovery pending completion of any § 1292(b) proceedings.

|  |  |
|---|---|
| JOSEPH H. HUNT<br>Assistant Attorney General | */s/ Joshua S. Press*<br>JOSHUA S. PRESS<br>Trial Attorney<br>United States Department of Justice |
| WILLIAM C. PEACHEY<br>Director | Civil Division<br>Office of Immigration Litigation<br>District Court Section |
| GISELA A. WESTWATER<br>Assistant Director | P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>Phone: (202) 305-0106 |
| SAMUEL P. GO<br>Senior Litigation Counsel | Facsimile: (202) 305-7000<br>e-Mail: joshua.press@usdoj.gov |
| Dated: August 13, 2019 | *Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2019, I electronically filed the foregoing DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY THIS COURT'S JULY 10, 2019 ORDER FOR INTERLOCUTORY APPEAL AND FOR A STAY OF DISCOVERY PENDING APPEAL with the Clerk of the Court for the Eastern District of Michigan by using the CM/ECF system. Notice of this filing will be sent out to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

          By: */s/ Joshua S. Press*
               JOSHUA S. PRESS
               Trial Attorney
               United States Department of Justice
               Civil Division