IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ARAB AMERICAN CIVIL RIGHTS LEAGUE**, et al., | |
| *Plaintiffs*, | Case No. 2:17-cv-10310-VAR-SDD |
| *v.* | Hon. Victoria A. Roberts |
| **DONALD TRUMP**, et al., | Mag. J. Stephanie D. Davis |
| *Defendants*. | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs hereby respond to Defendants' Notice of Supplemental Authority in Support of Defendants' Motion to Certify this Court's July 10, 2019 Order for Interlocutory Appeal (ECF No. 148) ("Defendants' Notice"), involving a decision of the United States District Court for the District of Maryland, *International Refugee Assistance Project v. Trump* ("*IRAP*"), No. 17-cv-361, ECF No. 297 (D. Md. Aug. 20, 2019), to certify for interlocutory appeal its denial of Defendants' motion to dismiss, but denying Defendant's motion to stay pending appeal.

The *IRAP* court began by conducting a traditional review under § 1292(b) and indicated its view that there were no "controlling questions of law as to which there is substantial ground for difference of opinion." ECF 148-1, PageID 2956. In doing so, the court rejected the very same arguments raised by Defendants here. However,

the court ultimately certified the order denying the motion to dismiss because the court believed that a recent Fourth Circuit decision had changed the standards for certification in that circuit.

The *IRAP* court first rejected the Defendants' argument (also made by Defendants here) that certification was necessary to determine whether the *Mandel* or rational basis standard applies to constitutional challenges to the Proclamation, noting that the Supreme Court had addressed the appropriate standard in *Hawaii*. Rather than presenting a "'novel and difficult' matter of first impression [], here, the Supreme Court has already considered and ruled on this issue." *Id.* (citation omitted). The court was "equally unpersuaded" by Defendants' argument (also made by Defendants here) that the issue of whether Plaintiffs' complaint stated a claim was a controlling question of law that merited certification. *Id.*

Next the *IRAP* court rejected Defendants' argument (also made by Defendants here) that the Supreme Court has conclusively held that the Proclamation satisfies the rational basis test:

> this Court concluded in its ruling on the Motion to Dismiss that because rational basis analysis is usually a fact-intensive inquiry made after a full consideration of the factual record, the Supreme Court's conclusion was not determinative because it was based on the incomplete and different record before it on a motion for a preliminary injunction in another case, rather than the full record yet to be developed in the present case.

*Id*. at PageID 2957.

Finally, the *IRAP* court rejected Defendants' argument (also made here) that Plaintiffs do not have cognizable legal interests for purposes of their constitutional claims. The court explained that "the question whether they have such an interest for purposes of an Establishment Clause claim has effectively already been presented to and decided favorably by the Supreme Court and Fourth Circuit." *Id*.

Despite rejecting each of these arguments for certification and making clear that it would not have certified the appeal under the traditional standards for § 1292(b), the *IRAP* court nevertheless granted certification based on its understanding that a recent Fourth Circuit opinion in a case under the Emoluments Clauses had "expanded the reach of 1292(b)." ECF 148-1, PageID 2958. In that opinion, a three-judge panel of the Fourth Circuit granted a mandamus petition after the district court declined to certify the denial of a motion to dismiss, questioned whether the case was even "an appropriate use of the courts," and directed dismissal for lack of Article III standing. *In re Trump*, 928 F.3d 360, 369-72, 379 (4th Cir. 2019). In holding that the district court should have certified the matter for appeal, the Fourth Circuit highlighted that until recently "no court has ever entertained a claim to enforce [the Emoluments Clauses]," and that the case therefore "raise[s] novel and difficult constitutional questions, for which there is no precedent." *Id.* at 368.

In reading *In re Trump* as expanding the reach of § 1292(b), the *IRAP* court believed the Fourth Circuit now "consider[s] a contrary ruling by another district

3

court as illustrating a 'substantial ground for difference of opinion.'" ECF 148-1, PageID 2959. Such a rule would, of course, be highly problematic as it would require certification whenever a district court somewhere in the country disagrees.

Regardless of whether the *IRAP* court correctly interpreted the Fourth Circuit's decision as so significantly changing the standard for what constitutes "a substantial ground for difference of opinion," that is not the standard in the Sixth Circuit. Here, "a substantial ground for difference of opinion" requires more than stray out-of-circuit district court decisions, particularly ones which, as the *IRAP* court noted, reached contrary conclusions "without significant analysis." *Id.* As the Sixth Circuit explained in *In re Miedzianowski*, a "substantial ground for difference of opinion" exists where "a difference of opinion exists within the controlling circuit" or where "there is a circuit split on a question that *our own circuit has not answered.*" 735 F.3d 383, 384 (6th Cir. 2013) (original emphasis). That is not the case here.

Defendants, relying on *In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017), try to restate the substantial-ground-for-difference-of-opinion factor as being met whenever reasonable jurists *might* disagree. ECF 148, PageID 2948. But that conflates two different ways of meeting that factor. One way to establish that factor is through an inter or intra-circuit split, which Defendants cannot show. Alternately, one can try to establish the substantial-ground-for-difference-of-

4

opinion factor by showing that "the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions," or that "the question is difficult and of first impression." *In re Miedzianowski*, 735 F.3d at 384. It is only where a question is novel, certification need not "first await[] development of contradictory precedent." *In re Trump*, 874 F.3d at 952. Here, for all the reasons articulated by the *IRAP* court, the questions are not novel. Here, the correct resolution of the questions at issue was substantially guided by a previous Supreme Court decision concerning the very Proclamation at issue in this case.

The *IRAP* court also read the Fourth Circuit's decision as requiring certification whenever a decision "'*is of special consequence*.'" *Id.* at PageID 2955 (quoting *In re Trump*, 928 F.3d at 369) (emphasis in original). While rejecting Defendants' argument that there are new legal questions here, the *IRAP* court nevertheless certified the appeal because "this case 'has national significance and is of special consequence.'" *Id.* at PageID 2958-59 (quoting *In re Trump*, 928 F.3d at 368). In other words, the court appeared to believe that after the Fourth Circuit's *In re Trump* decision, any consequential case in that circuit must be certified.

Although that is not the standard in the Sixth Circuit, Defendants argue— just as they did in their Reply brief (ECF-147, PageID 2940) on the basis of the

5

very same case law—that "controlling Supreme Court and Sixth Circuit precedent" similarly requires a district court here to certify every denial of a motion to dismiss in a case that "is of special consequence" if reasonable jurists might disagree. ECF 148, PageID 2949. But Sixth Circuit precedent is not coextensive with the recent opinion of the Fourth Circuit; and the "controlling" Supreme Court precedent Defendants identify actually denied an appeal under § 1291, made only passing reference to § 1292, and went on at length about the importance of ensuring exceptions "never be allowed to swallow the general rule that a party is entitled to a single appeal." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009).

District courts deal with nationally significant cases every day, and that alone does not establish the "extraordinary circumstances" required for certification. *In re Miedzianowski*, 735 F.3d at 384. Defendant's proposed rule—that "important cases get certified"—would cripple the judiciary.

Whether or not the *IRAP* court correctly interpreted the Fourth Circuit's decision as expanding the reach of § 1292(b), this case is pending in the Sixth Circuit. Moreover, this case is nothing like the Emoluments case, where there was no appellate case law on the constitutional provision at issue. Here, this Court had the benefit of the Supreme Court's views in *Hawaii* on the very Proclamation at issue when it denied the motion to dismiss.

6

Finally, the *IRAP* court denied the motion to stay discovery pending appeal. ECF 148-1, PageID 2959. It reasoned that in light of the previous "lengthy stay to permit appellate review... an additional stay at this point has significant potential to harm the Plaintiffs," and that Defendants would not be harmed by proceeding with discovery. *Id.* The same considerations should inform this Court's ruling on Plaintiffs' Motion to Reinstate Fully-Briefed Motion to Compel and Require Responses to Outstanding Discovery Requests (ECF No. 139).

Dated: August 23, 2019                                Respectfully submitted,

**Counsel for Arab American Civil Rights League, American Arab Chamber of Commerce, Hend Alshawish, Salim Alshawish, and Fahmi Jahaf**

AYAD LAW, P.L.L.C.
/s/ Nabih H. Ayad
Nabih H. Ayad (P59518)
645 Griswold St., Ste. 2202
Detroit, MI 48226
(313) 983-4600
nayad@ayadlaw.com

**Counsel for American Civil Liberties Union of Michigan, Arab American and Chaldean Council, Arab American Studies Association, and Kaltum Saleh**

/s/ Miriam Aukerman
Miriam Aukerman (P63165)
American Civil Liberties Union
Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org

/s/ Jason C. Raofield
Jason C. Raofield (D.C. Bar 463877)
Nishchay H. Maskay (D.C. Bar 998983)
Covington & Burling LLP
850 10th Street, NW
Washington, DC 20001
(202) 662-6000
jraofield@cov.com

## CERTIFICATE OF SERVICE

This Memorandum was filed on August 23, 2019, via the Court's ECF system, which provides notice to all counsel of record.

/s/ Jason C. Raofield
Jason C. Raofield
(D.C. Bar #463877)