IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ARAB AMERICAN CIVIL RIGHTS LEAGUE**, et al.,

*Plaintiffs*,

v.

**DONALD TRUMP**, et al.,

*Defendants*.

Case No. 2:17-cv-10310-VAR-SDD

Hon. Victoria A. Roberts

Mag. J. Stephanie D. Davis

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

The Government again asks this Court to follow the Fourth Circuit's newly permissive approach to interlocutory appeals, rather than the longstanding, conventional approach to the final judgment rule that controls in the Sixth Circuit. As Plaintiffs have already explained at length, *see* ECF #149 at PageID 2965-66, the recent practice in the Fourth Circuit of affording expedited interlocutory relief to the Government is not the norm. In the Sixth Circuit, review under 28 U.S.C. § 1292(b) is appropriate "only in exceptional cases," *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002), a high bar that is not met here.

The Government contends that certification is warranted by precedent, but in fact the opposite is true. *See* ECF #149 at PageID 2965-66. The longstanding rule is that "'a party is entitled to a single appeal, to be deferred until final judgment has

been entered.'" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (citation omitted).  "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases . . . ." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (citations omitted). Indeed, the "supplemental authority" the Government relies on to try to meet its heavy burden of justifying a departure from the final judgment rule is merely a summary order that offers no analysis or explanation of its decision.  See ECF #153-1.

Moreover, whereas the Government in the *IRAP* case premised its application for a stay on what it called the "extraordinary breadth" of "expansive discovery" threatened in that case, including into "recommendations that were provided to the President by his Cabinet,"[1] the narrow discovery requests at issue in *this* case provide no such basis for a stay.  Plaintiffs have sought a single memo and responses to three additional document requests (all of which relate only to the pre-presidential period) and five straightforward interrogatories.  Indeed, in seeking a stay in this case, the Government was entirely unable to support its claim of burden, instead relying on complete mischaracterizations of the relief that Plaintiffs have actually sought and ignoring that the relevant issues have been fully briefed for years.  See ECF #146, at PageID 2931.

---

[1] *See IRAP*, Defendants' Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b) and Motion for Stay of District Court Proceedings, ECF #2-1, at 21 (4th Cir. Aug. 30, 2019).

Thus, as Plaintiffs have previously shown, there is no basis for the Court to certify an interlocutory appeal or issue a stay in this case. Plaintiffs are entitled to pursue their claims, and should be permitted to do so without further delay.

Dated: September 13, 2019                                                                 Respectfully submitted,

**Counsel for Arab American Civil Rights League, American Arab Chamber of Commerce, Hend Alshawish, Salim Alshawish, and Fahmi Jahaf**

AYAD LAW, P.L.L.C.
/s/ Nabih H. Ayad
Nabih H. Ayad (P59518)
645 Griswold St., Ste. 2202
Detroit, MI 48226
(313) 983-4600
nayad@ayadlaw.com

**Counsel for American Civil Liberties Union of Michigan, Arab American and Chaldean Council, Arab American Studies Association, and Kaltum Saleh**

| /s/ Miriam Aukerman | /s/ Nishchay H. Maskay |
|---|---|
| Miriam Aukerman (P63165) | Jason C. Raofield (D.C. Bar |
| American Civil Liberties Union | #463877) |
| Fund of Michigan | Nishchay H. Maskay (D.C. Bar |
| 1514 Wealthy SE, Suite 260 | #998983) |
| Grand Rapids, MI 49506 | Covington & Burling LLP |
| (616) 301-0930 | 850 10th Street, NW |
| maukerman@aclumich.org | Washington, DC 20001 |
| | (202) 662-6000 |
| | nmaskay@cov.com |

3

## CERTIFICATE OF SERVICE

This Response was filed on September 13, 2019, via the Court's ECF system, which provides notice to all counsel of record.

/s/ Nishchay H. Maskay
Nishchay H. Maskay
(D.C. Bar #998983)