UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARAB AMERICAN CIVIL RIGHTS
LEAGUE, et al.,

    Plaintiffs,

v.                                Case No. 17-10310
                                       Honorable Victoria A. Roberts

DONALD TRUMP, et al.,

    Defendants.
_____/

**ORDER: (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO CERTIFY JULY 10, 2019 ORDER FOR INTERLOCUTORY APPEAL AND TO STAY DISCOVERY PENDING APPEAL [ECF No. 140]; (2) CERTIFYING JULY 10 ORDER FOR INTERLOCUTORY APPEAL; AND (3) DECLINING TO STAY DISCOVERY PENDING APPEAL**

## I.   INTRODUCTION

Plaintiffs challenge the constitutionality of Presidential Proclamation No. 9645, Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry into the United States by Terrorists or Other Public-Safety Threats (the "Proclamation"), 82 Fed. Reg. 45161 (2017). This challenge is based on: (1) the First Amendment's Establishment Clause; (2) the equal protection and due process components of the Fifth Amendment; and (3) the free speech and freedom of association components of the First Amendment.

On July 10, 2019, the Court entered an Order Denying Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint ("July 10 Order").

Defendants now move to certify the July 10 Order for interlocutory appeal and to stay discovery pending appeal. [ECF No. 140]. The motion is fully briefed.

Defendants' motion [ECF No. 140] is **GRANTED IN PART** and **DENIED IN PART**. The Court **CERTIFIES** the July 10 Order for interlocutory appeal but declines to stay discovery pending appeal.

## II.   THE JULY 10 ORDER

In deciding Defendants' motion to dismiss, the Court construed the Supreme Court's decision in *Trump v. Hawaii*, — U.S. —, 138 S. Ct. 2392 (2018). Among other things, the Court held that *Hawaii* was not dispositive of Plaintiffs' claims because whether Plaintiffs plausibly alleged violations of their constitutional rights for purposes of a motion to dismiss was materially different from whether they were likely to succeed on the merits of their claims, which was the issue before the *Hawaii* Court.

Defendants argued that the Court should evaluate the Proclamation under a conventional application of the standard set forth in *Kleindienst v. Mandel*, 408 U.S. 753 (1972), without any rational basis component. A conventional application of *Mandel* limits a court's review "to whether the

2

Executive gave a 'facially legitimate and bona fide' reason for its action. . . . '[W]hen the Executive exercises [its] delegated power negatively on the basis of a facially legitimate and bona fide reason, [] courts will neither look behind the exercise of that discretion, nor test it by balancing its justification' against the asserted constitutional interests of U.S. citizens." *Hawaii*, 138 S. Ct. at 2419 (quoting *Mandel*, 408 U.S. at 769-70).

Because the Supreme Court looked behind the face of the Proclamation – *see id.* at 2420 ("we assume that we may look behind the face of the Proclamation to the extent of applying rational basis review") – this Court did the same in the July 10 Order, effectively applying rational basis review but framing it as "the *Mandel* standard and rational basis review." [*See* ECF No. 138, PageID.2747]. In so doing, the Court held that Plaintiffs stated a cause of action: the Proclamation did not withstand rational basis scrutiny. The denied Defendants' Rule 12(b)(6) motion.

## III.   DISCUSSION

### A.   Interlocutory Appeal

Defendants ask the Court to certify the July 10 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

### i. Legal Standard

The Court may certify a non-final order for interlocutory appeal where the party seeking appellate review establishes that: "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); 28 U.S.C. § 1292(b).

"The decision to certify an appeal pursuant to section 1292(b) is left to the sound discretion of the district court." *Sigma Fin. Corp. v. Am. Int'l Specialty Lines Ins. Co.*, 200 F. Supp. 2d 710, 723 (E.D. Mich. 2002). However, because the federal legal system strongly disfavors piecemeal appeals, review under § 1292(b) should be "granted sparingly and only in exceptional cases." *Memphis*, 293 F.3d at 350; *see also Durant v. Servicemaster Co.*, 147 F. Supp. 2d 744, 752 (E.D. Mich. 2001) (interlocutory appeal "exists only for exceptional situations in which an immediate appeal may prevent protracted litigation").

All three conditions of § 1292(b) are met, and this is an exceptional case that warrants interlocutory appeal.

### ii. The Purported "Controlling Question[s] of Law" Raised by Defendants

Defendants say that the July 10 Order presents four "controlling question[s] of law" which justify granting relief under § 1292(b).

**First:** Defendants contend that in *Hawaii*, the Supreme Court discussed but did not decide whether the *Mandel* standard applied to its review of the Proclamation. *Mandel* is a highly deferential standard which cautions that once the Executive gives a facially legitimate and bona fide reason for its action, courts cannot look behind the exercise of that discretion or test it by balancing its justification against constitutional interests asserted by United States citizens. *See Hawaii*, 138 S. Ct. at 2419 (citing *Mandel*, 408 U.S. at 769-70).

The *Hawaii* Court acknowledged that if it applied *Mandel*, its review would end in favor of the Government. At the urging of the Government, the Supreme Court went on to look beyond the facial neutrality of the Proclamation and applied rational basis review. *Id.* at 2420 ("A conventional application of *Mandel*, asking only whether the policy is facially legitimate and bona fide, would put an end to our review. But the Government has suggested that it may be appropriate here for the inquiry to extend beyond the facial neutrality of the order. . . . For our purposes

today, we assume that we may look behind the face of the Proclamation to the extent of applying rational basis review.").

Defendants now contend that the Sixth Circuit should be invited to decide this pure question of law: whether the Proclamation should be evaluated solely under the highly deferential *Mandel* standard of review (which Defendants urge) or whether rational basis review is appropriate. Defendants say resolving this question in its favor would materially affect the litigation by ending it.

**Second:** *Hawaii* was before the Supreme Court on a motion for preliminary injunction. In applying rational basis review, the Court found that the entry policy had legitimate grounding in national security concerns – apart from any religious hostility – and that the Government set forth a sufficient national security justification to survive rational basis review, such that the plaintiffs were not likely to succeed on the merits of their Establishment Clause claim. *Hawaii*, 138 S. Ct. at 2421-23 ("Under these circumstances, the Government has set forth a sufficient national security justification to survive rational basis review. We express no view on the soundness of the policy. We simply hold today that plaintiffs have not demonstrated a likelihood of success on the merits of their constitutional

claim."). The Court reversed the grant of preliminary injunction and remanded the case for further proceedings consistent with the opinion.

Defendants say that by holding the Proclamation satisfies rational basis review, the Supreme Court has conclusively held that all of Plaintiffs' claims fail as a matter of law, under either *Mandel* or rational basis review – even if the *Hawaii* ruling was made on a review of a preliminary injunction.

**Third:** Whether Plaintiffs third amended complaint adequately pleads that the Proclamation fails rational basis review under Rule 12(b)(6).

**Fourth:** Whether Plaintiffs have a cognizable liberty or property interest to sustain their due process and Establishment Clause claims based on the denial of entry to foreign-national family members.

### iii. Not All of Defendants' Issues Meet the Threshold for Interlocutory Relief

The first, third, and fourth issues raised by Defendants do not satisfy the conditions for interlocutory appeal.

The *Hawaii* decision forecloses any dispute on the first issue; the Supreme Court analyzed the Establishment Clause challenge to the Proclamation under the rational basis standard. Courts asked to consider the applicable standard since *Hawaii* have read that opinion as calling for rational basis review of constitutional claims challenging the Proclamation. *See Int'l Refugee Assistance Project v. Trump ("IRAP")*, 373 F. Supp. 3d

7

650, 670-71 (D. Md. 2019), *motion to certify appeal granted*, 2019 WL 3936819 (D. Md. Aug. 20, 2019); *Alharbi v. Miller*, 368 F. Supp. 3d 527, 562 (E.D.N.Y. 2019). Thus, there is not "a substantial ground for difference of opinion" on this issue.

The third issue raised by Defendants is not appropriate for interlocutory appeal. The factual sufficiency of a complaint under Rule 12(b)(6) is not the type of pure legal question that justifies § 1292(b) relief – which is to be "granted sparingly and only in exceptional cases." *Memphis*, 293 F.3d at 350.

Defendants did not raise the fourth issue in their motion to dismiss. [*See* July 10 Order, ECF No. 138, PageID.2743 ("Defendants do not challenge the Individual Plaintiffs' standing.")]. This issue is waived.

### iv. Defendants Demonstrate an Interlocutory Appeal is Appropriate Under 28 U.S.C. § 1292(b)

The Court finds that the second issue (i.e., "controlling question of law) Defendants raise entitles them to review under § 1292(b).

#### a. The July 10 Order Involves "a Controlling Question of Law" and an Interlocutory Appeal "May Materially Advance the Ultimate Termination of [this] Litigation"

The Court considers the first and third conditions under § 1292(b) together; the parties address them together and the two requirements are "closely tied" to one another. *See Newsome v. Young Supply Co.*, 873 F.

Supp. 2d 872, 878 (E.D. Mich. 2012) ("'The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law.'" (quoting *City of Dearborn v. Comcast of Michigan III, Inc.*, No. 08-10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008))).

"A decision 'involves a controlling question of law' if 'resolution of the issue on appeal could materially affect the outcome of litigation in the district court.'" *Wang v. Gen. Motors, LLC*, No. 18-10347, 2019 WL 1950185, at *1 (E.D. Mich. May 2, 2019) (quoting *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992)).

An interlocutory appeal "materially advance[s] the ultimate termination of [a] litigation" when it significantly shortens the litigation and/or "saves judicial resources and litigant expense." *See Newsome*, 873 F. Supp. 2d at 878 (citation and internal brackets omitted); *see also Wang*, 2019 WL 1950185, at *1 ("The moving party satisfies the third requirement where the resolution of a controlling legal question would avoid trial, as well as when it would 'otherwise substantially shorten the litigation.'" (citation omitted)).

Defendants say that because the same standard of review applies to all of Plaintiffs' constitutional claims, resolving whether the Supreme Court

9

held in *Hawaii* that the Proclamation satisfies rational basis review as a matter of law would not just significantly narrow the scope of this litigation but would end the case. Thus, they say they satisfy the first and third elements under § 1292(b). In response, Plaintiffs merely state that an "interlocutory appeal would do nothing more than create additional delay" because Defendants "intend to simply re-argue issues that they have already lost."

Plaintiffs assertion that Defendants intend to simply reargue issues they already lost gets them nowhere; that is the precise nature of a typical appeal. Indeed, other than in exceptional circumstances, a party may not raise new arguments on appeal that were not raised below.

Defendants satisfy the first and third conditions under § 1292(b). If the Sixth Circuit concludes that the Supreme Court held in *Hawaii* that the Proclamation conclusively satisfies rational basis review as a matter of law, such that no complaint which challenges the Proclamation on rational basis grounds can ever be considered by a court, Plaintiffs' constitutional challenges to the Proclamation would be foreclosed.

The Court finds that the Proclamation involves a controlling question of law, and that resolution of it on appeal could materially advance the ultimate termination of the litigation. *See Wang*, 2019 WL 1950185, at *2.

### b. A Substantial Ground for Difference of Opinion Exists Regarding the Correctness of the July 10 Order

"'A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed.'" *In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017) (quoting *Reese v. BP Expl. Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). "'Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent.'" *Id.*; *see also In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (courts find a substantial ground for difference of opinion exists when: "'(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question'" (citation omitted)).

The controlling legal issue here is whether *Hawaii* held that the Proclamation satisfies rational basis review as a matter of law, such that all

constitutional challenges to the Proclamation are foreclosed forever. This issue is a difficult and novel one. There is no controlling precedent.

*Hawaii* involved review of a preliminary injunction. In discussing rational basis review in *Hawaii*, the Supreme Court described the question as whether the policy "can reasonably be understood to result from a justification independent of unconstitutional grounds." *Hawaii*, 138 S. Ct. at 2420. The Court then concluded that "[t]he Proclamation does not fit th[e] pattern" of policies where it "is impossible to discern a relationship to legitimate state interests or . . . is inexplicable by anything but animus. . . . [B]ecause there is persuasive evidence that the entry suspension has a legitimate grounding in national security concerns, quite apart from any religious hostility, we must accept that independent justification." *Id.* at 2420-21.

The Supreme Court also held that: (1) the Proclamation "is an act that is well within executive authority and could have been taken by any other President," *Hawaii*, 138 S. Ct. at 2423; (2) "[t]he Proclamation is expressly premised on legitimate purposes," *id.* at 2421; and (3) "the Government has set forth a sufficient national security justification to survive rational basis review," *id.* at 2423.

12

Defendants say fair-minded jurists could conclude that the Supreme Court's decision on a preliminary injunction established as a matter of law that the Proclamation satisfies rational basis review, and that constitutional challenges to the Proclamation are forever foreclosed.

At least two district courts reached this conclusion. *See Alharbi*, 368 F. Supp. 3d at 565 (dismissing Establishment Clause claim against the Proclamation because it "[wa]s foreclosed by the Supreme Court's decision in [*Hawaii*]"); *Emami v. Nielsen*, 365 F. Supp. 3d 1009, 1022-23 (N.D. Cal. 2019) (noting that a "sizeable roadblock" stood in the way of plaintiffs' equal protection claim against the Proclamation – i.e., that "[t]he Supreme Court has already concluded in reviewing the Proclamation that 'the Government has set forth a sufficient national security justification to survive rational basis review'" (quoting *Hawaii*, 138 S. Ct. at 2423)).

On the other hand, in addition to this Court, at least one other district court found that *Hawaii* does not hold that the Proclamation satisfies rational basis review as a matter of law and does not foreclose constitutional challenges to the Proclamation. *See IRAP*, 373 F. Supp. 3d at 675 ("[T]he Supreme Court's merits analysis of the Proclamation under rational basis review was based on a preliminary record representing a

13

snapshot in time and does not necessarily preclude a different determination at a later stage of the case on a more fulsome record.").

The Court agrees with Defendants and finds that fair-minded jurists might reach contradictory conclusions on whether *Hawaii* held conclusively as a matter of law that the Proclamation satisfied rational basis review such that Plaintiffs' claims are forever foreclosed, particularly since the Supreme Court stated it was "simply hold[ing] . . . that plaintiffs have not demonstrated a likelihood of success on the merits of their [Establishment Clause] claim." *See Hawaii*, 138 S. Ct. at 2423.

The issue is also novel; it involves application of a recent Supreme Court decision that the Sixth Circuit has yet to consider. *See Eberline v. Douglas J. Holdings, Inc.*, No. 14-CV-10887, 2019 WL 989284, at *2 (E.D. Mich. Mar. 1, 2019) (finding that an issue is novel where "its resolution is not substantially guided by previous decisions," reasonable jurists might disagree on the issue's resolution, and "the Sixth Circuit has not yet had an occasion to consider it"); *Al Maqaleh v. Gates*, 620 F. Supp. 2d 51, 55 (D.D.C. 2009) (district court's interpretation and application of recent Supreme Court decision established "novelty" for § 1292(b) certification).

Because the July 10 Order presents a controlling legal issue that is both novel and one on which fair-minded jurists could disagree, the second

14

condition under § 1292(b) is met. *See In re Trump*, 874 F.3d at 952 ("'[W]hen novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent.'")

Defendants establish that they are entitled to relief under § 1292(b). The Court **CERTIFIES** the July 10 Order for interlocutory appeal.

### B. The Court Will Not Stay Discovery Pending the Appeal

Defendants ask the Court to stay discovery pending the interlocutory appeal. Plaintiffs strongly oppose the request.

An order certifying an order for interlocutory appeal does not stay the case automatically; the district court must explicitly stay the case. *See* 28 U.S.C. § 1292(b). The decision to stay a case "rests within the sound discretion of the District Court." *Eberline*, 2019 WL 989284, at *4 (quoting *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014)).

Defendants say that "allowing discovery to proceed [during the appeal] could significantly waste the parties (and the Court's) time and resources." Defendants are correct that allowing discovery to proceed *could* waste the parties' and Court's resources. However, on the flip side,

staying discovery during the appeal *could* prejudice Plaintiffs if the Court of Appeals does not reverse this Court's order and the case proceeds.

This case was filed in 2017. Discovery was stayed during previous appeals related to the Proclamation. Plaintiffs have not yet been able to engage in any discovery. Additional delay will prejudice Plaintiffs if the case survives an appeal. Moreover, based on Defendants' assertions, it appears there may be multiple discovery disputes that the parties will have to brief, and the Court will have to decide. It does not make sense to further delay this process.

Because the prejudice Plaintiffs will suffer from a stay of discovery if this case proceeds after the appeal outweighs the prejudice Defendants will suffer absent a stay if resolution of the appeal ends this case, the Court exercises its discretion and declines Defendants' request for a stay pending the interlocutory appeal.

## IV. CONCLUSION

Defendants' Motion to Certify the July 10 Order for Interlocutory Appeal and to Stay Discovery Pending Appeal [ECF No. 140] is **GRANTED IN PART** and **DENIED IN PART**.

The Court **CERTIFIES** the July 10 Order for interlocutory appeal but declines to stay discovery pending appeal.

**IT IS ORDERED**.

                                                       S/ Victoria A. Roberts
                                                       Victoria A. Roberts
                                                       United States District Judge

Dated: November 1, 2019